The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KAREN D. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-SD1, and NEW PENN FINANCIAL LLP, d/b/a SHELLPOINT MORTGAGE SERVICING, LLC, MTC FINANCIAL INC., DBA TRUSTEE CORPs, and MALCOLM & CISNEROS, A LAW CORPORATION,<br><br>    Defendants. | Case No.: 2:19-cv-00538-JCC<br><br>PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT MTC FINANCIAL, INC.<br><br>NOTED FOR HEARING<br><br>JULY 5, 2019 |

COMES NOW, Plaintiff Karen D. Smith ("Ms. Smith"), through counsel and moves pursuant to Federal Rules of Civil Procedure Rule ("FRCP" or "Rule") 12(f), to strike the Affirmative Defenses of the Defendant MTC Financial, Inc., d/b/a Trustee Corps. ("Trustee Corps" or "Defendant").

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE
DEFENSES FOR DEFENDANT TRUSTEE CORPS - 1

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

## I. INTRODUCTION

Plaintiff filed this amended Complaint seeking to quiet title under RCW 7.28.300 and for damages resulting from the unfair and deceptive business practices of Defendants in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Washington Consumer Protection Act, RCW 19.86, *et seq.* ("WCPA"). In Defendant Trustee Corp's Answer to Amended Complaint filed in this Court on June 5, 2019, they alleged ten (10) affirmative defenses. Because Defendant Trustee Corps has failed to provide a factual or legal basis for these defenses, all of them should be stricken under FRCP 12(f).

By bringing this motion, Plaintiffs are not pursuing form over function. Rather, Plaintiffs simply wish to be apprised of Defendants' defenses, and the Plaintiffs seek to limit the future expenditure of resources incurred through discovery.[1] Plaintiffs should not be required to conduct extensive discovery just to learn who, for example, the alleged third party is that is the actual alleged "cause" of Plaintiffs' damages.

Plaintiffs respectfully request this Court strike Defendant Trustee Corps affirmative defenses, with leave to amend if Defendant Trustee Corps can articulate the bases for their affirmative defenses. To the extent they have asserted facts or defenses which do not constitute "affirmative defenses," Plaintiff respectfully requests these be stricken without leave to amend.

## II. FACTS

Plaintiff Smith has alleged that Defendant Trustee Corps, as the agent for New Penn Financial LLP d/b/a Shellpoint Mortgage Servicing, LLC ("Shellpoint") and The Bank of New York Mellon f/k/a Bank of New York, as Trustee fort the Benefit of The Certificateholders of

---

[1] Plaintiff would prefer to minimize costs and fees by not having to conduct discovery on matters which should have been properly pled. Indeed, as stated below, the Ninth Circuit has acknowledged that the purpose of Rule 12(f) motions is to avoid spending time and money on these types of issues.

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE
DEFENSES FOR DEFENDANT TRUSTEE CORPS - 2

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT TRUSTEE CORPS - 2

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1 ("BONY") violated the WCPA when they initiated a time barred nonjudicial foreclosure on Plaintiff Smith's home in November 2016 with a foreclosure date set for March 24, 2017. Amended Complaint, Dkt No. 10 at ¶¶ 29-30. MTC as a non-judicial foreclosure trustee, is a fiduciary for both the mortgagee and mortgagor and must act impartially between them. *Cox v. Helenius*, 103 Wn.2d 383, 389, 693 P.2d 683, 686 (1985). Thus, Plaintiff's claims rest on the obligations MTC has to independently follow the Washington Deeds of Trust Act ("DTA"), RCW § 61.24 and refrain from initiating nonjudicial foreclosures that are beyond the statute of limitations under RCW § 4.16.040.

### III.   LAW AND ARGUMENT

**A.   Legal Standard: Fed. R. Civ. P. 12(f) Motions to Strike**

Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A defense is insufficient if the plaintiff is not given fair notice of the defense. *Simmons v Navajo County*, 609 F.3d 1101, 1023 (9th Cir. 2010) *overruled in part on other grounds by Castro v. County of Los Angeles,* 833 F.3d 1060 (9th Cir 2016) (*en banc*). Failure to state the nature and grounds of each affirmative defense does not place a plaintiff on fair notice of the facts underlying the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (articulating "fair notice" standard); *Manning v. Swedish Med. Ctr.*, 2015 WL 12696168 (W.D. Wash. Sept. 23, 2015).

**B.   Improper or Unsupported Affirmative Defenses Should Be Stricken**

Courts routinely grant Rule 12(f) motions to strike where a party asserts, as "affirmative defenses," statements which provide no factual basis, no legal basis, or do not otherwise constitute a proper affirmative defense. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (assertion that claims were "barred from recovery in

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE
DEFENSES FOR DEFENDANT TRUSTEE CORPS - 3

H<small>ENRY</small> & D<small>E</small>G<small>RAAFF</small>, P.S.
787 M<small>AYNARD</small> A<small>VE</small> S
S<small>EATTLE</small>, W<small>ASHINGTON</small>  98104
telephone (206) 330-0595
fax (206) 400-7609

whole or in part by the doctrines of waiver, estoppel, and unclean hands" were insufficient and properly stricken); *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010) (striking seventeen (17) affirmative defenses under Rule 12(f)).

Again, Rule 12(f) exists to streamline the case and avoid litigating "non-issues," which ultimately benefits all parties by minimizing additional time and money being spent on issues which may be dispensed with early in the case. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Here, many of Defendant Trustee Corps' "affirmative defenses" are not properly asserted or otherwise have no factual support and should be stricken or re-pleaded.

**C.    Motion to Strike**

Defendants now assert ten (10) affirmative defenses, many of which do not constitute an affirmative defense or are otherwise devoid of any meaningful factual assertions. Dkt #26. Plaintiff moves to strike these "affirmative defenses," with leave to amend where appropriate.

An affirmative defense, like any affirmative claim, has elements which must be proven by the party asserting the defense. An "affirmative defense" like "failure to state a claim" has no elements to be affirmatively proven, and thus conducting discovery on such a "defense" would be self-defeating and confusing. Therefore, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Several of Defendant Trustee Corps' purported affirmative defenses fail on this basis.

Other affirmative defenses of Defendant Trustee Corps fail to pass muster under Fed. R. Civ. P. 8(b), failing to give the requisite "fair notice" to Plaintiffs as to the nature of the supposed defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (discussing "fair notice" standard). This concept was well-articulated by Judge Ware of the Northern District of California:

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE
DEFENSES FOR DEFENDANT TRUSTEE CORPS - 4

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

> [Defendant] eHelp alleges, based on information and belief, that [plaintiff] must be 'barred from recovery in whole or in part' by the doctrines of waiver, estoppel, and unclean hands. eHelp does not specify what the defense is – whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, eHelp does not provide fair notice of its affirmative defenses…
>
> A reference to a doctrine, like a reference to statutory provisions, is insufficient notice… Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense… Because eHelp simply refers to the doctrines without setting forth the elements of its affirmative defenses, eHelp does not provide "fair notice" of its defenses… eHelp also fails to allege the factual basis for its affirmative defenses.

*Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049-50 (N.D.Cal. 2004) (citations omitted). A defendant alleging affirmative defenses need not plead with particularity by any means, but it is insufficient to simply refer to a legal doctrine and offer no other facts.[2]

At their core, affirmative defenses plead matters outside of a plaintiff's claims – defenses which seek to simply negate elements of a plaintiff's claim are not affirmative defenses.

1. **"Failure to state a cause of action."** (dkt #26 at page 7, line 17-19)

This defense under CR 12(b)(6) must be raised by motion prior to filing an Answer; axiomatically it cannot form the basis of an Answer. CR 12(b) ("A motion making any of these defenses shall be made before pleading.") As there was no such motion, this is not a proper "affirmative defense" and must be stricken.

---

[2] Although it does not appear that the Ninth Circuit has reached the issue, many district courts apply the heightened *Iqbal/Twombly* standards to any affirmative claim – including affirmative defenses. *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012) ("Most courts have held that the *Iqbal/Twombly* pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8."); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) (collecting cases).

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT TRUSTEE CORPS - 5

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

2. **"Collaeral Estoppel and/or Res Judicata"** (dkt #26 at page 7 line 19-21) and **"Equitable Doctrines of Waiver, Laches, Estoppel and/or Unclean Hands"** (dkt #20 at page 7, line 21-23)

The Plaintiff is unclear what these "defenses" means or how they relate to this case. The claims made against Trustee Corps in this matter is under the WCPA and without facts to support any legal basis, the defense fails to provide fair notice to the Plaintiff. *See Scott v. Fed. Bond & Collection Serv., Inc*. No. 10-cv-02825-LHK, 2011 WL 176846, at *5 (N.D. Cal. Jan 19, 2011) ("Defendant's general defense of 'good faith' and 'reasonable belief' that its actions were legal is not specific enough to identify a viable defense to Plaintiff's claims.")

3. **"Failure to Suffer Damages Proximately Caused"** (dkt #26 at page 7 line 23-25)

This statement is devoid of all context, factual allegations, or anything other than a boilerplate recitation of uncertainty and imprecision. Plaintiff alleges she is a certified residential real estate appraiser but has been unable to accept FHA or VA appraisal assignments for 12 years because of the continuous and unending foreclosure status imposed by defendants. *Id.* Such wage loss may be recovered under the CPA. *See Urner Johnson v. JP Morgan Chase*, 3:14-cv-05607-RJB, Dkt. No. 84, pg. 17 (W.D. Wash., Aug. 11, 2015). Since the Plaintiff has in fact alleged that she "would not have been injured in her business and property but for defendants' dilatory and manipulative conduct," Plaintiff sees no basis for Defendant Trustee Corps' allegation that she was not injured. Amended Complaint, Dkt. No.10, pg. 13, ¶¶80-85.

4. **"Plaintiff's Fault or Fault of Another"** (dkt #26 at page 7, line 25-27)

As stated above, the Defendant again "simply refers to the doctrines without setting forth the elements of its affirmative defenses." *Qarbon.com*, 15 F.Supp.2d at 1050. Defendants have not identified which actions they are alleging and to what extent they are addressing actions of a third party. They have not explained why they do not have a principal/agent

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT TRUSTEE CORPS - 6

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

1 relationship with Shellpoint and BONY either. This is more meaningless boilerplate that
2 should be stricken.

3     5.      **"Failure to Mitigate"** (dkt #26 at page 8, line 1-2)

4 Since the WCPA claim against Trustee Corps arises from taking actions after the
5 running of the statute of limitations, again there would be no basis for Plaintiff to mitigate the
6 actions. In any case, the Plaintiff is not on any fair notice as to what the nature of the defense is
7 or what facts Defendant Trustee Corps claim the Plaintiff should have mitigated. *Qarbon.com*
8 *Inc.*, 315 F.Supp.2d at 1049(finding that defendant did not provide "fair notice" of its defense
9 when it "[did] not specify what the defense is – whether it is asserting a single type of estoppel
10 or several types of estoppel.") The defense is wholly devoid of any factual basis.

11     6.      **"Breach of Duty"** (dkt #26 at page 8, line 3-5) and **"Violations of the DTA"**
12 (dkt #26 at page 8, line 6-8)

13 These "defenses" are devoid of all context, factual allegations leaving the Plaintiffs
14 with no understanding about how they relate to this case. To the extent Defendant Trustee
15 Corps seek to negate liability, then it is, by definition, not an affirmative defense. *See Schwarz*
16 *v. Meinberg*, 2016 WL 4011716, at *5 (C.D. Cal. July 15, 2016) ("This allegation seeks to
17 negate liability rather than plead a matter extraneous to Plaintiff's claims. Therefore, this is not
18 an affirmative defense."). Without facts to support any legal basis, the defense fails to provide
19 fair notice to the Plaintiff. *See Scott v. Fed. Bond & Collection Serv., Inc*. No. 10-cv-02825-
20 LHK, 2011 WL 176846, at *5(N.D. Cal. Jan 19, 2011) ("Defendant's general defense of 'good
21 faith' and 'reasonable belief' that its actions were legal is not specific enough to identify a
22 viable defense to Plaintiff's claims"). These affirmative defenses are not sufficiently
23 responsive to the relief sought to put the Plaintiff on fair notice.

24     7.      **"Waiver, DTA and other related Legal Principles"** (dkt #26 at page 8, line 8-
25 9)

26

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE
DEFENSES FOR DEFENDANT TRUSTEE CORPS - 7

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

As stated above, Defendant again "simply refers to the doctrines without setting forth the elements of its affirmative defenses." *Qarbon.com*, 15 F.Supp.2d at 1050. Defendants have not identified which actions they are alleging are waived, barred by the DTA or what "applicate legal principles" refers to. In any case, the Plaintiff is not on any fair notice as to what the nature of the defense is or what facts Defendant Trustee Corps claim the Plaintiff should have mitigated. *Qarbon.com Inc.*, 315 F.Supp.2d at 1049.

8. **"Statute of Limitations and/or statutes of repose"** (dkt #26 at page 8, line 10-11)

The Defendants have not identified or explained what facts support these defenses. Since this action against Trustee Corps took place in November 2016, a complaint filed in 2019 is within the statute of limitations under any the WCPA which has a four-year statute of limitation. RCW 19.86.120. Thus, Plaintiff Smith has no way of knowing what facts would support a defense for statute of limitations and/or statute of repose. The Plaintiff is not on any fair notice as to what the nature of the defense is or what facts Defendant Trustee Corps claim the Plaintiff should have mitigated. *Qarbon.com Inc.*, 315 F.Supp.2d at 1049.

## IV.   CONCLUSION

Based on the foregoing, Defendant Trustee Corps has failed to assert viable affirmative defenses and they should be stricken in their entirety without leave to amend.

Dated this 17th of June 2019.

  /s/ Christina L Henry  
Christina Henry, WSBA 31273  
Henry & DeGraaff, P.S.  
787 Maynard Ave S  
Seattle, Washington 98104  
Tel 206/330-0595  
Fax 206-400-7609  
e-mail: chenry@HDM-legal.com

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT TRUSTEE CORPS - 8

Henry & DeGraaff, P.S.  
787 Maynard Ave S  
Seattle, Washington 98104  
telephone (206) 330-0595  
fax (206) 400-7609

                      _/s/ Arthur E. Ortiz_
Arthur E. Ortiz, WSBA No. 26676
The Law Office of Arthur E. Ortiz
6015 California Ave. S.W., No. 203
Seattle, WA 98136
telephone: (206) 898-5704
e-mail: arthur@aeolegal.com

## V.     CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system. Pursuant to their ECF agreement, the Clerk will give notice of this filing to all counsel of record via email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed June 17, 2019 at Seattle, Washington.

                    _s/ Christina L Henry_
Christina L Henry

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT TRUSTEE CORPS - 9

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609