THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN D. SMITH, | CASE NO. C19-0538-JCC |
| Plaintiff, | ORDER |
| v. | |
| BANK OF NEW YORK MELLON, *et al*., | |
| Defendants. | |

This matter comes before the Court on Defendant Malcolm & Cisneros' ("M&C") motion to dismiss (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.   **BACKGROUND**

On February 9, 2007, Plaintiff Karen D. Smith obtained a loan from Mortgage Solutions Management, Inc. and secured the loan with a deed of trust on the residence. (Dkt. No. 10 at 4.) In July 2007, Plaintiff stopped making payments on the loan. (*Id*.) Shortly thereafter, Plaintiff filed for bankruptcy and her mortgage loan was eventually discharged. (*Id*. at 5.) Defendant Bank of New York Mellon retained an *in rem* interest in Plaintiff's property after the discharge and recorded a series of notices of trustee's sales from 2009 through 2016, though none of the sales occurred. (*Id*. at 5–6.) In November 2016, Plaintiff initiated mediation under Washington's

Foreclosure Fairness Act. (*Id*. at 6.) During mediation, Plaintiff was informed that her loan modification application was denied. (*Id*.) Plaintiff alleges that M&C, who represented the loan servicer Defendant Shellpoint, stopped participating in mediation. (*Id*. at 6–7.) On January 10, 2018, a foreclosure mediation certificate was issued stating that "[Defendant Shellpoint] failed to timely participate in mediation." (Dkt. 10-2 at 3.)

On April 11, 2018, M&C filed a judicial foreclosure complaint on behalf of Defendant Bank of New York Mellon in King County Superior Court against Plaintiff's property. (Dkt. No. 10 at 7.) After being removed to federal court, Judge Thomas S. Zilly dismissed the judicial foreclosure complaint with prejudice, finding that it was time-barred. (*Id*.); *see The Bank of New York Mellon v. Karen D. Smith*, Case No. C18-0764-TSZ, Dkt. No. 16 (W.D. Wash. 2018).

Plaintiff subsequently filed this lawsuit, alleging that M&C is a debt collector and violated the Washington Consumer Protection Act ("CPA"), Revised Code of Washington § 19.86.020, and the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, when it filed a lawsuit to collect on a time-barred mortgage debt. (Dkt. No. 10 at 9–11, 15–16.) M&C moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 21.)

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Legal Standard

A defendant may move to dismiss a complaint if a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss can be based on the lack of a cognizable legal theory or on a lack of sufficient facts alleged. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While detailed factual allegations are not

1  necessary, mere conclusory statements or "a formulaic recitation of the elements of a cause of
2  action" will not suffice. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

### B. Judicial Notice

When ruling on a motion to dismiss for failure to state a claim, the Court may consider the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, or matters that are subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). The Court may judicially notice adjudicative facts that are not in dispute. Fed. R. Evid. 201(a)–(b). Adjudicative facts are those that a jury would review. *See* Fed. R. Evid. 201(a) advisory committee's notes to 1972 proposed rules. M&C asks the Court to take judicial notice of three notices of discontinuance of trustee's sale recorded against Plaintiff's property and the judicial foreclosure complaint filed in the prior lawsuit between the parties. (Dkt. No. 21 at 3–4, 12.)

While the facts contained in the discontinuance notices are not disputed, the Court finds that judicial notice of these documents is unnecessary. M&C attaches these notices to support its argument that the judicial foreclosure complaint was not time-barred. (Dkt. No. 21 at 8.) However, Judge Zilly already ruled that the judicial foreclosure complaint was time-barred. *See The Bank of New York Mellon*, Case No. C18-0764-TSZ, Dkt. No. 16. The Court agrees with Plaintiff that M&C is collaterally estopped from re-litigating the statute of limitations issue in this case. All of the elements of collateral estoppel apply here: (1) the issue decided in the previous case is identical to the issue raised here; (2) Judge Zilly entered a final judgment on the merits; (3) M&C was in privity with the plaintiffs in the previous case; and (4) application of collateral estoppel does not work an injustice against M&C. *See Christensen v. Grant County Hosp. Dist. No. 1*, 96 P.3d 957, 961 (Wash. 2004).

The Court also finds it unnecessary to judicially notice M&C's previous judicial foreclosure complaint. M&C attaches the complaint in support of its argument that it is not a debt collector. (Dkt. No. 21 at 12.) M&C argues that the judicial foreclosure complaint only

sought to foreclose the deed of trust and did not seek a deficiency judgment against Plaintiff. (*Id*.) However, both the judicial foreclosure complaint and Plaintiff's amended complaint state that M&C sought attorney fees and other expenses from Plaintiff in the prior action. (Dkt. Nos. 21-4 at 6, 10 at 11.) In other words, the judicial foreclosure action could have resulted in a monetary judgment against Plaintiff. Thus, even if the Court were to take judicial notice of the judicial foreclosure complaint, Plaintiff is not precluded from stating a claim upon which relief can be granted under the FDCPA. Therefore, M&C's request for judicial notice is DENIED.

### C. Washington Consumer Protection Act

To prove a violation of the CPA, a plaintiff must demonstrate the following five elements: "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) a public interest impact; (4) [an] injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 719 P.2d 531, 532 (Wash. 1986). The failure to meet any of these elements is fatal to a CPA claim. *Id.* at 535. The first two elements may be established independently, or "by a showing that the alleged act constitutes a per se unfair trade practice." *Id*. "A per se unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Id.* M&C argues that Plaintiff has failed to plead sufficient facts to support each required element of her CPA claim. (Dkt. No. 21 at 10.)

#### a. *Per Se* Unfair or Deceptive Act in Trade or Commerce

Plaintiff has pled the first two elements of her CPA claim by asserting *per se* violations of two Washington statutes. The Washington legislature has declared that it is an unfair or deceptive act in trade or commerce for any person or entity to violate the duty of good faith under Revised Code of Washington § 61.24.163. Wash. Rev. Code § 61.24.135(2). Pursuant to that statute, a violation of the duty of good faith includes failing to "timely participate in mediation without good cause." Wash. Rev. Code § 61.24.163(10)(a). Plaintiff alleges that M&C failed to timely participate in mediation by failing to appear, becoming nonresponsive, and

making late payments. (Dkt. No. 10 at 6, 11.) Plaintiff attached to her complaint a certification signed by the mediator, which states that M&C represented the beneficiary in the mediation, and that the beneficiary "failed to timely participate." (Dkt. No. 10–2 at 2–3.) Therefore, the Court finds that Plaintiff has sufficiently alleged a *per se* unfair or deceptive act in trade or commerce under Revised Code of Washington § 61.24.135(2).

Additionally, the Washington legislature has declared that violations of the Washington Collection Agency Act ("WCAA"), Revised Code of Washington § 19.16.250, are *per se* violations of the CPA. Wash. Rev. Code § 19.16.440. Under the WCAA, "no licensee or employee of a licensee shall . . . bring an action or initiate an arbitration proceeding on a claim when the licensee knows, or reasonably should know, that such suit or arbitration is barred by the applicable statute of limitations." Wash. Rev. Code § 19.16.250(23). A "licensee" is defined as any person licensed under the WCAA. Wash. Rev. Code § 19.16.100.

The complaint alleges that M&C is a "collection agency" under the WCAA. (Dkt. No. 10 at 3.) Plaintiff alleges that M&C "regularly engages in soliciting claims for collection or collecting or attempting to collect claims owed or due or asserted to be owed or due another person as defined by RCW 19.16.100." (*Id*.) Plaintiff further alleges that M&C knew or should have known that the judicial foreclosure complaint was time-barred before M&C filed it. (*Id*. at 7.) Therefore, Plaintiff has sufficiently alleged a *per se* unfair act in trade or commerce under Revised Code of Washington §19.16.440.

    b. <u>Public Interest Impact</u>

A plaintiff can establish the public interest impact element by proving that the defendant's conduct: "(1) violates a statute that incorporates [Wash. Rev. Code § 19.86]; (2) violates a statute that contains a specific legislative declaration of public interest impact; or (3)(a) injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons." Wash. Rev. Code § 19.86.093.

Plaintiff alleges that M&C's conduct has the capacity to injure others. In a private

ORDER
C19-0538-JCC
PAGE – 5

transaction, it is "the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Hangman Ridge*, 719 P.2d at 538. The Court looks to several factors, including: (1) whether the alleged acts were committed in the course of the defendant's business; (2) whether the defendant advertised to the public in general; (3) whether the defendant actively solicited this particular plaintiff, indicating potential solicitation of others; and (4) whether the plaintiff and the defendant occupy unequal bargaining positions. *Id*. No factor is dispositive; they are merely indicia from which a trier of fact could reasonably find a public interest impact exists. *Id*. Whether the public interest impact element is met is a question of fact. *Id*.

Plaintiff alleges that she was "powerless to affect [sic] any progress toward mitigation or resolution while defendants simply refused to communicate in defiance of the foreclosure mediator, and refused to address the issues of foreclosure in good faith." (Dkt. No. 10 at 12.) In support of this claim, Plaintiff alleges that she defaulted on her mortgage loan and was facing foreclosure of her home. (Dkt. No. 10 at 4–6.) Plaintiff requested mediation, seeking a loan modification in an attempt to avoid foreclosure. (*Id*. at 6.) During mediation, M&C, who represented the loan servicer, informed Plaintiff that the loan modification was not approved, but that a renewed application would be reviewed. (*Id*.) Thereafter, M&C became nonresponsive and ceased to participate in mediation. (*Id*.) Accepting the facts alleged as true, it is reasonable to infer that M&C and Plaintiff occupied unequal bargaining positions during mediation.

Moreover, Plaintiff alleges that M&C is a law firm engaged in the business of collecting debts on behalf of others, and that M&C started soliciting payment from Plaintiff and collecting on her mortgage loan after it was in default. (*Id*. at 3.) Plaintiff further alleges that M&C is compensated for its debt collection services. (*Id*. at 4.) It is reasonable to infer from these facts that M&C committed the alleged acts in the course of its business. Therefore, the Court finds that Plaintiff has sufficiently pled the public interest element of her CPA claim.

//

### c. Injury to Plaintiff

To plead and prove a CPA claim, "the injury involved need not be great, but it must be established." *Hangman Ridge*, 719 P.2d at 539. Quantifiable monetary loss is not required, but personal injuries such as mental distress, embarrassment, and inconvenience, as well as their financial consequences, do not satisfy the injury requirement. *Frias v. Asset Foreclosure Services, Inc.*, 334 P.3d 529, 538 (Wash. 2009). "The injury element will be met if the consumer's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *Mason v. Mortgage America, Inc.*, 792 P.2d 142, 148 (Wash. 1990).

Plaintiff alleges that M&C's failure to participate in mediation in good faith caused her to suffer an "income reduction" because the "prolonged status in foreclosure disqualified her from eligibility to receive appraisal assignments as an appraiser on the FHA Appraisal Roster." (Dkt. No. 10 at 12–13.) Additionally, Plaintiff alleges that M&C's failure to mediate in good faith injured Plaintiff by leaving her "credit profile in flux," causing her to incur "arrears, additional costs and expenses," and by "artificially inflat[ing] the cost of [her] mortgage loan with the accumulation of over a decade in arrears." (*Id*. at 12.) Accepting these facts as true, the Court can reasonably infer that M&C's failure to mediate in good faith caused an injury to Plaintiff's property interest or money. Therefore, Plaintiff has sufficiently pled the injury element of her CPA claim.

### d. Causation

"To establish the causation element in a CPA claim, a plaintiff must show that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Carlile v. Harbour Homes, Inc.*, 194 P.3d 280, 290 (Wash. Ct. App. 2008). Plaintiff alleges that the injuries she suffered would not have occurred but for the "needlessly prolonged foreclosure status" caused by M&C's failure to timely participate in mediation. (Dkt. No. 10 at 13.) Plaintiff has pled sufficient facts to allow the Court to reasonably infer that M&C caused the alleged

injury by failing to timely participate in mediation. Thus, Plaintiff has sufficiently pled the causation element of her CPA claim.

In sum, Plaintiff has stated a plausible CPA claim and M&C's motion to dismiss the claim is DENIED.

### D. Fair Debt Collection Practices Act

The FDCPA "prohibits collection agencies from misrepresenting the legal status of a debt, falsely threatening legal action, and making other false representations to debtors." *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009). To establish a violation of the FDCPA, a plaintiff must demonstrate the following elements: (1) the plaintiff is a consumer; (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector; and (4) the defendant violated one of the provisions of the FDCPA. *Heejon Chung v. U.S. Bank, N.A.*, 250 F.Supp.3d 658, 680 (D. Haw. 2017). The plaintiff "need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the hypothetical 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1117–18 (9th Cir. 2014). M&C argues that Plaintiff's FDCPA claim should be dismissed because M&C is not a debt collector under the FDCPA and M&C did not violate any of the FDCPA's provisions. (Dkt. No. 21 at 10–12.)[1]

    a. <u>Debt Collector</u>

Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" refers to "someone hired by a creditor to collect an outstanding debt," and not to "a debt owner seeking to collect debts for itself." *Hensen v. Santander Consumer USA*

---

[1] M&C does not challenge any other elements of Plaintiff's FDCPA claim, which the Court assumes are sufficiently pled.

*Inc.*, 137 S.Ct. 1718, 1721 (2017). In determining whether a defendant is a debt collector, "all that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Id.* Furthermore, a loan servicer will become a debt collector under the FDCPA if the debt was in default when it was acquired. *Walker v. Quality Loan Service Corp*., 308 P.3d 716, 725 (Wash. Ct. App. 2013).

Plaintiff alleges that M&C is a debt collector under the FDCPA because M&C "regularly uses the mails and/or telephone in their business, the principle purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts." (Dkt. No. 10 at 15–16.) Plaintiff further alleges that M&C "collects the Plaintiff's loan on behalf of [Defendant Bank of New York] who was assigned this debt after it went delinquent." (*Id*. at 15.) Additionally, Plaintiff alleges that M&C provides debt collection services but has no direct stake in the ownership or a security interest in the debt collected. (*Id*. at 4.)

M&C argues that it is not a debt collector under the FDCPA because it is engaged only in security-interest enforcement. (Dkt. No. 21 at 11–12.) However, the cases that M&C cites to support this argument are unpersuasive because they deal with nonjudicial security-interest enforcement actions and distinguish such actions from judicial foreclosure. *See Obduskey v. McCarthy & Holthus, LLP*, 139 S.Ct. 1029, 1039 (2019) (declining to consider whether those who *judicially* enforce mortgages are debt collectors under the FDCPA) (emphasis added); *McNair v. Maxwell & Morgan PC*, 893 F.3d 680, 682 (9th Cir. 2018) (holding that law firm defendant who attempted to collect homeowner association fees through *judicial* foreclosure acted as "debt collector" under FDCPA) (emphasis added). Here, Plaintiff alleges that M&C used unfair practices to collect debt by filing a time-barred *judicial* foreclosure complaint. Thus, the Court finds that Plaintiff has sufficiently pled that M&C was acting as a debt collector under the FDCPA.

  b. <u>Violation of a Provision of the FDCPA</u>

Plaintiff alleges that M&C's filing of a time-barred action violated 15 U.S.C. §§ 1692e,

1692f, and other provisions of the FDCPA. (Dkt. No. 10 at 16.) As previously mentioned, Judge Zilly dismissed M&C's action against Plaintiff because it was time-barred. (*Id*. at 7.) Under the circumstances, the Court finds that filing a time-barred complaint could be both a misleading representation and an unfair and unconscionable means of collecting a debt under 15 U.S.C. §§ 1692e and 1692f. Indeed, several courts have found that litigation or the threat of litigation in an attempt to collect on time-barred debt is a violation of the FDCPA. *See, e.g., Kimber v. Fed. Fin. Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987) (holding that a debt collector filing a lawsuit on a time-barred debt is an unfair and unconscionable means of collecting debt in violation of section 1692(f) of the FDCPA); *Goins v. JBC & Assoc., P.C.*, 352 F.Supp.2d 262, 272 (D. Conn. 2005) (holding that using threat of suit to collect on time-barred debt was a misleading representation in violation of § 1692(e) of the FDCPA). Therefore, the Court finds that Plaintiff has sufficiently pled a violation of the FDCPA.

### III. CONCLUSION

For the foregoing reasons, Defendant M&C's motion to dismiss (Dkt. No. 21) is DENIED.

DATED this 9th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE