THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN D. SMITH, | CASE NO. C19-0538-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE BANK OF NEW YORK MELLON, *et al*., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motions to strike affirmative defenses (Dkt. Nos. 29, 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

## I.  BACKGROUND

Plaintiff alleges that Defendants violated the Washington Consumer Protection Act (CPA), Wash. Rev. Code § 19.86.020, and the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, by attempting to collect on a time-barred mortgage debt. (Dkt. No. 10 at 9–19.) On May 26, 2019, Defendants Bank of New York Mellon ("BONY") and Shellpoint filed an answer to Plaintiff's complaint, asserting sixteen affirmative defenses. (Dkt. No. 19.) On June 5, 2019, Defendant MTC Financial, Inc. ("Defendant MTC") filed an answer to Plaintiff's

1 complaint in which it asserted ten affirmative defenses. (Dkt. No. 26.) Plaintiff moves to strike all of the affirmative defenses asserted by Defendants MTC, BONY, and Shellpoint, on the grounds that each defense either lacks sufficient supporting facts to give Plaintiff fair notice or is not actually an "affirmative" defense. (*See* Dkt. Nos. 29, 30.)

**II.     DISCUSSION**

    **A.     Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. R. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). To determine whether a defense is "insufficient" under Rule 12(f), the Court asks whether it gives the plaintiff fair notice of the defense. *Simmons v. Navajo Cty*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Under Federal Rule of Procedure 8, a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b); *see also Rosen v. Marketing Grp, LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016) ("Affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based, but need not include facts sufficient to demonstrate plausible entitlement to relief.").

        1. <u>Failure to State a Cause of Action – Defendants MTC, BONY, and Shellpoint</u>

Defendants assert the defense of failure to state a claim upon which relief can be granted. (Dkt. Nos. 19 at 15, 26 at 7.) By definition, "[a] defense which demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). The assertion of failure to state a claim upon which relief can be granted is not an *affirmative* defense; rather, it challenges the legal or factual sufficiency of a plaintiff's claims, and necessarily means that the plaintiff cannot meet his or her burden of proof.

Therefore, the Court STRIKES Defendants' first affirmative defense without leave to amend.[1]

2. Collateral Estoppel and/or Res Judicata – Defendant MTC

Defendant MTC asserts that "Plaintiff's claims against Trustee Corps may be barred in whole or in part based on the doctrines of collateral estoppel and/or res judicata." (Dkt. No. 26 at 7.) Plaintiff argues that this statement, void of any facts to support it, is insufficient to give Plaintiff fair notice of the defense made against her. (Dkt. No. 29 at 6.) The Court agrees with Plaintiff. Simply asserting the defense as a conclusory statement, with no indication as to which claims Defendant believes are collaterally estopped or why they are collaterally estopped, does not give Plaintiff fair notice. *See Rosen*, 222 F. Supp. 3d at 797. The Court STRIKES Defendant's second affirmative defense with leave to amend.

3. Equitable Defenses – Defendants MTC, BONY, and Shellpoint

Defendants assert that Plaintiff's claims may be barred in whole or in part under the doctrines of waiver, laches, estoppel, and/or unclean hands. (Dkt. Nos. 19 at 15, 26 at 7.) This affirmative defense is insufficiently asserted by each Defendant. Defendants' answers contain no facts that explain how Plaintiff waived her claims or how she is estopped from bringing her claims. On this basis, the Court STRIKES Defendants' third affirmative defense with leave to amend.

4. Failure to Suffer Damages Proximately Caused – Defendant MTC

Defendant MTC asserts: "Plaintiff's claims against Trustee Corps may be barred in whole or in part because Plaintiff has failed to suffer any damages proximately caused by Trustee Corps." (Dkt. No. 26 at 7.) Essentially, Defendant is asserting that Plaintiff failed to meet one element of her burden of proof; however, as previously discussed, a challenge to the sufficiency of a plaintiff's claims is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. The Court

---

[1] This ruling does not preclude Defendants from challenging the legal sufficiency of Plaintiff's claims in a dispositive motion, such as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or a motion for summary judgment.

STRIKES Defendant's fourth affirmative defense without leave to amend.

    5. <u>Plaintiff's Fault or Fault of Another – Defendants MTC, BONY, and Shellpoint</u>

Defendants assert that Plaintiff's alleged damages, if any, are the result of her own fault or the fault of another, for which Defendants have no liability. (Dkt. Nos. 19 at 17, 26 at 7.) Plaintiff argues that this affirmative defense should be stricken as to all Defendants because it is void of any factual allegations to support it. (*See* Dkt. No. 29 at 6–7, 30 at 8.) The Court agrees with Plaintiff. Defendants' recitation of the affirmative defense, without any specificity or facts to support it, does not give fair notice to Plaintiff regarding how she or someone other than Defendants is at fault for her alleged damages. The Court STRIKES Defendant MTC's fifth affirmative defense with leave to amend. The Court STRIKES Defendants BONY and Shellpoint's twelfth and thirteenth affirmative defenses with leave to amend.

    6. <u>Failure to Mitigate – Defendants MTC, BONY, and Shellpoint</u>

Defendants assert that Plaintiff's claims may be barred in whole or in part because she failed to mitigate her alleged damages. (Dkt. Nos. 19 at 16, 26 at 8.) Plaintiff argues that this defense should be stricken because it is "wholly devoid of any factual basis." (Dkt. Nos. 29 at 7, 30 at 7.) The Court agrees with Plaintiff. The vague assertion fails to give Plaintiff fair notice as to which damages she allegedly failed to mitigate. Therefore, the Court STRIKES Defendant MTC's sixth affirmative defense with leave to amend, and STRIKES Defendants BONY and Shellpoint's fourth affirmative defense with leave to amend.

    7. <u>Breach of Duty – Defendant MTC</u>

Defendant MTC asserts that "Plaintiff does not have a cognizable claim for damages against Trustee Corps because Trustee Corps has not breached any duty with regard to its role as trustee on the deed of trust for the real property at issue." (Dkt. No. 26 at 8.) Defendant is again asserting that Plaintiff failed to meet one element of her burden of proof; as previously discussed, a challenge to the sufficiency of a plaintiff's claims is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. The Court STRIKES Defendant's seventh affirmative defense without leave to

amend.

8. <u>Violations of Deed of Trust Act – Defendant MTC</u>

Defendant MTC asserts that "Plaintiff's claim is barred in whole or in part because Trustee Corp has not violated any aspect of Washington's Deed of Trust Act." (Dkt. No. 26 at 8.) For the reasons stated above, this is not an affirmative defense. Instead, it asserts that Plaintiff cannot meet an element of her claim. The Court STRIKES Defendant's eighth affirmative defense without leave to amend.

9. <u>Deed of Trust Act, Waiver, and Applicable Legal Principles – Defendant MTC</u>

Defendant MTC asserts that "Plaintiff's claims may be barred in whole or in part based on Washington's Deed of Trust Act, the doctrine of waiver, or applica[ble] related legal principles." (*Id.*) This assertion is extremely vague and does not give Plaintiff fair notice of the defense made against her. Based on this statement, Plaintiff could not possibly know which "legal principles" Defendant refers to or how they may pertain to any of her claims. Moreover, the defense is duplicative of Defendant's other affirmative defense regarding the Deed of Trust Act. On this basis, the Court STRIKES Defendant MTC's ninth affirmative defense with leave to amend.

10. <u>Statute of Limitations – Defendant MTC</u>

Defendant MTC asserts that "Plaintiff's claim is barred in whole or in part by an applicable statute of limitations and/or statutes of repose." (*Id.*) This boilerplate assertion does not give Plaintiff fair notice because it does not state the applicable statute of limitations or which of Plaintiff's claims are barred. The Court STRIKES Defendant MTC's tenth affirmative defense with leave to amend.

11. <u>Good Faith/Reasonable Commercial Standards – Defendants BONY and Shellpoint</u>

Defendants BONY and Shellpoint assert that "Plaintiff's claims may be barred because Defendants at all times complied in good faith with all applicable statutes and regulations, including Washington's Consumer Protection Act, the FDCPA, and other relevant laws, thus

precluding any recovery by Plaintiff against Defendants." (Dkt. No. 19 at 15.) Defendants' assertion that they complied with the law is not an affirmative defense. Instead, it challenges the factual sufficiency of Plaintiff's claims by alleging that Plaintiff cannot prove a violation of the law. *See Zivkovic*, 302 F.3d at 1088. Therefore, Court STRIKES Defendants BONY and Shellpoint's second affirmative defense without leave to amend.

        12. <u>Ratification and Consent – Defendants BONY and Shellpoint</u>

Defendants BONY and Shellpoint assert in their fifth affirmative defense that Plaintiff "has consented to, ratified, or acquiesced in all of the alleged acts or omissions of which she complains." (Dkt. No. 19 at 16.) Defendants' sixth affirmative defense is essentially duplicative of the fifth, alleging that "by conduct, acts and/or omissions, Plaintiff consented to and acquiesced in Defendants' alleged conduct." (*Id.*) This boilerplate language does not give Plaintiff fair notice because it lacks any factual support as to which acts Plaintiff consented to, which acts she ratified, and which acts she acquiesced in. The Court STRIKES Defendants BONY and Shellpoint's fifth and sixth affirmative defenses with leave to amend.

        13. <u>No Attorney's Fees – Defendants BONY and Shellpoint</u>

Defendants BONY and Shellpoint assert that Plaintiff's complaint does not allege sufficient facts to support a claim or award of attorney fees. (Dkt. No. 19 at 16.) The award of attorney fees is not an affirmative defense because it does not preclude the liability of a defendant. *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). Instead, attorney fees are collateral to the merits of an action and are awarded after judgment. *Id.* Accordingly, the Court STRIKES Defendants BONY and Shellpoint's seventh affirmative defense without leave to amend.

        14. <u>Independent/Intervening Conduct – Defendants BONY and Shellpoint</u>

Defendants BONY and Shellpoint assert that Plaintiff is barred from recovery because "any damages sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and

not any act or omissions on the part of Defendants." (Dkt. No. 19 at 16.) Defendants' assertion fails to give Plaintiff fair notice because it does not inform Plaintiff who the third party is, or what the intervening or negligent acts were, that allegedly caused harm to Plaintiff. On this basis, the Court STRIKES Defendants BONY and Shellpoint's eighth affirmative defense with leave to amend.

15. Setoff – Defendants BONY and Shellpoint

Defendants BONY and Shellpoint assert that Plaintiff's claims are "subject to setoff and/or recoupment for all amounts due and owing to defendants." (*Id.*) This assertion, with no factual support alleging which claims are subject to setoff or recoupment, is insufficient to give Plaintiff fair notice of the defense made against her. The Court STRIKES Defendants BONY and Shellpoint's ninth affirmative defense with leave to amend.

16. Tolling – Defendants BONY and Shellpoint

Defendants BONY and Shellpoint assert that "any claims alleged by Plaintiff to be time-barred are subject to equitable tolling." (Dkt. No. 19 at 17.) This assertion challenges the legal sufficiency of Plaintiff's claim and is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. Plaintiff's *prima facie* case is based on the allegation that the debt at issue was indeed time-barred. Therefore, Defendants' assertion necessarily requires that Plaintiff cannot meet the burden of proof as to her claims. The Court STRIKES Defendants BONY and Shellpoint's tenth affirmative defense without leave to amend.

17. Several Liability – Defendants BONY and Shellpoint

Defendants BONY and Shellpoint assert that "should Plaintiff prevail against Defendants, Defendants' liability is several and limited to their own actionable segment of fault, if any." (Dkt. No. 19 at 17.) Apportionment of liability is not a defense to liability itself. *See United States v. Stringfellow*, 661 F. Supp. 1053, 1060 (C.D. Cal. 1987). "The Court has discretion to use equitable factors in apportioning damages . . . [h]owever, the Court's discretion in apportioning damages among the defendants during the contribution phase does not effect the

defendants' liability." *Id.* Therefore, Defendants have not asserted an affirmative defense to their liability against Plaintiff's claims. The Court STRIKES Defendants' eleventh affirmative defense without leave to amend. However, this does not preclude Defendants from arguing that damages should be apportioned according to Defendants' respective contribution of fault if joint and several liability is imposed.

18. Authorized by Statute – Defendants BONY and Shellpoint

Defendants BONY and Shellpoint assert that "Plaintiff's claims may be barred because the acts or omissions alleged in the Complaint have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations." (Dkt. No. 19 at 17.) The assertion is void of any factual support and does not give Plaintiff fair notice regarding which acts have been approved by which statutes. The Court STRIKES Defendants BONY and Shellpoint's fourteenth affirmative defense with leave to amend.

19. Not a Debt Collector – Defendants BONY and Shellpoint

Defendants BONY and Shellpoint assert that "Plaintiff's claims are barred because [D]efendants are not debt collectors as defined by the FDCPA." (Dkt. No. 19 at 18.) Again, Defendants are asserting that Plaintiff cannot meet one element of her FDCPA claim—that Defendants are debt collectors. *See Heejon Chung v. U.S. Bank*, N.A., 250 F. Supp. 3d 658, 680 (D. Haw. 2017). A challenge to the sufficiency of a plaintiff's claims is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. The Court STRIKES Defendants BONY and Shellpoint's fifteenth affirmative defense without leave to amend.

20. Reservation of Rights – Defendants BONY and Shellpoint

At the end of their affirmative defenses, Defendants BONY and Shellpoint state: "Defendants expressly reserve the right to assert such other and further affirmative defenses as may be appropriate." (Dkt. No. 19 at 18.) Federal Rule of Civil Procedure 15 lays out the requirements for amending a pleading, to include filing additional affirmative defenses. Rule 15 does not require a party to reserve the right to assert additional defenses. *See Johnson v.*

*Providence Health & Servs, Inc.*, Case No. C17-1779-JCC, Dkt. No. 39 at 5 (W.D. Wash. 2018). Defendants' reservation of rights language is therefore unnecessary and immaterial to its affirmative defenses. On this basis, the Court STRIKES Defendants BONY and Shellpoint's sixteenth affirmative defense without leave to amend.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendant MTC's affirmative defenses (Dkt. No. 29) is GRANTED. In accordance with this order, the Court STRIKES Defendant MTC's affirmative defenses 1, 4, 7 and 8 *without leave* to amend. The Court STRIKES Defendant's affirmative defenses 2, 3, 5, 6, 9, and 10 *with leave* to amend. If MTC chooses to file an amended answer, it must do so within 14 days from the issuance of this order.

Plaintiff's motion to strike Defendants BONY and Shellpoint's affirmative defenses (Dkt. No. 30) is GRANTED. In accordance with this order, the Court STRIKES Defendants BONY and Shellpoint's affirmative defenses 1, 2, 7, 10, 11, 15, and 16 *without leave* to amend. The Court STRIKES Defendants' affirmative defenses 3–6, 8, 9, 12–14 *with leave* to amend. If BONY and Shellpoint choose to file an amended answer, they must do so within 14 days from the issuance of this order.

DATED this 30th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0538-JCC
PAGE - 9