The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KAREN D. SMITH,

Plaintiff,

vs.

THE BANK OF NEW YORK MELLON f/k/a BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2007-SD1, and NEWREZ LLC, f/k/a NEW PENN FINANCIAL LLC, d/b/a SHELLPOINT MORTGAGE SERVICING, LLC, MTC FINANCIAL INC., d/b/a TRUSTEE CORPS, and MALCOLM & CISNEROS, A LAW CORPORATIION,

Defendants.

No.: 2:19-cv-00538-JCC

DEFENDANT MTC FINANCIAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant MTC Financial, Inc., d/b/a Trustee Corps ("Trustee Corps"), by and through its attorney of record, Michael S. DeLeo of Peterson Russell Kelly PLLC, and submits its Answer to Plaintiff's Second Amended Complaint ("Complaint").

I. PARTIES, JURISDICTION AND VENUE

1. Answering paragraph 1 of the Complaint, Trustee Corps is without knowledge or

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 1

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

information sufficient to form a belief as to Plaintiff's residence, and accordingly denies the allegation. As for the remaining allegation, based on the information available to Trustee Corps, it admits Plaintiff's ownership interest in the "Property" as described.

2. Answering paragraph 2 of the Compliant, Trustee Corps admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

3. Answering paragraph 3 of the Complaint, Trustee Corps admits that Plaintiff is a "debtor" as defined by RCW § 19.16.100(7).

4. Answering paragraph 4 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to Bank New York Mellon's principal place of business, and accordingly denies the allegation.

5. Answering paragraph 5 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to NewRez LLC, f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, LLC's ("Shellpoint's") principal place of business, or whether Shellpoint is the current servicer, and accordingly denies the allegations.

6. Paragraphs 6, 7, 8, 9, and 10 of the Complaint are not directed to Trustee Corps, and are legal conclusions, and therefore no response should be required from Trustee Corps. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

7. Answering paragraph 11 of the Complaint, Trustee Corps denies the allegations and states that it is a Washington corporation located in Seattle, King County, Washington.

8. Answering paragraph 12 of the Complaint, Trustee Corps admits that Malcolm & Cisneros is a law firm doing business in multiple locations, but Trustee Corps is without knowledge or information regarding the remaining allegations, and accordingly denies them.

9. Paragraphs 13 through 26 of the Complaint are not directed to Trustee Corps, and are primarily legal conclusions, and therefore no response should be required from Trustee

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 2

**PETERSON RUSSELL KELLY PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

Corps. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

10. Paragraphs 27 and 28 of the Complaint consist of legal arguments and conclusions to which no response should be required. To the extent a response is required, Trustee Corps asserts that it is incorporated in Washington, and is therefore a citizen of the state of Washington under 28 U.S.C. 1332(c)(1). If Plaintiff is also a citizen of the State of Washington, the Court does not have diversity jurisdiction in this matter. Trustee Corps is without sufficient information regarding the remaining allegations and therefore, to the extent a response is required, it denies the allegations.

## II. FACTS

11. Answering paragraph 29 of the Complaint, and based on the information available to it, Trustee Corps admits the secured loan described by the Plaintiff pertaining to the Property.

12. Answering paragraph 30 of the Complaint, Trustee Corps admits that the Plaintiff defaulted on the loan by failing to make payments and that such default is believed to date back to July 1, 2017 as alleged. Trustee Corp lacks information regarding any payments, reaffirmations, or actually loan modifications after that date but understands that the Plaintiff was engaging with the lender after her payment default.

13. Trustee Corps admits paragraph 31 of the Complaint.

14. Answering paragraph 32 of the Complaint, Trustee Corps admits that BONY was assigned the deed of trust securing the loan pursuant to an assignment recorded June 21, 2010. Trustee Corps is unable to determine the accuracy of the other allegations in this paragraph, and accordingly denies the allegation.

15. Answering paragraphs 33 through 37, Trustee Corps is unable to determine the accuracy of the allegations based on the information in its possession at this time, and accordingly denies the allegations.

16. Answering paragraph 38 of the Complaint, Trustee Corps states that it includes

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 3

**PETERSON RUSSELL KELLY PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE (425) 462-4700 FAX (425) 451-0714

legal conclusions to which no response should be required. To the extent a response is required, Trustee Corps is unable to determine the accuracy of the allegation based on the information in its possession at this time, and accordingly denies the allegations.

17. Answering paragraph 39 of the Complaint, Trustee Corps admits that the Plaintiff defaulted on the loan and that some defaults date back to 2007, but the legal implications and other factors are not known and therefore all other allegations are denied.

18. Answering paragraph 40 of the Complaint, Trustee Corps is unable to determine the accuracy of the allegation based on the information in its possession at this time, and accordingly denies the allegation.

19. Answering paragraphs 41 and 42 of the Complaint, Trustee Corps states that they include legal conclusions to which no response should be required. To the extent a response is required or there are factual allegations, Trustee Corps is unable to determine the accuracy of the allegations based on the information in its possession at this time, and accordingly denies the allegations.

20. Answering paragraph 43 of the Complaint, Trustee Corps admits that it was requested to issue the NTS, and did issue the NTS after complying with its duties under the Deed of Trust Act. The NTS speaks for itself. Trustee Corps denies any allegation inconsistent with the NTS.

21. Answering paragraph 44 of the Complaint, Trustee Corps admits that the beneficiary under the Deed of Trust had the right to prevent Trustee Corps from issuing an NTS. Trustee Corps denies that the beneficiary could require Trustee Corps to issue an NTS. As a matter of law, a foreclosure trustee is not the agent of the beneficiary, and Trustee Corps did not act as BONY's agent. *See Renata v. Flagstar Bank, F.S.B.*, 189 Wn. App. 1004, 2015 WL 4528044 at *6.

22. Answering paragraph 45 of the Complaint, Trustee Corps admits that it had a duty of good faith to the borrower, beneficiary, and grantor as per RCW 61.24.010(4).

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 4

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

23. Answering paragraph 46 of the Complaint, Trustee Corps admits that the NTS was recorded in the King County recorder's office on November 17, 2016 under recording number 20161117000897. Plaintiff's allegation regarding the statute of limitations on enforcing the Deed of Trust expiring on July 15, 2016 appears to be based on the ruling Plaintiff references in paragraph 66 of her Second Amended Complaint, a ruling that was not known at the time of the NTS and which Trustee Corps understands is on appeal. For this and other reasons, Trustee Corps denies the allegation in manner alleged by Plaintiff.

24. Answering paragraphs 47 through 54 of the Complaint, Trustee Corps states that they include legal conclusions to which no response should be required. To the extent a response is required or there are factual allegations, Trustee Corps is unable to determine the accuracy of the allegations based on the information in its possession at this time, and accordingly denies the allegations.

25. Answering paragraph 55 of the Complaint, Trustee Corps admits that the Plaintiff defaulted on the loan and that some defaults date back to 2007, but the legal implications and other factors are not known and therefor all other allegations are denied.

26. Answering paragraph 56 of the Complaint, Trustee Corps states that it asserts a legal conclusion, vague as to time, and to which no response is required. To the extent a response is required, Trustee Corps denies the allegation.

27. Answering paragraph 57 of the Complaint, Trustee Corps states that it asserts legal conclusions, to which no response is required. To the extent a response is required, Trustee Corps denies the allegations.

28. Answering paragraph 58 of the Complaint, Trustee Corps admits the FFA Mediation referral, and that the attached Exhibit A speaks for itself. Trustee Corps denies allegations to the extent not supported by referenced documents.

29. Answering paragraphs 59 through 62 of the Complaint, Trustee Corps admits the fact than an FFA Mediation was held, but it does not possess sufficient information to admit or

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 5

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

deny the remaining allegations and therefore, except as stated otherwise they are denied. Trustee Corps admits that Plaintiff attached Exhibit B and that it speaks for itself.

30. The allegations set forth in paragraphs 63 through 80 of the Complaint are not directed to Trustee Corps and, therefore, no response should be required from Trustee Corps. To the extent a response is required, except as otherwise noted, Trustee Corps is without sufficient information and therefore denies the allegations. Notwithstanding the foregoing, Trustee Corps admits that the Judicial Foreclosure Complaint was filed, that Plaintiff asserted the judicial foreclosure was time barred, that Judge Zilly dismissed the Judicial Foreclosure Complaint, and that Judge Zilly's decision is on appeal.

### III. CAUSES OF ACTION

**A. COUNT ONE: WASHINGTON CONSUMER PROTECTION ACT UNDER RCW 19.86 (CPA)—AS MALCOLM & CISNEROS' UNLICENSED DEBT COLLECTION UNDER RCW 19.16 *et seq.* (WCAA)**

31. Answering paragraph 81 of the Complaint, Trustee Corps re-alleges its answers as given above.

32. Paragraph 82 of the Complaint sets forth legal conclusions to which no response should be required. To the extent a response is required and there are allegations directed at Trustee Corps, the allegations are denied.

33. Answering paragraphs 83 through 102, these paragraphs contain allegations directed toward Malcolm & Cisneros. Allegations directed to other parties do not require a response from Trustee Corps, but in an abundance of caution Trustee Corps states that it lacks sufficient information regarding those allegations, and they are accordingly denied.

**B. COUNT TWO: WASHINGTON CONSUMER PROTECTION ACT UNDER RCW 19.86 (CPA)—ALL DEFENDANTS**

34. Answering paragraph 103 of the Complaint, Trustee Corps re-alleges its answers as given above.

35. Answering paragraph 104 of the Complaint, MTC denies the allegation in so far

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 6

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

as it concerns Trustee Corps. Allegations directed to other defendants are denied based on lack of information.

36. Answering paragraph 105 of the Complaint, it states a legal conclusion to which no response should be required. RCW 61.24.135(2) speaks for itself, and does not state precisely what Plaintiff alleges.

37. Answering paragraph 106 of the Complaint, it states legal conclusions to which no response should be required. Trustee Corps denies that it has done anything unfair or deceptive with regard to Plaintiff, or caused any injury to Plaintiff, and therefore denies that Plaintiff has a valid cause of action against Trustee Corps under RCW 19.86.090.

38. Answering paragraph 107(a) of the Complaint, Trustee Corps does not fully understand the allegation and therefore denies the allegation due to lack of sufficient information.

39. Answering paragraph 107(b) of the Complaint, Trustee Corps states that the allegations in this paragraph are directed to defendants other than Trustee Corps and, therefore, no response should be required from it. To the extent an answer is required, Trustee Corps denies the allegations based on lack of information.

40. Answering paragraph 107(c) of the Complaint, Trustee Corps admits that it issued an NTS for the Property in or about November 2016. Whether this constituted the initiation of the non-judicial foreclosure is a mixed question of law to which no answer should be required. *See, e.g.*, *Cedar W. Owners Ass'n v. Nationstar Mortgage, LLC*, 434 P.3d 554, 562 (Wash. Ct. App. 2019), review denied, 193 Wn.2d 1016, 441 P.3d 1200 (2019). To the extent an answer is required, Trustee Corps denies that the issuance of the NTS marked the initiation of the non-judicial foreclosure process in the circumstances of this case.

41. Answering paragraph 107(d) of the Complaint, Trustee Corps states that the allegation that "MTC . . . knew that Ms. Smith was referred to . . . mediation" contains no reference to any particular time for Trustee Corp's acquisition of knowledge, and is accordingly

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 7

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

too vague and no answer should therefore be required. To the extent an answer is required Trustee Corps admits that it became aware of the referral to mediation.

42. Answering paragraphs 107(e) through 107(g) of the Complaint, Trustee Corps states that the allegations in these paragraphs are directed to defendants other than Trustee Corps and, therefore, no response should be required from it. To the extent a response is required from Trustee Corps, and to the extent allegations are directed to it—if any—those allegations are denied, except for the reference to Exhibit B, Foreclosure Mediation Certification, which Trustee Corps admits it became aware of and which speaks for itself. Allegations directed to other defendants are denied based on lack of information.

43. Answering paragraph 108 of the Complaint, including subparagraphs 108(a) and 108 (b), Trustee Corps states that the allegations in this paragraph are directed to defendants other than Trustee Corps and, therefore, no response should be required from it. To the extent an answer is required, Trustee Corps denies the allegations based on lack of information.

44. Answering paragraph 109 of the Complaint, Trustee Corps states that the allegations in this paragraph are directed to defendants other than Trustee Corps and, therefore, no response should be required from it. To the extent an answer is required, Trustee Corps denies the allegations based on lack of information.

45. Answering paragraph 110 of the Complaint, Trustee Corps admits that it issued an NTS for the Property in November 2016. Trustee Corps further admits that BONY, through its servicer Shellpoint, requested that MTC issue the NTS, but otherwise denies that it issued the NTS "at the direction of BONY." Trustee Corps also denies that the NTS was "time barred."

46. Answering paragraph 111 of the Complaint, Trustee Corps denies that "BONY, through its loan servicer Shellpoint, retained the *right* to control the issuance of the NTS" (emphasis in original). By law, a trustee involved in a non-judicial foreclosure is bound to exercise its "independent discretion as an impartial third party with duties to both parties." *Klem v. Washington Mut. Bank*, 176 Wn.2d 771, 792, 295 P.3d 1179, 1190 (2013). For this and other

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 8

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

reasons, Trustee Corps denies that it is "bound by the calculations for tolling laid out by Judge Zilly in . . . 2:18-cv-00764-TSZ."

47. Answering paragraph 112 of the Complaint, Trustee Corps denies the allegations in so far as they pertain directly to Trustee Corps. In so far as the allegations are directed to defendants other than Trustee Corps, no response should be required from Trustee Corps. To the extent an answer is required, Trustee Corps denies the allegations based on lack of information.

48. Answering paragraphs 113 through 115 of the Complaint, Trustee Corps states that the allegations in these paragraphs are directed to defendants other than Trustee Corps and, therefore, no response should be required from it. To the extent an answer is required, Trustee Corps denies the allegations based on lack of information.

49. Answering paragraph 116 of the Complaint, Trustee Corps states that it is an entity formed under the laws of the state of Washington, and admits that it is doing business in the state of Washington, and conducts non-judicial foreclosures in the state of Washington. Trustee Corps denies the remaining allegations. Related but distinct entities using the names MTC Financial and Trustee Corps do business in California, Nevada, Arizona, Oregon, Texas, and Idaho.

50. Answering paragraphs 117 through 119 of the Complaint, Trustee Corps states that the allegations in these paragraphs are directed to defendants other than Trustee Corps and, therefore, no response should be required from it. Neither Exhibit E nor Exhibit B to the Complaint makes any reference to Trustee Corps. To the extent an answer is required to the allegations in these paragraphs, Trustee Corps denies the allegations based on lack of information.

51. Answering paragraph 120 of the Complaint, Trustee Corps states that it had no involvement with Plaintiff or the Property prior to being appointed successor trustee on or about November 3, 2014. Trustee Corps denies that anything it did in this matter could have "negatively impacted [Plaintiff's] credit profile for over ten years." Trustee Corps further denies

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 9

**PETERSON RUSSELL KELLY PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE (425) 462-4700 FAX (425) 451-0714

that anything it did in this matter caused Plaintiff any cognizable injury. To the extent the allegations in this paragraph are directed to defendants other than Trustee Corps, no response should be required from it. To the extent an answer is required, Trustee Corps denies the allegations based on lack of information.

52. Answering paragraph 121 of the Complaint, Trustee Corps denies the allegations contained therein in so far as they are directed against Trustee Corps. Allegations directed to other defendants are denied based on lack of information.

53. Answering paragraph 122 of the Complaint, Plaintiff admits that Plaintiff has attached an email as Exhibit C to her Complaint which states in part "License terminated upon appraiser roster." Trustee Corps denies any other allegations that may be contained in this paragraph.

54. Answering paragraph 123 of the Complaint, Trustee Corps denies the allegations contained therein in so far as they are directed against Trustee Corps. Allegations directed to other defendants are denied based on lack of information.

55. Answering paragraphs 124 through 127, Trustee Corps lacks knowledge or information sufficient to form a belief as to the allegations contained therein concerning Plaintiffs actions and omissions, and accordingly denies those allegations. Trustee Corps also denies that it engaged in anything that could be properly termed a "default mitigation evasion," or did anything to damage or injure Plaintiff.

56. Answering paragraph 128 of the Complaint, Trustee Corps denies that it violated any duty under RCW 61.24.010, and further denies that it did anything to damage or injure Plaintiff.

57. Answering paragraphs 129 and 130 of the Complaint, to the extent the allegations in these paragraphs are directed to defendants other than Trustee Corps, no response should be required from Trustee Corps. To the extent a response is required from Trustee Corps, and to the extent allegations are directed to it—if any—those allegations are denied. Allegations directed

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 10

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

to other defendants are denied based on lack of information.

    **C.    COUNT THREE: NEGLIGENT MISREPRESENTATION DEFENDANTS BONY, SHELLPOINT, AND MALCOLM & CISNEROS.**

58. Answering paragraphs 131 and 132 of the Complaint, Trustee Corps re-alleges its answers as given above.

59. Paragraphs 133 through 141 of the Complaint are directed exclusively to defendants other than Trustee Corps. Consequently, no response to these paragraphs should be required from Trustee Corps. In an abundance of caution, however, Trustee Corps denies the allegations if any are directed to it and denies the allegations against the other defendants based on lack of information.

    **D.    COUNT FOUR: WASHINGTON CONSUMER PROTECTION ACT UNDER RCW 19.86 (CPA)—AS TO DEFENDANTS MALCOLM & CISNEROS, BONY AND SHELLPOINT REGARDING THE JUDICIAL FORECLOSURE COMPLAINT**

60. Answering paragraph 142 of the Complaint, Trustee Corps re-alleges its answers as given above.

61. Paragraphs 143 through 157 of the Complaint are directed exclusively to defendants other than Trustee Corps. Consequently, no response to these paragraphs should be required from Trustee Corps. In an abundance of caution, however, Trustee Corps denies the allegations if any are directed to it and denies the allegations against the other defendants based on lack of information.

    **E.    COUNT FIVE: FAIR DEBT COLLECTION PRACTICES ACT – MALCOLM & CISNEROS**

62. Answering paragraph 158 of the Complaint, Trustee Corps re-alleges its answers as given above.

63. Paragraphs 159 through 168 of the Complaint, including subparagraphs, are directed against Malcolm & Cisneros and not against Trustee Corps. Consequently, no response to these paragraphs or subparagraphs should be required from Trustee Corps. In an abundance of

DEFENDANT MTC FINANCIAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - 11

**PETERSON RUSSELL KELLY PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

caution, however, Trustee Corps denies the allegations if any are directed to it and denies the allegations against Malcolm & Cisneros based on lack of information.

### F. COUNT SIX: FAIR DEBT COLLECTION PRACTICES ACT--SHELLPOINT

64. Answering paragraph 169 of the Complaint, Trustee Corps re-alleges its answers as given above.

65. Paragraphs 170 through 182 of the Complaint, including subparagraphs, are directed against Shellpoint and not against Trustee Corps. Consequently, no response to these paragraphs or subparagraphs should be required from Trustee Corps. In an abundance of caution, however, Trustee Corps denies the allegations if any are directed to it and denies the allegations against Shellpoint based on lack of information.

### G. COUNT SEVEN: QUIET TITLE ACTION

66. Answering paragraph 183 of the Complaint, Trustee Corps re-alleges its answers as given above.

67. Paragraphs 184 through 187 of the Complaint consist of legal arguments and conclusions directed against BONY and not against Trustee Corps. Consequently, no response to these paragraphs or subparagraphs should be required from Trustee Corps. In an abundance of caution, however, Trustee Corps denies the allegations if any are directed to it and denies the allegations against BONYs based on lack of information.

### H. COUNT EIGHT: INJUNCTIVE RELIEF—ALL DEFENDANTS

68. Answering paragraph 188 of the Complaint, Trustee Corps re-alleges its answers as given above.

69. Paragraph 189 of the Complaint asserts a legal conclusion to which no answer is required.

70. Paragraphs 190 through 194 are a request for relief. Trustee Corps denies that Plaintiff is entitled to injunctive relief, or any other type of relief, against Trustee Corps. To the

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 12

**PETERSON RUSSELL KELLY PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE (425) 462-4700  FAX (425) 451-0714

extent that paragraphs 190 through 194 may be deemed to make factual allegations about Trustee Corps, Trustee Corps denies any such allegations. Trustee Corps denies any factual allegations against the other defendants that may be contained in these paragraphs based on lack of information.

### IV. PLAINTIFF'S PRAYER FOR RELIEF AND DAMAGES

71. The remainder of the Complaint consists in a prayer for relief. Trustee Corps denies that Plaintiff is entitled to any relief against Trustee Corps.

72. All paragraphs of the Complaint not expressly admitted are denied.

### TRUSTEE CORPS' GENERAL DEFENSE UNDER RULE 12(b)(6)

Trustee Corps maintains that Plaintiff has failed to state a claim against Trustee Corps upon which relief may be granted.[1]

### TRUSTEE CORPS' AFFIRMATIVE DEFENSES

As affirmative defenses against Plaintiff, Trustee Corps alleges as follows:

A. Plaintiff's alleged damages, if any, are the result of her own fault, for which Trustee Corps has no liability. By Plaintiff's own account, she defaulted on the loan in 2007, and filed for bankruptcy in 2008 (Complaint, at ¶¶ 30-31). Plaintiff does not allege that this default and bankruptcy were the fault of any defendant. Plaintiff claims that she was injured by a "negatively impacted credit profile *for over ten years*" (Complaint, ¶ 120), which dates the onset of her injuries to her bankruptcy discharge, approximately five years before Trustee Corps was appointed successor trustee (Complaint, ¶ 36). Plaintiff also alleges that "*months after defaulting*

---

[1] Trustee Corps does not read the Court's Order (Dkt. No. 42) striking "Defendants' first <u>affirmative</u> defense without leave to amend" as barring any defendant from raising failure to state a claim in its Answer as a general, *non-affirmative*, defense. Order (Dkt. No. 42), at pp. 2-3 (emphasis added). In part, this is because footnote 1 to the Court's Order states that "[t]his ruling does not preclude Defendants from challenging the legal sufficiency of Plaintiff's claims in a . . . motion for judgment on the pleadings . . . or a motion for summary judgment." Order (Dkt. No. 42) at p. 3, note 1. Furthermore, Fed.R.Civ.P. 12(b)(6) lists "failure to state a claim upon which relief can be granted" as a "defense," and states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading." Finally, Fed.R.Civ.P. 12(h)(2) states that this defense "may be raised . . . in any pleading allowed or ordered under Rule 7(a)." For all of these reasons, Trustee Corps asserts that although it is barred by the Court's Order (Dkt. No. 42) from listing "failure to state a claim" as an *affirmative* defense, it is not barred from alleging failure to state a claim as a general or over-arching defense to Plaintiff's Complaint.

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 13

**PETERSON RUSSELL KELLY PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE (425) 462-4700 FAX (425) 451-0714

*on her loan [in 2007]*, plaintiff learned her license was terminated on FHA's appraiser roster" (Complaint, ¶ 122). By her own account, some or all of Plaintiff's alleged damages are the result of her default and bankruptcy, and are certainly not the fault of Trustee Corps.

### TRUSTEE CORPS' PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint and asserted affirmative defenses, Trustee Corps requests the following relief:

A. That Plaintiff's Complaint against Trustee Corps be dismissed with prejudice, and that Plaintiff take nothing thereby;

B. That Trustee Corps be awarded its attorney's fees and costs as allowed by law including Rule 11 of this Court; and

C. Such other relief as the Court deems just and equitable.

DATED: August 30, 2019.

    PETERSON RUSSELL KELLY, PLLC

By: *s/ Michael S. DeLeo*
Michael S. DeLeo, WSBA # 22037
10900 NE 4th Street, Suite 1850
Bellevue, WA 98004
Telephone: (425) 462-4700
E-Mail: mdeleo@prklaw.com
Attorneys for Defendant MTC Financial Inc.,
d/b/a Trustee Corps

DEFENDANT MTC FINANCIAL INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 14

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

# **CERTIFICATE OF SERVICE**

I certify that I caused to be served in the manner noted below a copy of the foregoing pleading on the following individual(s):

| | |
|---|---|
| Christina L Henry | [ ] Via Facsimile |
| Henry & Degraaff, P.S. | [ ] Via First Class Mail |
| 787 Maynard Ave S | [ ] Via Messenger |
| Seattle, WA 98104 | [ ] Via Email |
| Email: chenry@HDM-legal.com, HenryDeGraaffPS@jubileebk.net, mainline@hdm-legal.com | [X] Via CM/ECF Electronic Notice |
| | |
| Arthur Ortiz | [ ] Via Facsimile |
| The Law Office of Arthur Ortiz | [ ] Via First Class Mail |
| 6015 California Ave SW Apt 203 | [ ] Via Messenger |
| Seattle, WA 98136 | [ ] Via Email |
| Email: arthur@aeolegal.com, arthur@hrmseattle.com | [X] Via CM/ECF Electronic Notice |
| | |
| Donald Gene Grant | [ ] Via Facsimile |
| Donald G. Grant, P.S. | [ ] Via First Class Mail |
| Washougal Town Square, Suite 245 | [ ] Via Messenger |
| 1700 Main Street | [ ] Via Email |
| Washougal, WA 98671 | [X] Via CM/ECF Electronic Notice |
| Email: don@dongrantps.com | |

DATED: August 30, 2019, at Bellevue, Washington.

       *s/ Heidi Corcoran*
       Heidi Corcoran, Paralegal
       Peterson Russell Kelly, PLLC
       10900 NE 4th Street, Suite 1850
       Bellevue, WA 98004
       Telephone: (425) 462-4700
       E-Mail: hcorcoran@prklaw.com

DEFENDANT MTC FINANCIAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - 15

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714