THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN D. SMITH, | CASE NO. C19-0538-JCC |
| Plaintiff, | ORDER |
| v. | |
| BANK OF NEW YORK MELLON *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for partial summary judgment (Dkt. No. 53) and motion to strike affirmative defenses (Dkt. No. 49). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for partial summary judgment (Dkt. No. 53) and GRANTS the motion to strike affirmative defenses (Dkt. No. 49) for the reasons explained herein.

I.  **BACKGROUND**

On February 9, 2007, Plaintiff obtained a loan from Mortgage Solutions Management, Inc. and secured the loan with a deed of trust on her property. (Dkt. No. 45 at 5.) In July 2007, Plaintiff stopped making payments on the loan. (*Id*.) Shortly thereafter, Plaintiff filed for bankruptcy, and her mortgage loan was eventually discharged. (*Id*. at 5–6.) Defendant Bank of New York Mellon ("BONY") retained an *in rem* interest in Plaintiff's property after the

discharge and recorded a series of notices of trustee's sales from 2009 through 2016, although none of the sales occurred. (*Id*. at 6–7.) In November 2016, Plaintiff initiated mediation under Washington's Foreclosure Fairness Act. (*Id*. at 8.) During mediation, Plaintiff was informed that her loan modification application was denied. (*Id*.) Plaintiff alleges that Defendant BONY, through its loan servicer Defendant Shellpoint and its legal counsel Defendant Malcolm & Cisneros ("M&C"), stopped participating in mediation. (*Id*. at 8–9.) On January 10, 2018, a foreclosure mediation certificate was issued stating that "[Defendant Shellpoint] failed to timely participate in mediation." (Dkt. 45-2 at 3.)

On April 11, 2018, Defendant M&C filed a judicial foreclosure complaint on behalf of Defendant BONY in King County Superior Court against Plaintiff's property. (Dkt. No. 45 at 9.) After the case was removed to federal court, the Honorable Thomas S. Zilly dismissed the judicial foreclosure complaint with prejudice, finding that it was time-barred. (*Id*.); *see Bank of New York Mellon as Tr. for Certificate Holders of CWABS, Inc. v. Smith*, Case No. C18-0764-TSZ, Dkt. No. 16 (W.D. Wash. 2018). Defendants appealed, and the Ninth Circuit Court of Appeals affirmed. *See Bank of New York Mellon as Tr. for benefit of certificate holders of CWABS, Inc., asset-backed certificates, Series 2007-SD1 v. Smith*, 782 F. App'x 638 (9th Cir. 2019).

Plaintiff subsequently filed this lawsuit, bringing claims against Defendants for: (1) violations of the Washington Consumer Protection Act ("CPA"), Revised Code of Washington § 19.86.020; (2) violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (3) negligent misrepresentation; and (4) a claim to quiet title. (Dkt. No. 45 at 11–26.) Plaintiff now moves for summary judgment on her quiet title claim against Defendant BONY. (Dkt. No. 52.) Plaintiff also moves to strike M&C's affirmative defenses (Dkt. No. 49.)

**II.    DISCUSSION**

    **A.    Legal Standards**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Quiet Title Action

Under Washington law, a promissory note and deed of trust are written contracts that are subject to a six-year statute of limitations. *See* Wash. Rev. Code § 4.16.040(1); *Cedar W. Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 559 (Wash. Ct. App. 2019). An action "can only be commenced" within six years "after the cause of action has accrued." Wash. Rev. Code § 4.16.005. The six-year statute of limitations on a deed of trust accrues "when the party is entitled to enforce the obligations of the note." *Wash. Fed., Nat'l Ass'n v. Azure Chelan LLC*, 382 P.3d 20, 30 (Wash. Ct. App. 2016). When a promissory note is payable in installments, the six-year statute of limitations accrues for each monthly installment from the time it becomes due. *Edmundson v. Bank of America, N.A.*, 378 P.3d 272, 277 (Wash. Ct. App. 2016) (citing *Herzog v. Herzog*, 161 P.2d 142, 145 (Wash. 1945)). And when the statute of limitations to enforce a promissory note expires, the right to enforce a deed of trust securing the note also expires.

*Walcker v. Benson & McLaughlin, P.S.*, 904 P.2d 1176, 1178 (Wash. Ct. App. 1995). "When an action for foreclosure on a deed of trust is barred by the statute of limitations, RCW 7.28.300 authorizes an action to quiet title." *Westar Funding, Inc. v. Sorrels*, 239 P.3d 1109, 1113 (Wash. Ct. App. 2010); Wash. Rev. Code § 7.28.300. The statute provides:

> The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.

Wash. Rev. Code § 7.28.300.

Plaintiff made her last payment in July 2007, and Defendant BONY initiated the judicial foreclosure proceeding in April 2018. (Dkt. 45 at 5, 9.) Plaintiff argues that, even after accounting for tolling during Defendants' nonjudicial foreclosure actions, the statute of limitations expired before Defendant BONY filed its judicial foreclosure action. (*See* Dkt. No. 53 at 4–7.)

This statute of limitations issue has already been litigated. Federal courts "determine the preclusive effect of a prior federal diversity judgment by reference to the law of the state where the court sat." *NTCH-WA Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019). Under Washington law, the party asserting collateral estoppel must show: (1) the issue decided in the prior action is identical to the issue in the present action; (2) a final judgment on the merits in the prior action; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior action; and (4) application of the doctrine would not work an injustice. *State v. Vasquez*, 59 P.3d 648, 650 (Wash. 2002). The injustice element of collateral estoppel is generally concerned with procedural unfairness. *Christensen v. Grant Cty. Hosp. Dist. No. 1*, 96 P.3d 957, 962 (Wash. 2004).

Judge Zilly ruled that Defendant BONY's judicial foreclosure action against Plaintiff was time-barred. *See Bank of New York Mellon*, Case No. C18-0764-TSZ, Dkt. No. 16. The Ninth

Circuit has now affirmed this ruling.[1] *See Bank of New York Mellon*, 782 F. App'x at 638. All of the elements of collateral estoppel apply here: (1) the issue decided in the previous case is identical to the issue raised here; (2) Judge Zilly entered a final judgment on the merits; (3) Defendant BONY was a party to the prior action, and the remaining Defendants are in privity with it; and (4) application of collateral estoppel does not work an injustice against Defendants.[2] *See Christensen*, 96 P.3d 961. Furthermore, Defendants concede that the outcome of the appeal would be "determinative" as to whether the judicial foreclosure action is time-barred and whether title should be quieted in Plaintiff. (Dkt. No. 55 at 8.) The Court agrees. Defendants are collaterally estopped from re-litigating the statute of limitations issue in this case. *See Vasquez*, 59 P.3d at 650. Thus, Plaintiff has established that Defendant BONY's right to enforce a deed of trust securing the note has expired. *See Walcker*, 904 P.2d at 1178. Therefore, the Court GRANTS Plaintiff's motion for partial summary judgment on her quiet title claim.

### C. Motion to Strike Affirmative Defenses

Defendant M&C asserts 23 affirmative defenses in its answer to Plaintiff's second amended complaint. (Dkt. No. 48.) Plaintiff moves to strike all of Defendant M&C's affirmative defenses. (Dkt. No. 52.) Plaintiff filed her motion on September 5, 2019, noting the motion for the Court's consideration on Friday, September 20, 2019. (*Id.*) Defendant M&C's response was therefore due on Monday, September 16, 2019. *See* W.D. Wash. Local Civ. R. 7(d)(3). Defendant M&C did not file its response until Wednesday, September 18, 2019. (*See* Dkt. No.

---

[1] The Court takes judicial notice of this order as capable of verification from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Defendants argue that applying collateral estoppel while the judicial foreclosure case remained on appeal would risk an inconsistent ruling. (Dkt. No. 55 at 6.) Because the Ninth Circuit has now affirmed Judge Zilly's ruling, there are no remaining concerns as to the fourth element of the collateral estoppel analysis. *See Christensen*, 96 P.3d at 961.

51.) [3] In accordance with Local Rule 7(b)(2), the Court construes Defendant M&C's failure to timely file a response in opposition as an admission that Plaintiff's motion to strike has merit. Therefore, the Court STRIKES Defendant M&C's affirmative defenses without leave to amend.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment (Dkt. No. 53) is GRANTED. The Court hereby ORDERS that:

1. Plaintiff Karen D. Smith is declared to be the record owner of the property located at 819 21st Ave., Seattle, WA 98122 under King County Auditor's No. 912610014009 ("Smith Property"), and identified as Tax Parcel No. 912610-0140, and legally described as follows:

    > LOTS 16 AND 17, BLOCK 2, WALLA WALLA ADDITION TO THE CITY OF SEATTLE, ACCORDING TO PLAT. RECORDED IN VOLUME 5 OF PLATS, PAGE 81, IN KING COUNTY, WASHINGTON.

2. Enforcement of the Deed of Trust recorded on February 22, 2007, under King County Recorder's No. 20070222000469 on the Smith Property is time-barred under Wash. Rev. Code § 7.28.300

3. Title is hereby QUIETED in Plaintiff.

Plaintiff's motion to strike affirmative defenses (Dkt. No. 49) is GRANTED and the Court hereby STRIKES Defendant M&C's affirmative defenses without leave to amend.

DATED this 9th day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] In its untimely filing, Defendant M&C agreed to withdraw 19 of its 23 affirmative defenses. (*See* Dkt. No. 51 at 2–3.)