# Exhibit 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Karen Smith, a single person,<br><br>                             Plaintiff,<br><br>vs.<br><br>MTC Financial, Inc. dba Trustee Corps, a Washington Corporation; Shellpoint Mortgage Servicing; Bank of New York Mellon f/k/a Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1,<br><br>                            Defendants. | NO.<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES** |

## I. PARTIES

1.1 Defendant MTC Financial Inc. (hereinafter "MTC") is a Washington corporation doing business in King County, Washington and Irvine, California.

1.2 Trustee Corps is a fictitious name used by MTC.

1.3 Bank of New York Mellon and/or its successors in interest (hereinafter "lender") profess to have an interest in the property that is the subject of this suit.

VERIFIED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, AND DAMAGES - 1

Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

1.4     Plaintiff Karen Smith is a single woman residing in Seattle, Washington.

1.5     Shellpoint Mortgage Servicing (hereinafter "Shellpoint") is believed to be directing MTC in its foreclosure of the Plaintiff's property and purports to be the designated servicing agent of Bank of New York Mellon (lender).

## II. FACTUAL ALLEGATIONS

2.1     On or about February 9, 2007, the Plaintiff borrowed money from Mortgage Solutions Management, Inc., a California corporation engaged in residential lending in Washington, and secured the loan with a Deed of Trust on her residence at 819 21st Avenue, Seattle, WA 98122, and legally described as:

> LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY SATE COUNTY OF KING, STATE OF WASHINGTON.

2.2     On or about July 1, 2007, the Plaintiff ceased making payment on the loan.

2.3     On or about January 29, 2008, an agent for the lender commence a non-judicial foreclosure of the Plaintiff's home which has the legal effect of declaring the entire loan due with a right to de-accelerate the loan and reinstate it up until May 26, 2008, or the property would be sold at a Trustee's Sale on June 6, 2008.

2.4     Between 2007 and the present date, the Plaintiff has made no payments on the loan.

2.5     On April 1, 2015, Defendant MTC caused a second Notice of Trustee's Sale ("NTS") to be posted on the door of the Plaintiff's home.

2.6     More than 7 years has passed between the last payment made and the commencement of the present foreclosure initiates by MTC.

VERIFIED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, AND DAMAGES - 2



Leen & O'Sullivan,
PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

2.7     The debt asserted by MTC is a time-barred debt pursuant to RCW 4.16.040.

2.8     On April 27, 2015, the Plaintiff, through counsel, advised MTC that the debt was time-barred. MTC did not respond to the letter, acknowledge receipt, nor take any action. When contacted in July 2015, 90 days later, MTC advised the Plaintiff (through her counsel) that the Seattle office of MTC could not make any decisions about the requested discontinuance of the sale but only could follow instructions from the lender or servicer (Shellpoint). Moreover, MTC advised that this foreclosure was being handled in California and that there was no one in the Seattle office who could assist, all in contravention of RCW 61.24 requiring that an officer who could make decisions be located in Washington.

2.9     Despite a request and provision of a factual and legal analysis that the scheduled sale was unlawful, MTC has not rescheduled or discontinued the sale.

2.10    Unless restrained, MTC will sell the Plaintiff's property on July 31, 2015.

### III. FIRST CLAIM – INJUNCTIVE RELIEF

3.1     The Deed of Trust Act allows a court to restrain a foreclosure on any proper ground. In this case the court should bar MTC from foreclosing since it is not a lawful trustee and is pursuing a time-barred debt.

### IV. SECOND CLAIM – CONSUMER PROTECTION ACT VIOLATIONS

4.1     As herein alleged, MTC is engaged in an unlawful foreclosure and informed Plaintiff that it could not grant a discontinuance of the sale without consent by the lender or servicer, in violation of its duty to the Plaintiff.

4.2     Said actions and/or omissions are in trade or commerce in the state of Washington, adversely impacts the public interest as MTC does hundreds of foreclosures each month and has

VERIFIED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, AND DAMAGES - 3

Leen & O'Sullivan,
PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

failed, and continues to fail, to exercise its independent duty to homeowners as set forth in RCW 61.24 and numerous cases by the State Supreme Court interpreting what duties MTC owes homeowners.

4.3  As a proximate result of the violations of Washington law, MTC has caused damage to the Plaintiff, and threatened irreparable harm by foreclosure of her home.

4.4  The Court should enjoin MTC and Shellpoint from engaging in work as a trustee until such time as it has a fully staffed office in Washington with an officer who can make independent decisions about foreclosure issues.

4.5  Further, the Court should enjoin MTC from seeking a collection on time-barred debt in violation of RCW 7.28.300 and RCW 4.16.040.

4.6  The Court should also grant judgment in favor of the Plaintiff for damages, treble damages as allowed by RCW 19.86, and award reasonable attorney fees and costs.

## V. THIRD CLAIM – INFLICTION OF EMOTIONAL AND PHYSICAL DISTRESS

5.1  As alleged herein, the actions and omissions of MTC and Shellpoint, either negligently or intentionally, have caused the Plaintiff emotional and physical distress and suffering for which the Defendants should be liable.

WHEREFORE, this Court should:

1. Enjoin the Defendants from foreclosing upong the plaintiff's property;

2. Declare that the debt asserted by Defendants is time-barred and cannot be collected;

3. Grant judgment against all Defendants for damages to be proved at trial;

VERIFIED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, AND DAMAGES - 4



Leen & O'Sullivan,
PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

4. Determine that the actions and omissions of Defendants constitute violations of the Consumer Protection Act, RCW 19.86, and award damages, grant injunctive relief, award treble damages, and reasonable attorney fees and costs, all to be proved at trial;

5. Grant further relief as might be just and equitable.

DATED this 21st day of July, 2015.

                                     David A. Leen, WSBA #3516
                                     Attorney for Plaintiff

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES - 5

## VERIFICATION OF COMPLAINT

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF KING      )

Plaintiff Karen Smith, duly sworn upon oath, deposes and states as follows:

I am a Plaintiff in this civil proceeding. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

Karen Smith, Plaintiff

**SUBSCRIBED AND SWORN** to before me this 21st day of July, 2015.

NOTARY PUBLIC in and for the State of Washington.
Residing at Seattle
Commission Expires: 5-14-2016

VERIFIED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, AND DAMAGES - 6



Leen & O'Sullivan,
PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424