# Exhibit 3

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8
9

10   Karen Smith, an individual,                    NO.  15-2-17623-4 SEA

11                                   Plaintiff,      **MOTION TO ENJOIN
                                                     TRUSTEE'S SALE**
12            vs.

13
      MTC Financial, Inc. dba Trustee Corps, a
14    Washington Corporation; Shellpoint Mortgage
      Servicing; Bank of New York Mellon f/k/a Bank
15    of New York as Trustee for the Benefit of the
      Certificateholders of the CWABS, Inc. Asset-
16    Backed Certificates, Series 2007-SD1,
17
                                   Defendants.
18

19
                         **I.  RELIEF REQUESTED**
20

21        1.1   Plaintiffs ask the court to grant a preliminary injunction against the sale of its property at

22   819 21st Avenue, Seattle, Washington now set for July 31, 2015 in Seattle, Washington.

23                              **II.  FACTS**

24        2.1   On or about February 9, 2007, the Plaintiff borrowed money from Mortgage Solutions

25   Management, Inc., a California corporation doing business in Washington, and secured the loan with

26
27   a Deed of Trust on her residence at 819 21st Avenue, Seattle, WA 98122 and legally described as:

28
      Motion to Enjoin Trustee's Sale - 1

LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY SATE COUNTY OF KING, STATE OF WASHINGTON.

2.2   On or about July 1, 2007, the Plaintiff ceased making payment on the loan because of financial hardship.

2.3   On or about January 29, 2008, an agent for the lender commence a non-judicial foreclosure of the Plaintiff's home which has the legal effect of declaring the entire loan due with a right to de-accelerate the loan and reinstate it up until May 26, 2008, or the property would be sold at a Trustee's Sale on June 6, 2008.  (Exhibit A).   That sale never took place and the lender essentially forgot about Ms. Smith for about 7 years.  Now, the lender has initiated another foreclosure, well beyond the 6-year bar on suing on a contract (assuming the initiation of a non-judicial foreclosure is "commencing an action").  In that Notice of Trustee's Sale (Exhibit B)  at page 2 indicates that the last payment was made prior to July 2007, a full 8 years ago.

## III.  **STATEMENT OF ISSUES**.

A.  Does the Trustee, MTC, have authority to conduct this sale when the debt is time-barred?

B.  I MTC a legally constituted trustee when it has no decision makers in the State of Washington?

C.  Is there a defense to the foreclosure based upon breach of trustee duty?

D.  Is there a defense to the foreclosure for laches?

## IV.  **EVIDENCE**.

This motion is based upon the verified complaint and the records and files herein.

## V.  **LAW AND ARGUMENT**.

### A. The statute of limitations on a promissory note begins to run when the note is accelerated or called due

Motion to Enjoin Trustee's Sale - 2



Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

It is a well settled legal principal recognized by Washington courts and courts all across the country that the statute of limitations on a promissory note secured by a deed of trust begins to run on the date the promissory note is accelerated or called due by initiation of a foreclosure.      This is a basic contractual principle. 31 Richard A. Lord, *Williston on Contracts* § 79:17, at 338 (4th ed.2004); 12 Am.Jur.2d, Bills & Notes § 581; *Smith v. Branch*, 391 So.2d 797 (Fla. Dist. Ct. App. 1980); *Bingham v. Lechner,* 111 Wash. App. 118 (2002).

This principal is well established and applied uniformly to other similar cases involving statute of limitations. Washington's Uniform Commercial Code, *See* 62A.3-118. In *Kirsch v. Cranberry Financial, L.L.C.,* 178 Wash. App 1031 (2013), the Division I appeals court directly addresses this issue. "If an obligation that is to be repaid in installments is accelerated – either automatically by the terms of the agreement or by the election of the creditor pursuant to an optional acceleration clause – the entire remaining balance of the loan becomes due immediately and the statute of limitations is triggered for all installments that had not previously become due." *Kirsch v. Cranberry Financial, L.L.C.,* 178 Wash. App 1031 (2013).

A foreclosure in this case was initiated in 2008 and the case was abandoned in 2009. *See* verified complaint  Another foreclosure was initiated in 2015 with no payments made during the 7 year interim.

The determination of when the loan was accelerated and therefore when the statute of limitations began to run is a question of fact. But, the language in the 2008 foreclosure that was served on the Plaintiff in January 2008 indicates that the lender had exercised its option to accelerate the note, allowing "de-accelleration only if accomplished 11 days prior to the foreclosure. Washington Real Property Deskbook, §47.11(6). Therefore, the statute of limitations began to run on

Motion to Enjoin Trustee's Sale - 3



Leen & O'Sullivan, PLLC
590 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

the mortgage loan when the initial foreclosure was commenced, or at the very latest, 11 days prior to the sale scheduled that year.

Plaintiff has not made a payment on the note since the commencement of the first non-judicial foreclosure action in 2008. Defendants can produced no documents indicating receipt of any payment since 2008.

### B. Defendant is Entitled to Quiet Title of Her Property Due to the Expired Statute of Limitations

RCW 7.28.300 expressly authorizes the court to quiet title the Plaintiff's property to him:

> "The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien." RCW 7.28.300.

RCW 7.28.300 allowing a quiet title action when an action to foreclose on a deed of trust is time-barred. *Westar Funding, Inc. v. Sorrels*, 157 Wash. App. 777 (2010) (holding when an action for foreclosure on a deed of trust is barred by the statute of limitations, RCW 7.28.300 authorizes an action to quiet title); *Walcker v. McLaughlin*, 79 Wash. App. 739 (1995) (the record owner of real estate may maintain an action to quiet title against the lien of a mortgage on the real estate where an action to foreclose such mortgage would be barred by the statute of limitation).

### C. Bonding.

The Deed of Trust Act, RCW 61.24, envisions that a lender will not "go backwards" while an injunction against foreclosure is in place.

Motion to Enjoin Trustee's Sale - 4



Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

In this instance, the debt is $357,000 but the foreclosure process is likely void because (1) the

Trustee is not properly qualified under Washington law, (2) the mortgage debt is time-barred.

The law is well settled that a court can waive an injunction bond under its equitable powers:

> The writ of injunction is the 'strong arm of equity.' So any legislation
> that diminishes the superior court's injunctive authority is void. *State
> v. Werner*, 129 Wn.2d 485, 496, 918 P.2d 916 (1996) (citing
> *Blanchard v. Golden Age Brewing*, 188 Wash. 396, 415 (1936). And
> we narrowly read exceptions to superior court jurisdiction. *Orwick v.
> Seattle*, 103 Wn.2d 249, 251 (1984). Unless the Legislature clearly
> indicates its intention to limit jurisdiction, statutes should be construed
> as imposing no limitation.

Bowcutt v. Delta, 95 Wn. App. 311, 319 (1999 – Div. III).

In this case, the plaintiff proposes that he pay into the registry of the court the sum of

$900 per month.

### D.   The Deed of Trust and Statute Authorizes Restraint of a Trustee's Sale to Protect Legal and Equitable Rights of a Party in Interest.

This motion is brought pursuant to RCW 61.24.030(7)(j), RCW 61.24.040(1)(f) and RCW

61.24.130(1). RCW 61.24.030(7)(j) requires that the Notice of Default contain the following

language:

> That the borrower, grantor, and any guarantor has recourse to the courts
> pursuant to RCW 61.24.130 to contest the alleged default on any proper
> ground.

RCW 61.24.040(1)(f) requires the notice of trustee's sale to contain the following paragraph:

> IX

> Anyone having any objection to the sale on any grounds whatsoever will be
> afforded an opportunity to be heard as to t hose objections if they bring a
> lawsuit to restrain the sale pursuant to RCW 61.24.130.

RCW 61.24.130(1) states in part:

> Nothing contained in this chapter shall prejudice the right of the

Motion to Enjoin Trustee's Sale - 5



Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

> borrower, grantor, any guarantor, or any person who has an interest in, lien, or claim of lien against the property or some part thereof, to restrain, on any proper ground, a trustee's sale.

In <u>Koegel v. Prudential Mut. Sav. Bank</u>, 51 Wn. App. 108, 113, 752 P.2d 385 (1988), the court held that:

> the streamlined procedures of nonjudicial foreclosure leave debtors with minimal protections, necessitating close scrutiny of those procedures by our courts…

In addition, the provisions of the deed of trust statute require strict compliance and the statute is to be strictly construed:

> The deed of trust statutes codified in chapter 61.24 RCW allow a trustee to sell a property without a judicial process. Because these statutes remove many protections borrowers have under a mortgage, lenders must strictly comply with the statutes in the borrower's favor.

<u>Amresco Independence Funding, Inc. v. SPS Properties, LLC</u>, 129 Wn. App. 532, 536-7, 119 P.3d 884 (2005) (Citations omitted); <u>Koegel</u>, 51 Wn. App. at 111-2.

" If the trustee fails to follow the requirements of the deed of trust statute, the sale will be restrained if a party in interest moves to stay the sale before it occurs. Prejudice need only be shown if the party in interest fails to act before the sale." <u>Koegel</u>, 51 Wn. App. at 112. In <u>Koegel</u>, the trustee's initial notice of default contained an incorrect legal description. An amended notice of default with the correct legal description was issued 25 days before the notice of trustee's sale was issued. RCW 61.24.030(6) required 30 days. The court held that this defect would have been sufficient to block the sale had the suit to restrain the sale been timely filed. Similarly here, the defects in the issuance of the notice of continuance of trustee's sale, as well as the plaintiff's claims of mismanagement of her loan in collusion with an appraiser who doubled the actual value of the property are sufficient grounds to restrain the sale.

Motion to Enjoin Trustee's Sale - 6

Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

The elements of the notice of continuance of trustee's sale form required by the non-judicial deed of trust foreclosure statute are mandatory requirements of the foreclosure proceeding. <u>Plein v. Lackey</u>, 149 Wn.2d 214, 226, 67 P.3d 1061 (2003).

## VI. <u>CONCLUSION</u>.

Under RCW 61.24.130, and the statutory notice of continuation of trustee's sale, the plaintiff as grantor of the deed of trust is entitled to have the court enter an order restraining the trustee's sale on any proper ground. Such grounds have been shown. Neither Bank of New York Mellon or servicer Shellpoint Mortgage Services can show that the foreclosure is lawful.

DATED this 21st day of July, 2015.

David A. Leen                    WSBA #3516
Attorney for Karen Smith

Motion to Enjoin Trustee's Sale - 7

Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

Exhibit A

$\xi \times A$

Scanned

After recording, return to:
Countrywide Home Loans, Inc
400 COUNTRYWIDE WAY   SV-35
SIMI VALLEY,  CA  93065

File No. 2008-3988

**Grantors:**
RECONTRUST COMPANY
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**Grantee(s):**
KAREN D SMITH

**Notice of Trustee's Sale**
Pursuant To the Revised Code of Washington 61.24, et seq.

On June 6, 2008 at 10:00 AM outside adjacent to the south entrance to 3535 Factoria Blvd SE, Bellevue, Wa. 98006, State of Washington, the undersigned Trustee, RECONTRUST COMPANY, (subject to any conditions imposed by the trustee to protect the lender and borrower) will sell at public auction to the highest and best bidder, payable at time of sale, the following described real property, situated in the county(ies) of King, State of Washington:

Tax Parcel ID no.: 912610 0140 09
LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.

Commonly Known as: 819 21ST AVENUE,  SEATTLE, WA 98122

which is subject to that certain Deed of Trust dated 02/09/2007, recorded on 02/22/2007, under Auditor's File No. 20070222000469, records of King County, Washington from KAREN D. SMITH, AS HER SEPARATE ESTATE, as grantor, to TRANSNATION, as Trustee, to secure an obligation in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as beneficiary.

**II.**

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any court by reason of the Grantor's or Borrower's default on the obligation secured by the Deed of Trust.

**III.**

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults:

| | |
|---|---|
| A. Monthly Payments | $31,127.31 |
| B. Late Charges | $145.88 |
| C. Beneficiary Advances | $136.00 |
| D. Suspense Balance | ($.00) |
| E. Other Fees | $0.00 |
| **Total Arrears** | **$31,409.17** |
| F. Trustee's Expenses (Itemization) | |
| Trustee's Fee | $337.50 |
| Title Report | $1,210.00 |
| Statutory Mailings | $36.82 |
| Recording Fees | $86.00 |
| Publication | $0.00 |
| Posting | $200.00 |
| **Total Costs** | **$1,870.32** |
| **Total Amount Due:** | **$33,279.49** |

Other potential defaults do not involve payment of the Beneficiary. If applicable, each of these defaults must also be cured. Listed below are categories of common defaults, which do not involve payment of money to the Beneficiary. Opposite each such listed default is a brief description of the action/documentation necessary to cure the default. The list does not exhaust all possible other defaults; any defaults identified by Beneficiary or Trustee that are not listed below must also be cured.

| OTHER DEFAULT | ACTION NECESSARY TO CURE |
|---|---|
| Nonpayment of Taxes/Assessments | Deliver to Trustee written proof that all taxes and assessments against the property are paid current |
| Default under any senior lien | Deliver to Trustee written proof that all senior liens are paid current and that no other defaults exist. |
| Failure to insure property against hazard | Deliver to Trustee written proof that the property is insured against hazard as required by the Deed of Trust |
| Waste | Cease and desist from committing waste, repair all damage to property and maintain property as required in Deed of Trust. |
| Unauthorized sale of property (Due on Sale) | Revert title to permitted vestee. |

**IV.**

The sum owing on the obligation secured by the Deed of Trust is: Principal Balance of $356,250.00, together with interest as provided in the note or other instrument secured from 07/01/2007 and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

**V.**

The above-described real property will be sold to satisfy the expense of the sale and the obligation secured by the Deed of Trust as provided by statute. The sale will be made without warranty, express or implied regarding title, possession, or encumbrances on 08/08/2008. The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances costs and fees thereafter due, must be cured by 05/26/2008 (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before the close of the Trustee's business on 05/26/2008 (11 days before the sale date), the defaults(s) as set forth in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid. The sale may be terminated any time after 05/26/2008 (11 days before the sale date), and before the sale by the Borrower, Grantor, and Guarantor or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

**VI**

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es): ( See attached list ).

by both first class and either certified mail, return receipt requested, or registered mail on 01/29/2008, proof of which is in the possession of the Trustee; and on 01/29/2008 Grantor and Borrower were personally served with said written notice of default or the written notice of default was posted on a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of such service or posting.

**VII.**

The Trustee whose name and address are set forth below will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee's fees due at any time prior to the sale.

**VIII.**

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their right, title and interest in the above-described property.

**IX.**

Anyone having any objections to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

**X.**

NOTICE TO OCCUPANTS OR TENANTS - The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants and tenants. After the 20th day following the sale of the purchaser has the right to evict occupants and tenants by summary proceedings under the unlawful detainer act, Chapter 59.12 RCW.

DATED: March 04, 2008

RECONTRUST COMPANY

By: _____

GULSHAN COMERJEE

Helderose Courton

Its Assistant Secretary

State of: California
County of: Ventura
On _3. 4. 08_ before me _BP Flores_, notary public, personally appeared _Helderose Courton_, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that he/she/they executed the same in his/her/thier authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official Seal.

_BP Flores_

B. P. FLORES
Commission # 1751684
Notary Public · California
Ventura County
My Comm. Expires Jun 18, 2011

**RECONTRUST COMPANY**
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063          Client: Countrywide Home Loans, Inc
Phone: (800) 281-8219

Agent for service of process:     File No. 2008-3988
Corporation Service Company
202 North Phoenix Street
Olympia, WA 98506

**THIS FIRM IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THE DEBT SET FORTH ON THIS NOTICE WILL BE ASSUMED TO BE VALID UNLESS YOU DISPUTE THE DEBT BY PROVIDING THIS OFFICE WITH A WRITTEN NOTICE OF YOUR DISPUTE WITHIN 30 DAYS OF YOUR RECEIPT OF THIS NOTICE, SETTING FORTH THE BASIS OF YOUR DISPUTE. IF YOU DISPUTE THE DEBT IN WRITING WITHIN 30 DAYS, WE WILL OBTAIN AND MAIL VERIFICATION OF THE DEBT TO YOU. IF THE CREDITOR IDENTIFIED IN THIS NOTICE IS DIFFERENT THAN YOUR ORIGINAL CREDITOR, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF YOU REQUEST THIS INFORMATION IN WRITING WITHIN 30 DAYS.**

**Attachment to section VI:**

KAREN D SMITH
PO Box 22417
Seattle, WA 98122
KAREN D SMITH
7617 NE 167TH
BOTHELL, WA 98011

KAREN D SMITH
819 21ST AVENUE
SEATTLE, WA 98122

Exhibit B

$\mathcal{E} X \; \mathcal{B}$

RECORDING REQUESTED BY:

Scanned_____

WHEN RECORDED MAIL TO:

Trustee Corps
1700 Seventh Avenue, Suite 2100
Seattle WA 98101

---

TS No WA08002195-14-1                    APN 912610-0140-09                    TO No 8488208

## NOTICE OF TRUSTEE'S SALE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24 ET. SEQ.

I. NOTICE IS HEREBY GIVEN that on **July 31, 2015, 10:00 AM, at the 4th Avenue entrance to the King County Administration Building, 500 4th Avenue, Seattle, WA 98104,** MTC Financial Inc. dba Trustee Corps, the undersigned Trustee, will sell at public auction to the highest and best bidder, payable, in the form of cash, or cashier's check or certified checks from federally or State chartered banks, at the time of sale the following described real property, situated in the County of King, State of Washington, to-wit:

**LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.**

APN: **912610-0140-09**

More commonly known as **819 21ST AVENUE, SEATTLE, WA 98122**

which is subject to that certain Deed of Trust dated as of February 9, 2007, executed by KAREN D. SMITH, AS HER SEPARATE ESTATE as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as designated nominee for MORTGAGE SOLUTIONS MANAGEMENT, INC., Beneficiary of the security Instrument, Its successors and assigns, recorded February 22, 2007 as Instrument No. 20070222000469 and the beneficial interest was assigned to **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS,. Inc. Asset-Backed Certificates, Series 2007-SD1** and recorded June 21, 2010 as Instrument Number 20100621000138 of official records in the Office of the Recorder of King County, Washington.

II. No action commenced by **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1,** the current Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrowers' or Grantors' default on the obligation secured by the Deed of Trust/Mortgage.

Current Beneficiary:   **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1**
Contact Phone No:   **800-365-7107**
Address:   **15 South Main Street, Suite 400, Greenville, SC 29601**

III. The default(s) for which this foreclosure is made is/are as follows: FAILURE TO PAY WHEN DUE THE FOLLOWING AMOUNTS WHICH ARE NOW IN ARREARS:

### DELINQUENT PAYMENT INFORMATION

| From | To | Number of Payments | Monthly Payment | Total |
|---|---|---|---|---|
| July 1, 2007 | March 27, 2015 | 21 | $3,458.59 | $360,710.69 |
|  |  | 62 | $3,598.65 |  |
|  |  | 10 | $6,496.40 |  |

### LATE CHARGE INFORMATION

| July 1, 2007 | March 27, 2015 | | | $2,111.07 |
|---|---|---|---|---|

### PROMISSORY NOTE INFORMATION

| Note Dated: | **February 9, 2007** |
|---|---|
| Note Amount: | **$356,250.00** |
| Interest Paid To: | **June 1, 2007** |
| Next Due Date: | **July 1, 2007** |

IV. The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $356,250.00, together with interest as provided in the Note or other instrument secured, and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

V. The above described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on **July 31, 2015.** The defaults referred to in Paragraph III must be cured by **July 20, 2015,** (11 days before the sale date) to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before **July 20, 2015** (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustees' fees and costs are paid. Payment must be in cash or with cashiers' or certified checks from a State or federally chartered bank. The sale may be terminated any time after the **July 20, 2015** (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust.

VI. A written Notice of Default was transmitted by the current Beneficiary, The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1 or Trustee to the Borrower and Grantor at the following address(es):

ADDRESS
UNKNOWN SPOUSE OF KAREN D SMITH
819 21ST AVENUE, SEATTLE, WA 98122

TS No WA08002195-14-1                    APN 912610-0140-09                    TO No 8488208

UNKNOWN SPOUSE OF KAREN D SMITH
7617 N. E. 167TH, BOTHELL, WA 98011

UNKNOWN SPOUSE OF KAREN D SMITH
PO BOX 22417, SEATTLE, WA 98122

KAREN D SMITH
819 21ST AVENUE, SEATTLE, WA 98122

KAREN D SMITH
7617 N. E. 167TH, BOTHELL, WA 98011

KAREN D SMITH
PO BOX 22417, SEATTLE, WA 98122

by both first class and certified mail on February 18, 2015, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting.

VII. The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII. The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above described property.

IX. Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustees' Sale.

X. If the Borrower received a letter under RCW 61.24.031:

THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.

You have only 20 DAYS from the recording date on this notice to pursue mediation.

DO NOT DELAY.   CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW to assess your situation and refer you to mediation if you might eligible and it may help you save your home.  See below for safe sources of help.

### SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you.  If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission:
Telephone: (877) 894-4663 or (800) 606-4819   Website: www.wshfc.org

The United States Department of Housing and Urban Development:
Telephone: (800) 569-4287      Website: www.hud.gov

TS No WA08002195-14-1                    APN 912610-0140-09                    TO No 8488208

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys:
Telephone: (800) 606-4819    Website: www.homeownership.wa.gov

NOTICE TO OCCUPANTS OR TENANTS – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the Deed of Trust (the owner) and anyone having an interest junior to the Deed of Trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under the Unlawful Detainer Act, Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060;

Dated:  __03·27·2015__                 **MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee**

By: Athena Vaughn, Authorized Signatory

MTC Financial Inc. dba Trustee Corps
1700 Seventh Avenue, Suite 2100
Seattle WA 98101
Phone: (800) 409-7530
TDD: (800) 833-6388

**For Reinstatement/Pay Off Quotes, contact MTC Financial Inc. DBA Trustee Corps**

**TRUSTEE'S SALE INFORMATION CAN BE OBTAINED ONLINE AT www.insourcelogic.com**

STATE OF WASHINGTON
COUNTY OF KING

I certify that I know or have satisfactory evidence that ATHENA VAUGHN is the person who appeared before me, and said person acknowledged that she signed this instrument, on oath stated that she was authorized to execute the instrument and acknowledged it as the **Authorized Signatory for MTC Financial Inc. DBA Trustee Corps** to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated:  __3·27·2015__

Notary Public in and for the State of Washington

Residing at King County

My Commission expires 02/15/2019

Notary Public
State of Washington
KYLE PUTMAN
My Appointment Expires Feb 15, 2019

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

TS No WA08002195-14-1              APN 912610-0140-09                    TO No 8488208

Re: TS#: WA08002195-14-1

## RESIDENT OF PROPERTY
## SUBJECT TO FORECLOSURE SALE

The foreclosure process has begun on this property, which may affect your right to continue to live in this property.

One hundred and twenty days or more after the date of this notice, this property may be sold at foreclosure.

If you are renting this property, the new property owner may either give you a new rental agreement or provide you with a sixty-day notice to vacate the property.

You may wish to contact a lawyer or your local legal aid or housing counseling agency to discuss any rights that you may have.

TS No WA08002195-14-1          APN 912610-0140-09          TO No 8488208

TS No WA08002195-14-1          APN 912610-0140-09                    TO No 8488208

### NOTICE OF FORECLOSURE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24 RCW

To:   **KAREN D. SMITH, AS HER SEPARATE ESTATE**

Pursuant to the Revised Code of Washington, the attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1, the Beneficiary of your Deed of Trust and owner of the obligation secured thereby.  Unless the default(s) is/are cured, your property will be sold at auction on July 31, 2015.

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorney fees as set forth below by July 20, 2015 (11 days before the sale date).  To date, delinquent payments from July 1, 2007, arrears and costs are as follows:

| PAYMENT INFORMATION AS OF: | March 27, 2015 | July 20, 2015 |
|---|---|---|
| Payments | $360,710.69 | $386,696.29 |
| Late Charges | $2,111.07 | $2,111.07 |
| | | |
| **TOTALS** | **$362,821.76** | **$388,807.36** |

| BENEFICIARY'S ADVANCES, COSTS, AND EXPENSES DUE TO REINSTATE AS OF: | March 27, 2015 | July 20, 2015 |
|---|---|---|
| **TOTALS** | **$8,577.00** | **$8,577.00** |

| FORECLOSURE FEES AND COSTS DUE TO REINSTATE AS OF (Estimated Itemization): | March 27, 2015 | July 20, 2015 |
|---|---|---|
| Trustee's Fee | $1,125.00 | $1,125.00 |
| Trustee's Sale Guarantee | $1,251.59 | $1,251.59 |
| Recording Fees | $14.00 | $89.00 |
| Posting Notice of Default | $50.00 | $50.00 |
| Certified Mailing of Notice of Default (estimated) | $97.50 | $97.50 |
| Publication of Notice of Sale (estimated) | $0.00 | $1,700.00 |
| Posting of Notice of Sale | $0.00 | $50.00 |
| Certified Mailing of Notice of Sale (estimated) | $0.00 | $50.00 |
| | | |
| **TOTAL FEES & COSTS** | **$2,538.09** | **$4,413.09** |
| | | |
| **TOTAL TO REINSTATE** | **$373,936.85** | **$401,797.45** |

To pay off the entire obligation secured by your Deed of Trust as of March 27, 2015 you must pay a total of $356,250.00 in principal, $320,616.54 in interest, plus other costs and advances estimated to date in the amount of $676,866.54.  From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation secured by your Deed of Trust as of the payoff date.

As to the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust, you must cure each such default.  Listed below are the defaults which do not involve payment of money to the

TS No WA08002195-14-1               APN 912610-0140-09               TO No 8488208

Beneficiary of your Deed of Trust.  Opposite each such listed default is a brief description of the action necessary to cure the default and a description of the documentation necessary to show that the default has been cured.

Description of Action Required to Cure and Documentation Necessary to Show Cure:
$0.00 Property Tax – if paid, a copy of the paid tax receipt should be included with the reinstatement funds
$0.00 Insurance Advance – if paid, a copy of the paid receipt should be included with the reinstatement funds

You may reinstate your Deed of Trust and the obligation secured thereby at any time up to and including the July 20, 2015 (11 days before the sale date), by paying the amount set forth or estimated above and by curing any other defaults described above.  Of course, as time passes other payments may become due, and any further payments coming due and any additional late charges must be added to your reinstating payment.  Any new defaults not involving payment of money that occur after the date of this notice must also be cured in order to effect reinstatement.  In addition, because some of the charges can only be estimated at this time, and because the amount necessary to reinstate or to pay off the entire indebtedness may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay.  Tender of payment, in the form of cash, or cashiers' check or certified checks from State or federally chartered banks, or performance must be made to:

**MTC Financial Inc. dba Trustee Corps**
**TS No. WA08002195-14-1**
**1700 Seventh Avenue, Suite 2100**
**Seattle WA 98101**
**Phone: (800) 409-7530**
**TDD: (800) 833-6388**

AFTER July 20, 2015, YOU MAY NOT REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE.  The Trustee will respond to any written request for current payoff or reinstatement amounts within ten days of receipt of your written request.  In such a case, you will only be able to stop the sale by paying, before the sale, the total principal balance of $356,250.00 plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above.

You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held.  In such action, you may raise any legitimate defenses you have to this default.  A copy of your Deed of Trust and documents evidencing the obligation secured thereby are enclosed.  You may wish to consult a lawyer.  Legal action on your part may prevent or restrain the sale, but only if you persuade the court of the merits of your defense.  You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.

The court may grant a restraining order or injunction to restrain a Trustee's Sale pursuant to RCW 61.24.130 upon five days notice to the Trustee of the time when, place where and the judge before whom the application for the restraining order or injunction is to be made.  This notice shall include copies of all pleadings and related documents to be given to the judge.  Notice and other process may be served upon the Trustee at:

MTC Financial Inc. dba Trustee Corps
TS No. WA08002195-14-1
1700 Seventh Avenue, Suite 2100
Seattle WA 98101

TS No WA08002195-14-1                APN 912610-0140-09                TO No 8488208

Phone: (800) 409-7530
TDD: (800) 833-6388

If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if
you do not succeed in restraining the sale by court action, your property will be sold.  The effect of such
sale will be to deprive you and all those who hold by, through or under you of all interest in the property;

Dated:  _03·27·2015_                **MTC Financial Inc. dba Trustee Corps**

By: Athena Vaughn, Authorized Signatory

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under
Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does
not constitute an attempt to collect a debt or to impose personal liability for such obligation.  However, a
secured party retains rights under its security instrument, including the right to foreclose its lien.**