# Exhibit 6

Honorable Timothy A. Bradshaw
Hearing Date: February 5, 2016
Hearing Time: 9:00 AM
With Oral Argument

**RECEIVED**

DEC 3 1 2015

PETERSON RUSSELL KELLY PLLC

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Karen Smith, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MTC Financial, Inc. dba Trustee Corps, a Washington Corporation; Shellpoint Mortgage Servicing; Bank of New York Mellon f/k/a Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1, <br><br> Defendants. | NO. 15-2-17623-4 SEA <br><br> **MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. RELIEF REQUESTED

1.1   Plaintiff asks the court to grant summary judgment declaring that the statute of limitation, RCW 4.16.040 (six months), now bars defendants from foreclosing a deed of trust, or otherwise seeking to enforce a promissory note signed on February 9, 2007 in favor of Mortgage Solutions Management and now claimed to be enforceable by defendant Shellpoint Mortgage Servicing, thus clearing title on the plaintiff's home at 819 21st Avenue, Seattle, Washington.

## II. FACTS

MOTION FOR PARTIAL SUMMARY JUDGMENT - 1



Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

2.1     On or about February 9, 2007, the Plaintiff borrowed money from Mortgage Solutions Management, Inc., a California corporation doing business in Washington, and secured the loan (see Declaration of Karen Smith at Exhibit A) with a Deed of Trust (Smith Declaration, Exhibit B) on her residence at 819 21st Avenue, Seattle, WA 98122 and legally described as:

> LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY SATE COUNTY OF KING, STATE OF WASHINGTON.

2.2   On or about June 1, 2007, the Plaintiff ceased making payment on the loan because of financial hardship (Smith Declaration, paragraph 2).

2.3   On January 29, 2008, an agent for the lender commenced a non-judicial foreclosure of the Plaintiff's home (Notice of Default), which had the legal effect of declaring the entire loan due with only a right to "de-accelerate" the loan and reinstate it up until May 26, 2008, or the property would be sold at a Trustee's Sale on June 6, 2008. (Smith Declaration, Exhibit C, Notice of Default, Notice of Trustee's Sale).  That sale never took place and the lender essentially forgot about Ms. Smith for about 7 years. On March 27, 2015, the lender, through a different servicing agent, Shellpoint Mortgage Servicing (hereinafter "Shellpoint"), initiated another foreclosure, well beyond the 6-year bar on suing on a contract (assuming the initiation of a non-judicial foreclosure is "commencing an action"). In that Notice of Trustee's Sale (Smith Declaration, Exhibit D) at page 2 confirms that the last payment was made prior to July 2007, a full 8 years ago.

### III. **STATEMENT OF ISSUES**

1. Do defendants have authority to conduct this sale when the debt is time-barred?

2. Should this court quiet title as allowed in RCW 7.28.300?

3. Should the court award reasonable attorney fees?

MOTION FOR PARTIAL SUMMARY JUDGMENT - 2



Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

## IV. EVIDENCE

This motion is based upon the verified complaint and the records and files herein, including Declaration of Karen Smith of December 17, 2015, and exhibits thereto.

## V. LAW AND ARGUMENT

**A. The six year statute of limitations on a promissory note (RCW 4.16.040) begins to run when the note is accelerated or called due**

It is a well settled legal principal recognized by Washington courts, and courts all across the country, that the statute of limitations on a promissory note secured by a deed of trust begins to run on the date the promissory note is accelerated or called due by initiation of a foreclosure. This is a basic contractual principle. 31 Richard A. Lord, *Williston on Contracts* § 79:17, at 338 (4th ed.2004); 12 Am.Jur.2d, Bills & Notes § 581; *Bingham v. Lechner,* 111 Wash. App. 118 (2002).

This principal is well established and applied uniformly to other similar cases involving statute of limitations. *See* 62A.3-118. In *Kirsch v. Cranberry Financial, L.L.C.,* 178 Wash. App 1031 (2013), Division I of the Court of Appeals directly addresses this issue. "If an obligation that is to be repaid in installments is accelerated – either automatically by the terms of the agreement or by the election of the creditor pursuant to an optional acceleration clause – the entire remaining balance of the loan becomes due immediately and the statute of limitations is triggered for all installments that had not previously become due." *Kirsch v. Cranberry Financial, L.L.C.,* 178 Wash. App 1031 (2013).

A foreclosure in this case was initiated in January 2008 and the case was abandoned in 2009. *See,* verified complaint and Smith Declaration at Exhibit C. Another foreclosure was initiated in 2015 by Trustee Corp on behalf of Shellpoint with no payments made during the 7 year interim (Smith Declaration, Exhibit C).

The determination of when the loan was accelerated and therefore when the statute of

MOTION FOR PARTIAL SUMMARY JUDGMENT - 3



Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

limitations began to run is a question of fact. But, the language in the 2008 foreclosure that was served on the Plaintiff in January 2008 indicates that the lender had exercised its option to accelerate the note, allowing "de-acceleration" only if accomplished 11 days prior to the foreclosure sale date. Washington Real Property Deskbook, §47.11(6). Therefore, the statute of limitations began to run on the mortgage loan when the initial foreclosure was commenced, or at the very latest, 11 days prior to the sale scheduled that year, which would have been May 26, 2008.

Plaintiff has not made a payment on the note since well before the commencement of the first non-judicial foreclosure action in early 2008 (Smith Declaration). Defendants can produce no documents indicating receipt of any payment since mid-2007, as confirmed by recent notices. Also, the Deed of Trust itself has a provision stating acceleration occurs after the Notice of Default is sent and no reinstatement occurs within 30 days of the notice. (See Paragraph 2, Smith Deed of Trust, Smith Declaration at Exhibit B)

### B. Defendant is Entitled to Quiet Title of Her Property Due to the Expired Statute of Limitations

RCW 7.28.300 expressly authorizes the court to quiet title to the Plaintiff's property:

> The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien. RCW 7.28.300.

RCW 7.28.300 allows a quiet title action when an action to foreclose on a deed of trust is time-barred. *Westar Funding, Inc. v. Sorrels*, 157 Wash. App. 777 (2010) (holding when an action for foreclosure on a deed of trust is barred by the statute of limitations, RCW 7.28.300 authorizes an action to quiet title); *Walcker v. McLaughlin*, 79 Wash. App. 739 (1995) (the record owner of real estate may maintain an action to quiet title against the lien of

MOTION FOR PARTIAL SUMMARY JUDGMENT - 4



Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424

a mortgage on the real estate where an action to foreclose such mortgage would be barred by the statute of limitation).

## VI. PROPOSED ORDER

Proposed Order is attached.

## VII. CONCLUSION

In view of the foregoing, Plaintiff's motion should be granted, and attorney fees and costs awarded by subsequent motion.

DATED this **28** day of December, 2015.

_____
David A. Leen                WSBA #3516
Attorney for Karen Smith

MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-6022
FAX (206) 325-1424