Exhibit 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Honorable Timothy A. Bradshaw
Hearing Date:  March 4, 2016
Hearing Time: 11:00 AM.
With Oral Argument

RECEIVED

FEB 2 3 2018

KELLY PLLC

**SUPERIOR COURT OF WASHINGTON**
**FOR KING COUNTY**

KAREN SMITH, an individual,

              Plaintiff,

    vs.

MTC FINANCIAL, INC., d/b/a Trustee Corps, a
Washington corporation; SHELLPOINT
MORTGAGE SERVICING; and THE BANK
OF NEW YORK MELLON FKA THE BANK
OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE CWABS,
INC., Asset-Backed Certificates, Series 2007-
SD1,

              Defendants.

No. 15-2-17623-4 SEA

**DEFENDANTS' OPPOSITION TO**
**MOTION FOR PARTIAL SUMMARY**
**JUDGMENT**

       Defendants New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Shellpoint")

and the Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate

Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD-1 ("BONY," and

collectively "Defendants") hereby oppose plaintiff Karen Smith's ("Plaintiff") Motion for

Partial Summary Judgment ("Motion").

**I.      INTRODUCTION**

       In 2007, Plaintiff obtained a loan for $356,250 secured by real property commonly

known as 819 21st Avenue, Seattle, Washington (the "Subject Property").  Plaintiff has not paid

off her loan.  In fact, she admits that she has not made a loan payment since 2007, while she

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1  continues to maintain the use and possession of the Subject Property. Plaintiff offers no

2  explanation for her default. For 9 years, Plaintiff has worked with Defendants and the prior

3  servicers of her loan to negotiate loss mitigation options. She has attempted numerous loan

4  modifications, and also filed bankruptcy in 2008 to stave off foreclosure. None of Plaintiff's

5  modification efforts were successful, and Defendants therefore moved forward with setting a

6  foreclosure sale date for July 31, 2015. In yet another attempt to improperly avoid foreclosure,

7  Plaintiff filed this action alleging three causes of action for injunctive relief, violation of the

8  Consumer Protection Act, and intentional infliction of emotional distress. Plaintiff now moves

9  this court for Partial Summary Judgment because she claims that Defendants' cannot foreclose

10  on the Subject Property because the six-year statute of limitations bars such action.

11

12         The Court should deny Plaintiff's Motion for several reasons. First, the Motion seeks a

13  judgment to quiet title of the Subject Property. However, Plaintiff has not alleged a claim for

14  quiet title and the relief requested by the Motion is outside the scope of the Complaint and Rule

15  56. Second, the statute of limitations for a foreclosure sale has not expired. Plaintiff argues

16  that the statute began to run in May 2008, and expired in May 2014. However, the statute of

17  limitations was tolled for over two years when Plaintiff filed bankruptcy, and was engaged in

18  numerous loan modification reviews during which time the Subject Property could not be sold.

19  Third, Plaintiff is equitably estopped from claiming that the sale is barred by the statute of

20  limitations. Defendants and Plaintiff's prior loan servicers have worked diligently with Plaintiff

21  over the course of nearly 10 years to help her try to modify her loan. Defendants relied on

22  Plaintiff's requests to stay foreclosure sales, and did not foreclosure during the pendency of

23  loan modification reviews. Plaintiff cannot now attempt to prevent a foreclosure sale because

24  Defendants waited too long to proceed. Rather, Defendants gave Plaintiff a fair opportunity to

25  pursue loss mitigation options. These options have been extinguished, and Defendants should

26  not be precluded from proceeding with a sale.

27

28

Defendants' Opposition to Motion for Partial Summary Judgment - 2

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1    When viewed in the light most favourable to Defendants, it is clear that there are

2    genuine issues of material fact regarding the period of tolling of the statute of limitations.  If,

3    however, the Court finds that the evidence is not sufficient to create a triable issue of fact, the

4    Court should order a short continuance of Plaintiff's Motion to allow Defendants to conduct

5    discovery and further investigation of Plaintiff's loan history.

6    Plaintiff has continued to use and possess the Subject Property for over 9 years without

7    making a single mortgage payment.  It is improper and unjust to allow her to now take title to

8    the property free and clear of a loan that she freely obtained.[1]  Accordingly, the Court should

9    deny Plaintiff's Motion and request for attorneys' fees.

10   **II.    ARGUMENT**

11   **A.    Legal Standard For Summary Judgment**

12   Summary judgment is appropriate if the pleadings, depositions, answers to

13   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

14   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

15   matter of law.  CR 56(c).  A material fact is one on which the outcome of the litigation depends

16   in whole or in part.  *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886

17   (2008); *Morris v. McNicol*, 83 Wn.2d 491, 494, 519 P.2d 7 (1974).  In a summary judgment

18   motion, the burden is on the moving party to demonstrate that there is no genuine issue as to a

19   material fact and that, as a matter of law, summary judgment is proper.  *Hartley v. State*, 103

20   Wn.2d 768, 774, 698 P.2d 77 (1985).  The court construes all facts and reasonable inferences in

21   the light most favorable to the nonmoving party.  *Barber v. Bankers Life & Cas. Co.*, 81 Wn.2d

22   140, 142, 500 P.2d 88 (1972); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

23

24

25

26

27   _____

     [1] Plaintiff has had a long career in the real estate industry as an appraiser and is no stranger to

28   mortgage loans and her obligations therein.

Defendants' Opposition to Motion for Partial Summary Judgment - 3

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

**B.      Plaintiff's Request Is Outside The Scope Of Her Complaint**

"A party seeking to recover upon a claim, counterclaim, or cross claim, or to obtain a declaratory judgment may, after the expiration of the period within which the defendant is required to appear, or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." CR 56.  Here, Plaintiff's Motion seeks to quiet title to the Subject Property.  However, Plaintiff does not allege a claim to quiet title, or for declaratory relief. Plaintiff's Complaint alleges three causes of action for: (1) injunctive relief; (2) violation of Washington's Consumer Protection Act; and (3) intentional infliction of emotional distress. Plaintiff has not alleged a cause of action for quiet title or declaratory relief, and her Motion therefore seeks relief that is outside the scope of her Complaint.  Accordingly, Plaintiff's Motion should be denied for this reason alone.

**C.      Defendant Is Not Barred From Foreclosing On The Property Because Any Applicable Statute of Limitations Was Tolled**

Even assuming, arguendo, that Plaintiff's Motion properly seeks relief of a claim alleged in her Complaint, it fails as a matter of law because the statute of limitations for a foreclosure of the Subject Property has not expired.  Plaintiff argues that the six-year statute of limitations under RCW 4.16.040 applies to actions for foreclosure, and the statute began to run on May 26, 2008.  *See* Motion, 4:4-8.  Plaintiff, thus, suggests that any foreclosure sale must have been completed on or before May 26, 2014, and argues that that sale set for July 31, 2015 is barred by the applicable statute of limitations.  Plaintiff is wrong because a prior bankruptcy and multiple attempts to modify her loan tolled the statute of limitations as a matter of law pursuant to section RCW 4.16.230.  This statute states:

> When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action.

Defendants' Opposition to Motion for Partial Summary Judgment - 4

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1   Here, Plaintiff's bankruptcy and loan modifications tolled the statute of limitations, making the

2   July 31, 2015 sale date within the six-year statute of limitations for foreclosure.

3         **1.  Plaintiff's Bankruptcy Filing Tolled The Statute Of Limitations For Nearly**

4            **Eleven Months**

5         Section 362 governs the automatic stay in a bankruptcy proceeding, which goes into

6   effect immediately and prevents creditors and other parties from taking action against a debtor's

7   property.  Section 362 provides, in relevant part:

8
9       **(a)**  Except as provided in subsection (b) of this section, a petition filed
     under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303],
10  or an application filed under section 5(a)(3) of the Securities Investor
     Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay,
11  applicable to all entities, of— . . .
         **(3)**  any act to obtain possession of property of the estate or of property
12  from the estate or to exercise control over property of the estate;
         **(4)**  any act to create, perfect, or enforce any lien against property of the
13  estate;
         **(5)**  any act to create, perfect, or enforce against property of the debtor any
14  lien to the extent that such lien secures a claim that arose before the
15  commencement of the case under this title;
         **(6)**  any act to collect, assess, or recover a claim against the debtor that
16  arose before the commencement of the case under this title;

17
18  11 USCS § 362.  The stay arises *automatically by operation of law* upon filing of the

19  bankruptcy petition.  No court order is required to activate the stay.  *See* 11 USC § 362(a); *see*

20  *In re Mellor* (9th Cir. 1984) 734 F2d 1396, 1398; *In re Aldrich* (9th Cir. BAP 1983) 34 BR 776,

21  779.  Upon noticed motion by creditors or other interested parties, the bankruptcy court may

22  modify or vacate the stay.  *See* 11 USC § 362(d); FRBP 4001.

23        Here, Plaintiff filed a voluntary chapter 13 petition on June 5, 2008.  *See* Request for

24  Judicial Notice ("RJN"), Exhibit 1.  Upon filing of the petition, an automatic stay was

25  immediately placed on the Subject Property pursuant to section 362, preventing any foreclosure

26  sale.  On April 29, 2009, the stay was lifted with respect to the Subject Property by order of the

27  Court.  RJN, Exh. 2.  Thus, between June 5, 2008 and April 29, 2009, a statutory prohibition

28

Defendants' Opposition to Motion for Partial Summary Judgment - 5

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1    was in effect that prevented Defendants from proceeding with the sale of the Subject Property

2    and the statute of limitations for a foreclosure was thus tolled. *See* RCW 4.16.230. In total, the

3    bankruptcy filing had the effect of staying the statute of limitations by 10 months and 24 days.

### 2. The Statute Of Limitations Is Further Tolled By Numerous Loan Modification Reviews

6         Although Plaintiff admittedly has not made a mortgage payment since 2007, she has

7    engaged in numerous attempts to modify her loan. Each time Plaintiff attempted to modify the

8    terms of her loan, Defendants and the prior servicer of Plaintiff's loans were prohibited from

9    proceeding with foreclosure as a matter of law. Specifically, WAC § 208-620-900 requires a

10   servicer to stop a foreclosure sale under certain circumstances during loss mitigation:

> **(6)** Loss mitigation.
> **(a)** You must comply with all timelines and requirements for the federal HAMP or GSE modification programs if applicable, including denials and dual tracking prohibitions. If not using a HAMP or GSE loan modification program, you must:
> **(iv)** Review and consider any complete loan modification application before referring a delinquent loan to foreclosure.
> **(v)** Give a homeowner ten business days from your notice to them to correct any deficiencies in their loan modification application.
> **(vi)** Stop the foreclosure from proceeding further if you receive a complete loan modification application. See (a)(viii) and (ix) of this subsection.

20   WAC § 208-620-900(6)(a)(iv) – (vi). The practice of proceeding with a foreclosure sale while

21   a loan modification is pending, known as "dual-tracking," is also prohibited under federal law.

22   In February 2009, the Secretary of the United States Treasury announced a national loan

23   modification program—the Home Affordable Modification Program, or "HAMP"—funded and

24   authorized by the Troubled Asset Relief Program (TARP) created by the Emergency Economic

25   Stabilization Act of 2008. Under the HAMP, home mortgage loan servicers would be

26   compensated by the Treasury for providing homeowners that were at risk of default with

27   sustainable monthly payments. *Suntrust Mortg., Inc. v. Miller*, No. 32011-1-III, 2015 Wash.

28

Defendants' Opposition to Motion for Partial Summary Judgment - 6

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

App. LEXIS 476, at *3 (Ct. App. Mar. 5, 2015) (citing U.S. Dep'ts of Treasury & Hous. & Urban Dev., HAMP Suppl. Directive (SD) 09-01, at 1 (Apr. 6, 2009)).  In 2010 the United States Department of the Treasury promulgated HAMP supplemental directive 10-02, which states, "A servicer may not refer any loan to foreclosure or conduct a scheduled foreclosure sale *unless* and *until* at least one of the following circumstances exists: [¶] The borrower is evaluated for HAMP *and is determined to be ineligible for the program*." (Making Home Affordable (Mar. 24, 2010) Supplemental Directive 10-02, p. 5 <https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/sd1002.pdf/> [as of Dec. 21, 2015], last italics added (Supplemental Directive 10-02).)  HAMP Supplemental Directive 10-02 also provides a 30-day foreclosure moratorium following denial of a modification to permit borrowers to respond to the denial. "The servicer may not conduct a foreclosure sale within the 30 calendar days after the date of a Non-Approval Notice or any longer period required to review supplemental material provided by the borrower in response to a Non-Approval Notice unless the reason for the non-approval is" based on factors not pertinent here. (Supplemental Directive 10-02 at p. 5.)  "In other words, the servicer cannot foreclose until at least 30 days after the loan modification review is completed." *Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th 1293, 1302 (2015).

Here, Plaintiff was engaged in numerous loan modification reviews under both HAMP and other loss mitigation programs.

- On April 29, 2009, Plaintiff sent a request for a loan modification. *See* Declaration of Olivia Miller ("Miller Decl.") Exh. A-1 to A-4.  In this letter, Plaintiff "offer[s] insight into [her] current financial situation as it relates to [her] request for a loan Modification with Forgiveness of the arrears."  Plaintiff also references "past prior attempts to workout a solution with you to retain my home."

- On September 29, 2010, Plaintiff is involved in another loan modification review, and offers additional information about her financial situation. *Id.* at A-5.  Plaintiff writes

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

that it is her "hope that together we can put in place a win-win solution for all involved."

- On October 14, 2010, Plaintiff was engaged in a loan modification with her prior servicer, Bank of America. *Id.* at A-7 to A-8. Bank of America notifies Plaintiff that her loan application is missing documents, and that there will be a hold on any foreclosure sale until November 13, 2010 to give Plaintiff an opportunity to submit the missing documents. Bank of America's letter expressly states that Plaintiff "will not lose [her] home during the federal government's Home Affordable Modification Program evaluation." *Id.* at A-8.

- On March 9, 2011, Plaintiff was engaged in another loan modification with Bank of America. Bank of America again asks for additional documentation, and notifies Plaintiff that "no foreclosure sale will be conducted" and she "will not lose [her] home during the Home Affordable Modification Program evaluation" before March 24, 2011. *Id.* at A-9. This modification application was denied on March 21, 2011. *Id* at A-12. Although Plaintiff's application was denied, she was given an opportunity to appeal the denial, and Bank of America expressly stated that any hold on a foreclosure sale of the Subject Property "will continue and remain in effect while [Plaintiff] is considered for other foreclosure avoidance programs. *Id.* at A-12. Plaintiff appealed the denial on April 19, 2011. *Id.* at A-14 to A-16. Plaintiff continued to send Bank of America correspondence about her appeal on July 11, 2011 and August 10, 2011. *Id.* at A-16 to A-17. On September 27, 2011, Bank of America denied the appeal. *Id.* at A-18.

- On May 23, 2012, June 12, 2012, and July 12, 2012, Plaintiff was engaged in yet another loan modification review with Bank of America. *Id.* at A-21 to A-25. On August 3, 2012, Bank of America denied Plaintiff's loan modification application. *Id.* at A-29.

Defendants' Opposition to Motion for Partial Summary Judgment - 8

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

- On October 2, 2012, Bank of America again denied Plaintiff's request for a home loan modification. *Id.* at A-31.

- On January 29, 2014, Plaintiff began yet another loan modification review with Resurgent Mortgage Servicing, a prior servicer of her loan. Resurgent expressly notified Plaintiff that "during the evaluation process, your property will not be referred to foreclosure or be sold at a foreclosure sale if the foreclosure process has already been initiated." *Id.* at A-34 to A-41. Plaintiff's application was denied on March 7, 2014. *Id.* at A-42. Notwithstanding the denial, Plaintiff was given 30 days to submit supplemental information during which time "a foreclosure sale [would] not be conducted" and Plaintiff would not lose her home. *Id.* at A-42.

- On April 28, 2014, Plaintiff was engaged in another loan modification. Once again, Plaintiff was notified that the Subject Property would not be sold at a foreclosure sale during the pendency of the review. *Id.* at A-43. On May 21, 2014, Plaintiff submitted additional information for consideration for her loan modification review. Plaintiff's loan modification application as ultimately denied.

During the course of Plaintiff's loan modification reviews, Defendants (and Plaintiff's prior loan servicers) were prohibited from proceeding with a foreclosure sale of the Subject Property. Accordingly, any statute of limitations on a foreclosure sale was stayed during the pendency of the loan modification reviews.

3.     **The Statute Of Limitations Was Tolled Through At Least July 31, 2015, The Date of The Foreclosure Sale**

Plaintiff argues that the six-year statute of limitations began to run on May 26, 2008. *See* Motion, 4:4-8. Plaintiff, thus, suggests that any foreclosure sale must have been completed on or before May 26, 2014, and argues that that sale set for July 31, 2015 is barred by the applicable statute of limitations. However, Plaintiff does not take into consideration the

Defendants' Opposition to Motion for Partial Summary Judgment - 9

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1    automatic stay on the Subject Property during the pendency of her bankruptcy case, or the

2    numerous periods in which she was engaged in a loan modification review.

3        Based on Plaintiff's argument that the statute began to run on May 26, 2008, the statute of

4    limitations need only be tolled for 1 year, 2 months, and 5 days—the period between May 26,

5    2014 and July 31, 2015—for the July 31, 2015 sale date to be within the six-year statute of

6    limitations.   As set forth above, and as summarized in the table below, the statute of limitations

7    was tolled well beyond the July 31, 2015 sale date.

8

9

| Tolling Event | Amount of Time Tolled |
|---|---|
| Plaintiff's Bankruptcy, filed on July 5, 2008; order lifting stay entered April 29, 2009. | 10 months, 24 days |
| Plaintiff's April 2009 loan modification review. | 30 days |
| Plaintiff's September 2010 loan modification review. | 30 days |
| Plaintiff's October 2010 HAMP loan modification review. | 30 days[2] |
| Plaintiff's HAMP loan modification review beginning March 9, 2011, and ending September 27, 2011. | 6 months, 18 days |
| Plaintiff's loan modification review beginning May 23, 2012, and ending August 3, 2012. | 2 months, 11 days |
| Plaintiff's loan modification review beginning January 29, 2014, and ending April 7, 2014 (including the appeal period). | 2 months, 8 days |
| Plaintiff's loan modification review in April 2014. | 30 days |
| **TOTAL TIME TOLLED** | **26 months, 1 day[3]** |

22    The statute of limitations was tolled a total of 26 months, 1 day, or 2 years, 2 months,

23    and 1 day.  In other words, if the statute of limitations began to run on May 26, 2008, it did not

24    expire 6 years, *plus* 2 years, 2 months, and 1 day, which is July 27, 2016—five months from the

25

26    [2] The time calculations in this table are conservative estimates because HAMP requires a stay on

27    foreclosure for at least 30 days.

28    [3] For purposes of this summary, 30 days is calculated as one month.

Defendants' Opposition to Motion for Partial Summary Judgment - 10

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1  date of this Opposition.  Defendants' noticed a sale date for July 31, 2015, and this date is well

2  within the six-year statute of limitations to foreclose on the Subject Property.

3        In ruling on Plaintiff's Motion, the Court must view the evidence in the light most

4  favourable to Defendants, the non-moving party.  And the undisputed material facts show that

5  for 26 months, and 1 day, Defendants (and the prior servicers of Plaintiff's loan) were

6  prohibited as a matter of law from conducting a foreclosure sale on the Subject Property

7  because Plaintiff was either in bankruptcy, or engaged in loss mitigation.  By adding this time

8  to the six-year statute of limitations, the statute of limitations has not expired, and Plaintiff's

9  request for relief should be denied.  At a minimum, it is clear that a genuine issue of material

10  facts exists as to the tolling of the statute of limitations.  Accordingly, Plaintiff's Motion should

11  be denied.

12    **D.      Plaintiff's Request For Relief Is Barred By The Doctrine Of Equitable Estoppel**

13        Plaintiff's Motion should also be denied because she is equitably estopped from seeking

14  quiet title to the Subject Property based on a statute of limitations bar.  Equitable estoppel is an

15  affirmative defense, which may apply where an admission, statement, or act has been

16  detrimentally relied on by another party. *Campbell v. Dep't of Soc. & Health Servs.*, 150 Wn.2d

17  881, 902, 83 P.3d 999 (2004).  "The principle of equitable estoppel is based upon the reasoning

18  that a party should be held to a representation made or position assumed where inequitable

19  consequences would otherwise result to another party who has justifiably and in good faith relied

20  thereon." *Wilson v. Westinghouse Elec. Corp.*, 85 Wn.2d 78, 81, 530 P.2d 298 (1975).  To

21  establish equitable estoppel, the party asserting the defense must prove the following elements by

22  clear, cogent, and convincing evidence: (1) a party's admission, statement, or act which is

23  inconsistent with its later claim; (2) reasonable reliance by another party on that admission,

24  statement, or act; and (3) injury to the relying party if the first party is permitted to repudiate or

25  contradict the earlier statement or action. *Campbell*, 150 Wn.2d at 902.

26        Here, Defendants and the prior loan servicers worked diligently with Plaintiff to help her

27

28

Defendants' Opposition to Motion for Partial Summary Judgment - 11

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

stay in the Subject Property. Plaintiff made countless pleas to her loan servicers to work with her to modify her loan and to allow her to keep a home despite the fact that she had no made a single payment since 2007. *See, e.g.*, Miller Decl. at A1 to A5, A38 to A39. During the pendency of the reviews, the servicers agreed not to sell the Subject Property. Indeed, had a sale proceeded while Plaintiff was engaged in a loan modification review, Defendants would potentially be subject to suit for countless other violations. Plaintiff asked Defendants not to sell her home so that she could try to modify her loan. *See, eg., id.* Defendants honored that request and did not sell the Subject Property. After numerous unsuccessful attempts to modify the loan, Defendants proceeded by setting a new sale date of July 31, 2015. Plaintiff then filed this action to stop the sale, and asks the Court to quiet title to the Subject Property in Plaintiff's name because Defendants waited too long to sell the Subject Property. Such relief would injure and punish Defendant for complying with the law, and for accommodating Plaintiff's requests to stay foreclosure proceedings to work on a modification. Defendants should not be penalized for trying to help Plaintiff modify her loan. Plaintiff has already had the benefit of remaining in her house without making a single loan payment since 2007—she should not be entitled to a windfall by allowing her to keep the Subject Property free and clear. Accordingly, Plaintiff is equitably estopped from obtaining the relief requested.

**E.      In The Alternative, The Court Should Continue The Hearing On Plaintiff's Motion To Allow Further Discovery With Respect To Plaintiff's Prior Loan Modifications**

Under CR 56(f), if it appears from the affidavits that facts essential to justify opposition to the motion cannot be presented the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be taken. Although CR 56(f) does not expressly require a motion for continuance, such a motion could be made in accordance with CR 6(b). *In Cofer v. Pierce County*, 8 Wn.App. 258, 263-64, 505P.2d476 (1973) ("A failure to accord the non-moving party a reasonable opportunity to show the

Defendants' Opposition to Motion for Partial Summary Judgment - 12

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

existence of an issue of material fact constitutes an abuse of discretion."). CR 56(f) is to be applied with a spirit of liberality. *See Coggle v. Snow*, 56 Wn.App. 499, 508, 784 P.2d 554 (1990) ("The primary consideration in the trial court's decision on the motion for a continuance should have been justice.").

As set forth in the Declaration of Olivia Miller concurrently submitted, defendant Shellpoint is the current servicer for the beneficiary of Plaintiff's loan, BONY. Miller Decl. at ¶ 1. Shellpoint maintains the account records for Plaintiff's loan, including those of the prior lender and servicers of the loan. *Id*. at ¶ 2. While these documents are more than sufficient to establish the requisite tolling of the statute of limitations, additional discovery and investigation will likely reveal additional facts regarding the loan history that further establish periods in which the statute of limitations was tolled. Thus, to the extent the Court does not believe the evidence presented sufficiently creates a genuine issue of material fact, Defendants request a short continuance of the hearing on Plaintiff's Motion to conduct discovery and further investigate Plaintiff's account history going back to 2007. A short continuance will not prejudice Plaintiff, and will further the interests of justice.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff is not entitled to judgment as a matter of law, and the Court should deny Plaintiff's Motion and request for attorneys' fees.

DATED: February 22, 2016.

DONALD G. GRANT, WSBA#15480
Of Counsel for Defendants New Penn Financial,
LLC, d/b/a Shellpoint Mortgage Servicing; and
The Bank of New York Mellon

Defendants' Opposition to Motion for Partial Summary Judgment - 13

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1

## CERTIFICATE OF SERVICE

2

I certify that I served the foregoing pleading on the following on February 22, 2016, as follows:

3

David A. Leen

4

Leen & O'Sullivan, PLLC
520 E. Denny Way

5

Seattle, WA 98122-2138
Of Counsel for Plaintiff

6

E-MAIL: david@leenandosullivan.com

7

Michael S. DeLeo

8

Peterson Russell Kelly PLLC
10900 NE 4th Street, Suite 1850

9

Bellevue, WA 98004-8341
Of Counsel for Defendant MTC Financial, Inc., d/b/a Trustee Corps

10

E-MAIL: mdeleo@prklaw.com

11

_x_ by directly e-mailing a true copy thereof to his or her e-mail address listed above.

12

13

_x_ by mailing a true copy of the pleading to the plaintiff at his address listed above.

14

15

DONALD G. GRANT, P.S.

16

17

18

DONALD G. GRANT, WSBA#15480
Of Counsel for Defendants

19

20

21

22

23

24

25

26

27

28

Defendants' Opposition to Motion for Partial Summary Judgment - 14

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL : don@dongrantps.com

1

2                                                              RECEIVED

3                                                              FEB 2 3 2016

4                                                         PETERSON RUSSELL KELLY PLLC

5

6

7                        **SUPERIOR COURT OF WASHINGTON**

8                            **FOR KING COUNTY**

9    KAREN SMITH, an individual,                    No. 15-2-17623-4 SEA

10                  Plaintiff,

11        vs.                                        **DEFENDANTS' REQUEST FOR**
                                                     **JUDICIAL NOTICE IN SUPPORT OF**
12   MTC FINANCIAL, INC., d/b/a Trustee Corps, a     **OPPOSITION TO MOTION FOR**
     Washington corporation; SHELLPOINT             **PARTIAL SUMMARY JUDGMENT**
13   MORTGAGE SERVICING; and THE BANK
     OF NEW YORK MELLON FKA THE BANK
14   OF NEW YORK, AS TRUSTEE FOR THE
     CERTIFICATE HOLDERS OF THE CWABS,
15   INC., Asset-Backed Certificates, Series 2007-
16   SD1,

17                  Defendants.

18

19        Defendants New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Shellpoint")

20   and the Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate

21   Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD-1 ("BONY," and

22   collectively "Defendants") hereby request that the Court take judicial notice of the following in

23   support of its opposition to plaintiff Karen Smith's ("Plaintiff") Motion for Partial Summary

24   Judgment:

25        **Exhibit 1**:  Plaintiff's voluntary chapter 13 petition filed June 5, 2008 in the Western

26        District of Washington, Case Number 08-13473-PHB ("Plaintiff's Bankruptcy Case").

27

28

Defendants' Request for Judicial Notice - 1                    Donald G. Grant, P.S.
                                                              Attorneys and Counselors at Law
                                                              Washougal Town Square, Ste 245
                                                              1700 Main Street
                                                              Washougal, WA 98671
                                                              TEL: (360) 694-8488
                                                              FAX: (360) 694-8688
                                                              E-MAIL: don@dongrantps.com

1   **Exhibit 2**: Order Granting Relief From Stay entered on April 29, 2009 in Plaintiff's

2   Bankruptcy Case.

3   The Court should take judicial notice of Exhibits 1 and 2 pursuant to Washington Rule of

4   Evidence 201.  Specifically, the filings in Plaintiff's bankruptcy proceeding are not subject to

5   reasonable dispute, are generally known within the territorial jurisdiction of this court, and

6   capable of accurate and ready determination by reviewing sources whose accuracy cannot be

7   reasonably questioned.  *See* ER 201(b).  Moreover, judicial notice of Exhibits 1 and 2 is

8   mandatory where, as here, it is "requested by a party and supplied with the necessary

9   information."  *See* ER 201(d); *see also McGhan v. Rutz* (*In Re McGhan*), 288 F.3d 1172, 1180

10  (9th Cir. 2002) ("It plainly was in the power of the state court to take judicial notice of

11  McGhan's [bankruptcy] proceedings.").  Accordingly, the Court should take judicial notice of

12  Exhibits 1 and 2, attached hereto.

13

14  DATED: February 22, 2016.

15

16

17  DONALD G. GRANT, WSBA#15480
    Of Counsel for Defendants New Penn Financial,

18  LLC, d/b/a Shellpoint Mortgage Servicing; and
    The Bank of New York Mellon

19

20

21

22

23

24

25

26

27

28

Defendants' Request for Judicial Notice - 2

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1

## CERTIFICATE OF SERVICE

2    I certify that I served the foregoing pleading on the following on February 22, 2016, as follows:

3    David A. Leen
     Leen & O'Sullivan, PLLC
4    520 E. Denny Way
5    Seattle, WA 98122-2138
     Of Counsel for Plaintiff
6    E-MAIL: david@leenandosullivan.com

7
     Michael S. DeLeo
8    Peterson Russell Kelly PLLC
     10900 NE 4th Street, Suite 1850
9    Bellevue, WA 98004-8341
10   Of Counsel for Defendant MTC Financial, Inc., d/b/a Trustee Corps
     E-MAIL: mdeleo@prklaw.com
11

12   _x_ by directly e-mailing a true copy thereof to his or her e-mail address listed above.

13   _x_ by mailing a true copy of the pleading to the plaintiff at his address listed above.

14

15                                          DONALD G. GRANT, P.S.

16

17                                          _____

18                                          DONALD G. GRANT, WSBA#15480
                                            Of Counsel for Defendants
19

20

21

22

23

24

25

26

27

28

Defendants' Request for Judicial Notice - 3

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

**EXHIBIT 1**

Official Form 1 (10/06)

| **United States Bankruptcy Court**<br>**WESTERN DISTRICT OF WASHINGTON** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Smith, Karen, D.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**dba K Delores & Associates** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):   **6471** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**819 21st Ave**<br>**Seattle, WA**   ZIP CODE: **98122** | Street Address of Joint Debtor (No. and Street, City, and State):   ZIP CODE: |
| County of Residence or of the Principal Place of Business:   **King** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**PO Box 22417**<br>**Seattle, WA**   ZIP CODE: **98122** | Mailing Address of Joint Debtor (if different from street address):   ZIP CODE: |
| Location of Principal Assets of Business Debtor (if different from street address above):   ZIP CODE: | |

**Type of Debtor**
(Form of Organization) (Check one box.)

■ Individual (includes Joint Debtors)
   *See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities,check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)**

☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
■ Chapter 13
☐ Chapter 15 Petition for Recognition of Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose
☐ Debts are primarily business debts

**Filing Fee** (Check one box.)

☐ Full Filing Fee Attached
■ Full Fee to be paid in installments (applicable to individuals only). Must attached signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attached signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check One Box:**
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. §101 (51D).
**Check if:**
☐ Debtor's aggregated noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2 million.
**Check all applicable boxes:**
☐ A plan is being filed with this petition
☐ Acceptances of the plan were solicited prepetition from one or more of classes of creditors, in accordance with 11 U.S.C. §1126 (b)

**Statistical/Administrative Information**
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ☐ $10,000 to $100,000 | ■ $100,000 to $1 million | ☐ $1 million to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,000 to $100,000 | ■ $100,000 to $1 million | ☐ $1 million to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Case 08-13473-PHB   Doc 1   Filed 06/05/08   Ent 06/05/08 15:42:05   Pg 1 of 8

Official Form 1 (10/0                                                                                   Form B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: **Western District of Washington** | Case Number: **05-30622** | Date Filed: **12/14/2005** |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐      Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>x      **/s/ Lance L. Lee**                    **6/5/2008**<br>         Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐      Yes, and Exhibit C is attached and made a part of this petition.

■      No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■      Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

        Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

■      Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐      There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐      Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐      Landlord has a judgment against the debtor for possession of debtor's residence  (If box checked, complete the following.)

                                                _____
                                                (Name of landlord that obtained judgment)

                                                _____
                                                (Address of landlord)

☐      Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐      Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition

| Official Form 1 (10/06) | Form B1, Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):   **Karen D. Smith** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X  **/s/ Karen D. Smith**<br>_____<br>Signature of Debtor<br><br>X  _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>**June 5, 2008**<br>_____<br>Date | X  _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X  **/s/ Lance L. Lee**<br>_____<br>Signature of Attorney for Debtor(s)<br><br>**Lance L. Lee**<br>_____<br>Printed Name of Attorney for Debtor(s)<br><br>**Law Offices of Lance L. Lee**<br>_____<br>Firm Name<br><br>**1001 Fourth Ave Ste 3200, Seattle, WA  98154-1003**<br>_____<br>Address<br><br>**(206) 332-9841**<br>_____<br>Telephone Number<br><br>**June 5, 2008**<br>_____<br>Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** | _____<br>Address |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  _____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Indivdual<br><br>_____<br>Date | X  _____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of the title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. §156* |

Official Form 1, Exhibit D (10/06)

# UNITED STATES BANKRUPTCY COURT

## Western District of Washington

In re ___Karen D. Smith_____     Case No. _____
Debtor(s)                     (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1.   Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2.   Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

Official Form 1, Exh. D (10/06) – Cont.

☐   3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize Exigent Circumstances here.]*

----------

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐   4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

     ☐   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

     ☐   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

     ☐   Active military duty in a military combat zone.

☐   5.   The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

     **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   <u>/s/ Karen D. Smith</u>

Date:   <u>June 5, 2008</u>

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

IN RE:

Karen D. Smith

CASE NO.:

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verifies that the attached list of creditors is

true and correct to the best of my (our) knowledge.

Date:   June 5, 2008

/s/ Lance L. Lee
Attorney for Debtor(s)
                                         - OR -

/s/ Karen D. Smith
Debtor

Joint Debtor

Bank of America
PO Box 2463
Spokane, WA  99210-2463

Capital One Bank
PO Box 30285
Salt Lake City, UT  84130-0285

Capital One Bank
PO Box 85502
Richmond, VA  23285-5502

Capital One Bank
PO Box 85617
Richmond, VA  23285-5617

Countrywide Home Loans
400 Countrywide Wy
Simi Valley, CA  93065

Dell Financial Services
PO Box 80409
Austin, TX  78708-0409

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA  19114-0326

Mortgage Solutions Management Inc
8598 Utica Ave #100
Rancho Cucamonga, CA  91730

Value City
PO Box 15521
Wilmington, DE  19850-5521

Virginia Burdette
600 Stewart St Ste 620
Seattle, WA  98101-1261

Watermark Credit Union
800 Stewart St
Seattle, WA  98101-1362

Watermark Credit Union
PO Box 24927
Seattle, WA  98124-0927

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

In re:  ___Karen D. Smith_____        Case No._____.
                Name of Debtor(s)
                                                                    (If Known)

1.  Pursuant to 11 U.S.C. ' 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $___1,800.00_

Prior to the filing of this statement I have received. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $___1,000.00_

Balance Due. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $_____800.00_

2.  The source of the compensation paid to me was:

    ■  Debtor        ☐ Other *(specify)*

3.  The source of compensation to be paid to me is:

    ■  Debtor        ☐ Other *(specify)*

4.          ■      I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐      I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

    c.  Representation of the debtor at the meeting of creditors and confirmation hearing.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:  Adversary proceedings, contested hearing, continued Meetings of Creditors

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

___June 5, 2008_____        /s/ Lance L. Lee_____
*Date*                                                  *Signature of Attorney*

                                                        Law Offices of Lance L. Lee_____
                                                        *Name of Law Firm*

# EXHIBIT 2

Entered on Docket Apr. 29, 2009

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE    (425) 458-2121
FACSIMILE    (425) 458-2131

Honorable Judge Philip H. Brandt
Chapter 13
Hearing Location: Seattle
Hearing Date: April 30, 2009
Hearing Time: 9:00 am
Response Date: April 23, 2009

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Karen D Smith<br><br>                          Debtor. | No.: 08-13473-PHB<br><br>ORDER GRANTING RELIEF FROM STAY<br>To Countrywide Home Loans Servicing, LP, as<br>servicer for the Bank of New York Mellon as<br>Trustee for the Certificateholders of CWABS<br>Asset-backed Notes Trust 2007-SD1 |

This matter came before the Court upon Countrywide Home Loans Servicing, LP, as servicer for the Bank of New York Mellon as Trustee for the Certificateholders of CWABS Asset-backed Notes Trust 2007-SD1's motion for relief from stay.  It appears for the reasons stated in the motion that the stay should be lifted as to enforcement of the deed of trust that is the subject of Countrywide Home Loans Servicing, LP, as servicer for the Bank of New York Mellon as Trustee for the Certificateholders of CWABS Asset-backed Notes Trust 2007-SD1's motion and further as to the property located at 819 21st Avenue, Seattle, Washington 98122 ("Property") and legally described as set forth in the Deed of Trust attached as an exhibit to the motion.  NOW, THEREFORE, IT IS HEREBY:

ORDERED that, pursuant to 11 U.S.C. § 362(d), the automatic stay is terminated as to Countrywide Home Loans Servicing, LP, as servicer for the Bank of New York Mellon as Trustee for the Certificateholders of CWABS Asset-backed Notes Trust 2007-SD1, its successors and assigns, so

Order Granting Relief From Stay
Page - 1

ROUTH CRABTREE OLSEN, P.S.<br>3535 FACTORIA BLVD SE, SUITE 200<br>BELLEVUE, WA 98006<br>TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 08-13473-PHB   Doc 28   Filed 04/29/09   Ent 04/29/09 11:43:00   Pg 1 of 2

1   that it may pursue its state remedies to enforce its security interest in the Property and/or as to

2   enforcement of the deed of trust that is the subject of Countrywide Home Loans Servicing, LP, as

3   servicer for the Bank of New York Mellon as Trustee for the Certificateholders of CWABS Asset-

4   backed Notes Trust 2007-SD1's motion.  Creditor, its successors and assigns, may, at its option,

5   offer, provide and enter into any potential forbearance agreement, loan modification, refinance

6   agreement or other loan workout/loss mitigation agreement and may contact the Debtor via telephone

7   or written correspondence to offer such an agreement, which shall be non-recourse unless included in

8   a reaffirmation agreement.

9

10          IT IS FURTHER ORDERED that the order shall be effective immediately notwithstanding

11  the provisions of F.R.B.P 4001(a)(3) and that the order shall be effective as to any chapter under

12  which the present case may be converted absent further order of this court.

13

14

15

16

17  Presented by:
    **ROUTH CRABTREE OLSEN, P.S.**

    Philip H. Brandt
    **United States Bankruptcy Judge**
    (Dated as of "Entered on Docket" date above)

18  /s/ Mark Moburg

19  Mark Moburg, WSBA# 19463
    Attorneys for Creditor

20

21

22

23

24

25

26

Order Granting Relief From Stay
Page - 2

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

RECEIVED

FEB 2 3 2018

PETERSON RUSSELL KELLY PLLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SUPERIOR COURT OF WASHINGTON
## FOR KING COUNTY

KAREN SMITH, an individual,

    Plaintiff,

    vs.

MTC FINANCIAL, INC., d/b/a Trustee Corps, a
Washington corporation; SHELLPOINT
MORTGAGE SERVICING; and THE BANK
OF NEW YORK MELLON FKA THE BANK
OF NEW YORK, AS TRUEE FOR THE
CERTIFICATE HOLDERS OF THE CWABS,
INC., Asset-Backed Certificates, Series 2007-
SD1,

    Defendants.

No. 15-2-17632-4

**DECLARATION OF OLIVIA MILLER**

DECLARATION OF OLIVIA MILLER

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF OLIVIA MILLER

I, Olivia Miller, declare:

1.      I am an authorized representative for New Penn Financial dba Shellpoint Mortgage Servicing ("Shellpoint").  Shellpoint is the authorized servicer of Plaintiff Karen Smith's ("Plaintiff") loan at issue in this action on behalf of the beneficiary, the Bank of New York Mellon fka the Bank of New York as trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1 ("BONY").  I am over the age of 18 and am competent to testify to the facts declared below, and could testify truthfully to them if required.

2.      In preparing this Declaration, I have relied on my personal knowledge of, and experience in, the business operations of Shellpoint as well as a review of the account records maintained by Shellpoint, which includes the accounts that Shellpoint manages on behalf of BONY.  As part of my job duties, I have the ability to access and review account records for individual borrowers.  These account records are made by persons with knowledge of the matters they record, or from information supplied by persons with such knowledge, and are made at or near the time of the event recorded.  It is Shellpoint's practice to maintain such files and documents in the regular course of its business.

3.      Attached hereto as **Exhibit A** is true and correct copy of correspondence from Plaintiff's loan file relating to her attempts to modify her loan.

4.      As shown in the attached exhibits, Plaintiff was engaged in a numerous loan modification reviews.  Shellpoint did not proceed with any foreclosure sale of Plaintiff's property while she was being reviewed for a loan modification.

DECLARATION OF OLIVIA MILLER

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

1        I declare under penalty of perjury under the laws of the state of Washington and the

2    United States that the foregoing is true and correct.  Executed on February 19, 2016, in

3    Greenville, South Carolina.

4

5

6                        Olivia Miller

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF OLIVIA MILLER

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

# EXHIBIT A

April 29, 2009


Countywide Home Loans/Bank of America
Attn: Home Retention Department
     Making Home Affordable Plan
P.O. Box 5170
Simi Valley, CA 93062-5170
Fax: 800 658 0395

RE: Loan Modification Request for Loan #164229364
    Property Address 819 21st Avenue, Seattle, WA 98122


Hello Home Retention Department,

I am writing to offer insight into my current financial situation as it relates to my request
for Loan Modification with Forgiveness of the arrears.  Since my past prior attempts to
workout a solution with you to retain my home (Letters are attached) a lot has changed.
As we are all aware the impact of the current economic conditions in the World,
Country and now here in Washington State have actually given me hope that the time
has come to receive the help I so desperately needed through the governments Making
Home Affordable Program.

I have worked as a Residential Real Estate Appraiser going on 19 years and have owned
my home going on 25 years. As mentioned in my first and second written request for
assistance, my home is very important to me and I have invested a lot of time, energy
and money into maintaining it. My understanding is that this time there is truly hope
now to find a workable solution available to give me time to get back on track with a
viable option that will enable me to meet my monthly mortgage obligations. I want you
to know that I have been doing everything within my power to hold on to my home and
I am so very excited that my struggle is nearing the end and what I feel was a grave
injustice can now be made right.

I currently have an almost 12% Interest Only Adjustable Loan.  Yeah, it is hard to say!
The most disturbing thing about it is how I ended up with it.  Know that I am not making
any excuses and I take full responsibility for my actions or lack thereof! But the Loan
Modification Counselor I spoke with in my community told me that I should tell you the
story. They also informed me that you had the ability to forgive the arrears owed on my
loan, as well that you also have the ability to give me a fixed rate loan at a rate as low as
2% for up to 5 years.

1

Exhibit A-1

Acct# 164229364

I started looking for a new loan in July of 2006 as a way to stable my financial future. Back then you could not have told me even with some credit constraints due to being self employed that I could not get a 8-9% loan by September. Plus at the time my home had plenty of equity, as I have always made it a point to make sure that my loan to value ratio stayed below 65%. Being a single, self employed, homeowner I always believed that my home would be the main asset toward my retirement.

The Mortgage Broker I choose was one of my clients. As an appraiser you can always tell a lot about a Lender based on the types of homes you appraiser and the home owners you meet. So I was really confident that this Broker was capable of completing my loan in a timely manner and I expected the rate to be higher than par. Well two months passed, still waiting on my loan to close. Sometime in mid September her attitude began to change, though not sure why, I choose to stick it out with her. This is the mistake I take full responsibility for. I should have found someone else when I knew something did not fell right. I also should have known something was up as she kept trying to sell me on some investor she had who was very interested in doing my loan.

But I trusted that she had my best interest at heart as we had had a great working relationship for about two years. Plus I had seen first hand her commitment to her clients, in which most were older, hardworking, well established business people as myself. She displayed an enormous passion and work ethic for the work she did, but more importantly she always exuded the charter and integrity required from someone in her position.

To make a long story short, she kept leading me on saying this week, next week, Yada, Yada, Yada... Now it is, I think some time in mid November and my home is in foreclosure. Though, she kept assuring me that the loan was going to close real soon. The end year was nearing and I am beside myself, thinking the worst, as I scramble to work to stave off my creditors. So as my foreclosure date is near, of course now her story is that the loans available to me are limited. I am sure you can imagine my thoughts, as I am kicking myself for sticking with her this long. Well, I will never forget the day January 31st, 2007 when she called me to inform me that the investor pulled out. She went so far to tell me how they (her and the investor whom I later learned was a guy who shared office space with) were in her office discussing which one of them I would sale my home too. She stated that he informed her that he figured that if he stalled long enough to push my back against the wall to where I was out of time and options I would sale him my home. So, per the Broker an argument ensued as to where she was telling him that I would sale to her before I would him. I am sure you can imagine I was just livid!!! I was even angrier at myself!!! Then to throw salt on the wound, in the end it was amazing how she was able to find me a loan in less than a week and have it closed in no time. I think I signed the papers around the 12th under sheer duress and it closed around the 16th or so. Not sure because I could not and cannot even bring myself to look at how I was ripped off and set up. It was pure extortion!!! I do know I paid over $25,000 in fees in which she got close to $9,000.

2

Exhibit A-2

06/11/2009  12:56     206-329-9923              K DELORES & ASSOC              PAGE  15/26

Acct#16422936

The other part that really gets me is how over the months she owed me about $3,000 in outstanding appraisal fees in which she paid me with my own money!!! I have always wondered if this was even legal!!! But, I just could not bring myself to deal with it at the time.

I guess the thing that gets me the most is I work in the industry, I should have known more and been smarter. But I realize that I am human, when it comes to my home like most homeowners the pressure and stress of the struggle out weigh your mind functioning. It is like when you are being pressed with the thought of losing your home, it is as if the fear over takes you. It really makes you wonder why people are killing themselves and or destroying the property. For a person in my business it really breaks my heart! As an appraiser I go into peoples homes and I see how hard they work, the pride they have for their homes, the look in their eyes, the expressions on their faces, the shear fear!

I, apologize if this is not what you wanted to hear, but I was told to write a hardship letter, to give you a breakdown of my income and expenses. So for me this whole situation has been and is very hard! The good part and perhaps sad at the same time is my financial situation has changed from the first time I sought out your help. I filed for Chapter 13 Bankruptcy, as I had to do whatever I could to receive the time needed to find some source of income to aid in helping me pay my way. My Lawyer informed me that due to current economic situations that I could contact you directly which in past years was prohibited. So when I called and spoke with Irene two days ago, she also informed me that you required a letter in writing authorizing consent to contact you. Attached you will find his Letter of Authorization as you requested.

I am so happy to report that my income is currently derived from two sources. I have been employed by ACS Commercial Solutions, Inc., since 10/27/2008. Attached you will find my two most recent pay stubs as requested.  My second source of income comes from my work as a Certified Residential Real Estate Appraiser. As you are aware of, our work had greatly decreased when the Sub prime market first crashed.

Over the past two years residential appraisal assignments have been spotty at best. Though, this year due to the current economic conditions along with the new HVCC which takes effect May 1st, my work has begun to pick up considerably. I have also included my two most recent bank statements from my business account, as you requested I am aware that there is no way to truly gauge the potential income to come from future appraisal business. Though it has been said that the refinance market is expected to be up 88% this year and I have been interviewing and aligning myself with companies more prepared than myself to receive greater volumes of assignments. So after what has pretty much been a two year draught for appraisal assignments, I am optimistic that my income is definitely on the way up.

3

Exhibit A-3

As for the detailed breakdown of my income and expenses you also requested, I have done everything I can to cut cost, while working on increasing my income. First of all, due to the lack of work I was forced to give up my car which included the payment as well, no newspaper or cable. My current monthly income and expenses are as follows:

Income (Gross): ACS - $1680 and K Delores & Associates - $2500 (Approx Avg) = $4180
Expenses: (Rounded Total) - $1400
Phones/Internet/Data - $260
Business - $150
Water/Sewer/Garbage - $50
Electric - $30
Heat - $80
Insurance (Home and Auto) - $180
Medical/Dental - $30
Food/Clothes/Recreation - $350
Home Maintenance/Repairs - $70
Transportation - $200

I have always been the type of person to pay my obligations and approach a challenge head on. I need you to know that I am not one to sit around and that I am truly excited about the new opportunity for change in my life. I believe that I am the prefect person that this program was designed for. Folks in my industry have been in recession trying to stay afloat long before a recession was declared publicly. We were the very first ones impacted by the downturn of the economy, well before it was known that our economy was in trouble. I would like to think we will be the first ones to reap the benefits of its recovery. It has been an intense, grueling, stressful two years, though I honestly feel in my heart, to the depths of my soul, that I am the poster child for the President's Plan!

I know that you are all very busy, so I want to thank you in advance for your time taken to read my story, for your understanding, support, empathy and consideration. If you have any further questions or need any additional information, please do not hesitate to contact me at 206 329 9303.

Sincerely,

Karen D. Smith
P.O. Box 22417
Seattle, WA 98122
206 329 9303
206 329 9923 Fax
kdelores@msn.com

Exhibit A-4

4

September 29, 2010

Bank of America
ATTENTION: Workout Department
Mail Stop: Lan-65
177 Holston Way
Lancaster, CA 93535
Fax: 800 658 0395

RE: RMA for Loan #164229364
    Property Address: 819 21st Avenue, Seattle, WA 98122

Hello,

I am writing to offer a brief explanation on a few items on my RMA and to address questions or concerns that I feel directly have an impact upon my current situation.

Income and Expenses:
I have worked as a Residential Real Estate Appraiser going on 21 years and been self employed since 1993. I have done everything I can to minimize expenses as I work to increase my income.
I assume that you are also aware of all of the changes over the past three years in my industry and the most recent passage of the Frank-Dodd Financial Reform Bill. I believe that the implementation will have a direct impact on creating a substantial increase in my income in the future. I have attached my 2009 P & L and 2010 to date as requested. I am happy to provide bank statements from my business account, copies of my request for services or invoices if needed.

Property Taxes:
In the past I had paid the property taxes, though once I feel behind due to my financial hardship in 2007 the Lender begin to pay them. In October 2008, I received a notice informing me that my mortgage payment was being increased from $3458.59 to $4283.44. During this period I was in Chapter 13 and informed my Lawyer that I wanted to dispute the amount. I understand that there is an amount in arrears as well as the need to provide for future payments. I also believe that there is a way to accomplish both.

Homeowners Insurance:
I have always paid my homeowner's insurance. Each year I receive a request from the Lender for a copy of my policy. I faxed in the policy on 7/12/2010 and sometime in August I received a letter dated 8/8/2010 stating that they had not received evidence of and existing insurance so they purchased Lender Placed Insurance at my expense. I have had the same insurance company since 1989 and I am happy to provide you with a copy of my policy and the fax confirmation that it was sent.

Hardship and Intentions:

My intention has never changed! I assume that you have on file all of my previous correspondences as it relates to my request to workout a solution to retain my home. If not, please let me know as I feel it will offer insight into my situation. I have owned my home for 25 years. My hope is that together we can put in place a win-win solution for all involved. So if there is any other documentation needed or explanation required, I am happy to do whatever I need to keep my home.

09/29/2010  23:40     206-329-9923          K DELORES & ASSOC                    PAGE  02/10

September 29, 2010

Bank of America
ATTENTION: Workout Department
Mail Stop: Lan-65
177 Holston Way
Lancaster, CA 93535
Fax: 800 658 0395

RE: RMA for Loan #164229364
    Property Address: 819 21st Avenue, Seattle, WA 98122

Hello,

I am writing to offer a brief explanation on a few items on my RMA and to address questions or concerns that I feel directly have an impact upon my current situation.

Income and Expenses:
I have worked as a Residential Real Estate Appraiser going on 21 years and been self employed since 1993. I have done everything I can to minimize expenses as I work to increase my income.
I assume that you are also aware of all of the changes over the past three years in my industry and the most recent passage of the Frank-Dodd Financial Reform Bill. I believe that the implementation will have a direct impact on creating a substantial increase in my income in the future. I have attached my 2009 P & L and 2010 to date as requested. I am happy to provide bank statements from my business account, copies of my request for services or invoices if needed.

Property Taxes:
In the past I had paid the property taxes, though once I feel behind due to my financial hardship in 2007 the Lender begin to pay them. In October 2008, I received a notice informing me that my mortgage payment was being increased from $3458.59 to $4283.44. During this period I was in Chapter 13 and informed my Lawyer that I wanted to dispute the amount. I understand that there is an amount in arrears as well as the need to provide for future payments. I also believe that there is a way to accomplish both.

Homeowners Insurance:
I have always paid my homeowner's insurance. Each year I receive a request from the Lender for a copy of my policy. I faxed in the policy on 7/12/2010 and sometime in August I received a letter dated 8/8/2010 stating that they had not received evidence of and existing insurance so they purchased Lender Placed Insurance at my expense. I have had the same insurance company since 1989 and I am happy to provide you with a copy of my policy and the fax confirmation that it was sent.

Hardship and Intentions:

My intention has never changed! I assume that you have on file all of my previous correspondences as it relates to my request to workout a solution to retain my home. If not, please let me know as I feel it will offer insight into my situation. I have owned my home for 25 years. My hope is that together we can put in place a win-win solution for all involved. So if there is any other documentation needed or explanation required, I am happy to do whatever I need to keep my home.

1

Exhibit A-6




**We need important information before we can determine if you are eligible for a loan modification.**

**We must receive it by November 13, 2010.**

Karen Smith

819 21ST AVENUE
SEATTLE, WA 98122

**Loan Number: 164229364**                                                October 14, 2010

Dear Karen Smith :

Thank you for your interest in the federal government's Home Affordable Modification Program. The process requires we receive certain financial information from you. This information will enable us to verify if your loan is eligible or to begin the process toward a permanent home loan modification and a more affordable monthly mortgage payment.

As of now, we are **missing the required documents.** We cannot complete our eligibility review until we receive the following information from each borrower **November 13, 2010.**

•   The enclosed Request for Modification and Affidavit (RMA) completed and signed
•   A signed and dated copy of the enclosed IRS form 4506-T (Request for Transcript of Tax Return) for each borrower. Borrowers who filed their tax returns jointly may send in one IRS Form 4506-T signed and dated by both of the joint filers
•   Utility bill (gas, electric, water)

**Please note: Keep a copy of all documents for your records. Do not send original income documentation.**

Please complete and fax the remaining documentation to us at **1.800.481.6553** or send to us using the enclosed FedEx envelope. **We must receive this information no later than November 13, 2010.** Once we receive your remaining documentation, we will notify you of the next steps in the process.

In order to expedite your loan modification process, **BAC Home Loans Servicing, LP** is working with a third party company, **Home Retention Services, Inc.** Federal law requires that we communicate to you that **Home Retention Services, Inc** is a licensed debt collector. However, the purpose of the communication is to let you know about your potential eligibility for this loan modification program that may help you bring or keep your loan current through more affordable payments. Please see the enclosed insert for important disclosures from **Home Retention Services, Inc.**

**Important information about foreclosure proceedings**

If your loan has been previously referred to foreclosure, we will continue the foreclosure process while we evaluate your loan for the Home Affordable Modification Program. If we do not receive your documents by **November 13, 2010,** the hold on a foreclosure sale will be released and foreclosure proceedings will resume.

LMO_304

**Important - Do not ignore any foreclosure notices.**

The federal government's Home Affordable Modification Program evaluation and the process of foreclosure may proceed at the same time. You may receive foreclosure/eviction notices - delivered by mail or in person - or you may see steps being taken to proceed with a foreclosure sale of your home. While you will not lose your home during the federal government's Home Affordable Modification Program evaluation, to protect your rights under applicable foreclosure law, you may need to respond to these foreclosure notices or take other actions. If you have any questions about the foreclosure process, contact us at 1.888.325.6431. If you do not understand the legal consequences of the foreclosure, you are also encouraged to contact a lawyer or housing counselor for assistance.

If you have any questions about our request for documents or want to confirm that we have received your missing information, please call us at **1.877.485.5967**. We want to work with you and urge you to send us your documentation as soon as possible.

Home Retention Division
BAC Home Loans Servicing, LP



*P.S. For your convenience and to ensure you receive all required program documents in a timely manner, this package may be sent via multiple delivery methods and to all addresses on file with us. If you receive multiple packages that are identical, you only need to return one complete package with all required documents to us.*

Enclosures: (1) Pre-paid envelope, (2) Cover Letter, (3) Important Disclosures, (4) Customized Cover Sheet, (5) IRS Form 4506-T, (6) Request for Modification and Affidavit

Mortgages funded and administered by an Equal Housing Lender.
Protect your personal information before recycling this document.

LMO_304

Exhibit A-8



**We need important information before we can determine if you are eligible for the federal government's Home Affordable Modification Program.**

**We must receive it by March 24, 2011.**

Karen D Smith
819 21ST AVENUE
SEATTLE, WA 98122

**Loan Number: 164229364**                                                    March 09, 2011

Dear Karen D Smith:

Thank you for your interest in the federal government's Home Affordable Modification Program.  The process requires we receive certain financial information from you.  This information will enable us to verify if your loan is eligible or to begin the process toward a permanent home loan modification and a more affordable monthly mortgage payment.

As of now, we are **missing the required documents.**  We cannot complete our eligibility review until we receive the following information from each borrower by **March 24, 2011.**

- Signed copy of the most recently filed federal tax return with all schedules
- Copy of the two most recent pay stubs not more than 90 days old indicating year-to-date earnings (clean and readable)
- If self-employed, a copy of the most recently filed federal tax return with all schedules, and a copy of the most recent quarterly or year-to-date profit/loss statement
- A signed and dated copy of the enclosed IRS form 4506-T (Request for Transcript of Tax Return) for each borrower (borrowers who filed their tax returns jointly may send in one IRS Form 4506-T signed and dated by both of the joint filers)
- A completed and signed Dodd-Frank Certification Form

**Please note: Keep a copy of all documents for your records. Do not send original income documentation.**

Please complete and fax the remaining documentation to us at **1.800.481.6553** or send to us using the enclosed FedEx envelope. **We must receive this information no later than March 24, 2011**. Once we receive your remaining documentation, we will notify you of the next steps in the process.

**We want you to know that if we do not receive the requested information by March 24, 2011, you will no longer be eligible for the Home Affordable Modification Program and we will resume normal activities for collecting past due loan payments.**

**Important information about foreclosure proceedings**

If your loan has been previously referred to foreclosure, we will continue the foreclosure process while we evaluate your loan for the Home Affordable Modification Program. However, no foreclosure sale will be conducted and you will not lose your home during the Home Affordable Modification Program evaluation.  If we do not receive your documents by March 24, 2011 the hold on a foreclosure sale will be released and foreclosure proceedings will resume.

**Important—Do not ignore any foreclosure notices.**

Do not ignore any foreclosure notices. While you will not lose your home during the loan modification evaluation, to protect your rights under applicable foreclosure law, you may need to respond to foreclosure notices or take other actions. If you have any questions about the foreclosure process and the evaluation of your loan, contact us at 1.800.669.6650.

Exhibit A-9

LMC304-HMPHNBAU0E-ADVO/CAC

If you have any questions about our request for documents or want to confirm that we have received your missing information, please call 1.877.485.5967 between 8 a.m. and 12 a.m. Eastern, Monday through Friday, or between 8 a.m. and 7 p.m. Eastern on Saturday. We want to work with you and urge you to send us your documentation as soon as possible.

Home Loan Team
BAC Home Loans Servicing, LP



Enclosures: (1) Important Disclosure (2) Pre-paid envelope (3) Customized Cover Sheet to use when returning your documents (4) IRS Form 4506-T (5) Dodd-Frank Certification Form

BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector However, the purpose of this communication is to let you know about your potential eligibility for a loan modification program that may help you bring or keep your loan current through more affordable payments.

Mortgages funded and administered by an Equal Housing Lender.
Protect your personal information before recycling this document

LMO304-HMPIINBAU9E-AGVO/CAC

Exhibit A-10



**Thank you for sending your financial documents.**

**Here's what to expect next.**



Karen D Smith
819 21ST AVENUE
SEATTLE, WA 98122

**Loan Number: 164229364**                                    March 11, 2011

Dear Karen D Smith:

Thank you for sending your financial documents to support the **Home Affordable Modification Program** loan modification eligibility review. We are pleased to let you know that we have received your documents. We are reviewing them to determine if your loan is eligible so you can begin the process toward a permanent loan modification and a more affordable monthly mortgage payment.

Within 30 days, you will hear from us about your eligibility for a loan modification. We will give you **one** of these three responses:

- You are accepted into the program with instructions on how to proceed

- You are declined from the program, but we may have other options to help you avoid foreclosure

- We need more information from you to make our decision

Thank you for your interest in the **Home Affordable Modification Program**. We will be in touch soon.


Home Loan Team
BAC Home Loans Servicing, LP


*P.S. For your convenience and to ensure you receive all required program documents in a timely manner, this package may be sent via multiple delivery methods and to all addresses on file with us. If you receive multiple packages that are identical, you only need to return one complete package with all required documents to us.*


Mortgages funded and administered by an Equal Housing Lender.
Protect your personal information before recycling this document.



LMC-205 – ADVO/CAD

Exhibit A-11



BAC Home Loans Servicing, LP
5401 N Beach St
TX2-977-01-34
Fort Worth, TX 76137

March 21, 2011

Karen D Smith
819 21ST AVENUE
SEATTLE, WA 98122

**Loan Number: 164229364**

Dear Karen D Smith:

We have reviewed your request for a loan modification under the federal government's Home Affordable Modification Program. Unfortunately, your loan is not eligible for a Home Affordable Modification for the reason stated below.

We are currently reviewing your financial information to determine if there are other options available to you. These options may include:

- A different modification program that may help you achieve affordable payments.
- A Forbearance Program. With this program you could receive lower payments or no payments for a limited number of months to either give you time to resolve your financial difficulties or give us time to work together with you on a more permanent solution.
- A Short Sale. With this program, you agree to sell your home at fair market value and settle your mortgage debt for less than the amount you owe.
- A Deed in Lieu of Foreclosure. With this program, you can avoid the public auction of your home by voluntarily transferring the title or ownership of your property to satisfy your mortgage debt.

Once we have finished reviewing your information, we will contact you within 10 days to let you know what other options are available to you and the next steps you need to take. Please contact us at 1.888.325.5399 if you have questions about these options.

**Reason your loan was not eligible for the Home Affordable Modification Program**

Under the guidelines of the Home Affordable Modification Program:

You are not eligible for a Home Affordable Modification because we are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond the requirements of the program. In other words, to create an affordable payment for you, the investor (owner) of your loan would be required to delay collecting too large a portion of your principal balance until the loan pays off, beyond what the Home Affordable Modification Program allows.

According to the guidelines of the Home Affordable Program, you have 30 days to appeal the decision that your loan is not eligible for the program. Please contact us by April 20, 2011 at 1.888.325.5399, if you think that the information used to determine your eligibility is incorrect.

**Important information about foreclosure**

If a foreclosure sale of your home is currently pending and on hold, that hold will continue and remain in effect while you are considered for other foreclosure avoidance programs.

Exhibit A-12

**Important—Do not ignore any foreclosure notices.**

You may receive foreclosure/eviction notices - delivered by mail or in person - or you may see steps being taken to proceed with a foreclosure sale of your home. While you will not lose your home during this review period, to protect your rights under applicable foreclosure law, you may need to respond to these foreclosure notices or take other actions. If you have any questions about the foreclosure process, contact us at 1.888.325.5399. If you do not understand the legal consequences of the foreclosure, you are also encouraged to contact a lawyer or housing counselor for assistance.

**We're here to help you**

**Please call us at 1.888.325.5399 Monday-Thursday from 8 a.m. - midnight Eastern, Friday from 8 a.m. - 10 p.m. Eastern, Saturday from 9 a.m. - 6 p.m. Eastern and Sunday 3 p.m. – 11 p.m. Eastern if you have any questions.** We will call you in 10 days to let you know what other options are available to you and the next steps you need to take.

You can also seek assistance at no charge from U.S. Department of Housing and Urban Development-approved housing counselors by calling the HOPE Hotline Number (1.888.995.HOPE). Assistance in understanding this notice is available through the HOPE Hotline by asking for MHA HELP.

Home Loan Team
BAC Home Loans Servicing, LP



Mortgages funded and administered by an Equal Housing Lender.
Protect your personal information before recycling this document

BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about your potential eligibility for programs to help you avoid foreclosure.

Exhibit A-13

April 19, 2011

Bank of America
Home Loans Servicing, LP
5401 N. Beach Street
TX2-977-01-34
Fort Worth, TX 76137
888-325-5399

**RE: Home Affordable Modification Program for Loan #164229364**
    **Property Address: 819 21st Avenue, Seattle, WA 98122**

To Whom it May Concern:

I am writing to inform you that I am appealing the decision that my loan is not eligible for the program. I had been waiting since you sent the letter informing me of your decision, though it also stated that you would be contacting me in 10 days to let me know what other options were available and the next steps I would need to take.

As the deadline got closer for me to have an opportunity to appeal and I had not heard anything from anyone about additional options, I contacted the Advocacy Department and they informed me that they would be the ones looking over my file to review additional assistance options through Bank of America and that if I decided to appeal they would I have to request for file to stay in MHA. I was also told that I needed to call the appeals department and they would guide me through the appeals process.

I also conveyed to the Advocate that I feel that I am at a disadvantage to make an informed decision as the reason given was vague and lacking detail. I did call as I was instructed to do and was told that I could only appeal if my income had increased at least 10%.

Well, I believe that I meet that requirement, though being that I have no idea of the actual numbers entailed. I would like you to answer a few questions, in writing so that I could have a better understanding of my entire situation. The first person I spoke with told me he could not give me actual numbers and that I needed to contact another department, after two others I finally spoke with a 4th person who gave me some numbers verbally. Based on the income number given of $2191.14 per month, truly confirms my need to know and the fact that my income does meet the 10% increase requirement.

You stated that I was not eligible because "we are unable to create an affordable payment equal to 31% of reported income without changing the terms of the loan beyond the requirements of the program ...".

I want to know the actual numbers you are using?
Were they taken from the bank statements, Profit and Loss statements, or a combination?
What are you showing as the term of the loan?

Exhibit A-14

1

#164229364

What is the term of the program?
How much would be required to fit within the guidelines of the program?

Then it goes on to say..."In other words, to create an affordable payment for you, the Investor (Owner) of your loan would be required to delay collecting too large a portion of your principal balance until the loan pays off, beyond what the HAMP allows...".

It sounds as if you are more interested in helping the Investor instead of helping me!!!
Isn't the program supposed to be about helping me?
Who is the Owner of the loan?
What is the principal balancing you are referring too?
Are you referring to the actual principal or the amount including all of the past due payments and fees?
How much is the amount that is too large a portion?
How much are you saying that I actually owe?

I believe that the numbers are not accurate and the fact that you were vague in the explanation, instead of stating the actual dollar amounts makes me wonder!!!  I find it very difficult to make an informed decision as to the accuracy of the information used when I do not know what went into determining what was used.

My intention has never changed!  I assume that you have on file all of my previous correspondences as it relates to my request to workout a solution to retain my home. If not, please let me know as I feel it will offer insight into my situation.

As stated before, working as a Residential Real Estate Appraiser my income is constantly changing. I have continued to do whatever I can to minimize expenses as I work to increase my income

I look forward to your reply addressing my questions and concerns that I feel directly have an impact upon my ability to make an informed decision. Upon receipt of your reply, I am happy to provide you with whatever income information you need to reconsider your decision and to do what I can to assist in creating a viable solution to my current situation.

Sincerely,

Karen B. Smith
P.O. Box 22417
Seattle, WA 98122
206 329 9303
206 329 9923

July 11, 2011

Bank of America
Home Loans Servicing, LP
5401 N. Beach Street
TX2-977-01-34
Fort Worth, TX 76137
888-325-5399

**RE: Home Affordable Modification Program for Loan #164229364**
    **Property Address: 819 21st Avenue, Seattle, WA 98122**

Dear Appeals Department,

I am writing as instructed per a recent conversation with the BOA Advocacy Department, to request that you start the re-application process. I believe that I do have more than the 10% increase in my income that is required. They informed me that you needed some updated financial information to continue with my appeal.

So I am attaching updated income information, my two most recent check stubs, as my work situation has changed.

I was prepared to send the information reflecting a 10% increase in my income after you answered the questions I presented to you on April 19, 2011. Based on the income number given by your office of $2191.14 per month, I felt the documentation I had already provided showed my income above this number. I have been waiting since that point in time and have yet to hear anything from anyone in your Department. Therefore, I will give your Department a call in the next few days to follow up with the hopes of speaking with someone who can answer my pervious questions.

Sincerely,

Karen D. Smith
P.O. Box 22417
Seattle, WA 98122
206 329 9303
206 329 9923

+ 2

Exhibit A-16

August 10, 2011

Karen D. Smith
P.O. Box 22417
Seattle, WA 98122
206 329 9303
206 329 9923 Fax

Bank of America
Home Loans Servicing, LP
5401 N. Beach Street
TX2-977-01-34
Fort Worth, TX 76137
888 325-5399
800 520 5019 Fax

RE: MHAP Re-Application for Loan #164229364
    Property Address: 819 21st Avenue, Seattle, WA 98122

Hello MHAP Department,

I am writing as requested to explain how and why I got behind on my payments. As well to offer additional insight
into my current situation as it relates to my request to start the re-application process. The request is being made due
to the financial hardship brought on by the woes of the Mortgage Industry dating back to February 2007 when the
subprime market collapsed. Due to the current rate on my loan, the payment was too much due to the lack of income
over the past 4 years.

I have owned my home since January 1985, been a Residential Real Estate Appraiser since March 1990 and self-
employed since 1993. Over the past few years I have worked hard to re-educate myself, giving me a vast array of
marketable skills. I have been considering and preparing myself to transition into another aspect in the Real Estate
industry or something where I could utilize my skills, abilities, training and experience, which would allow me to meet
my financial obligations. I felt it is imperative that I seek out full time stable employment in order to meet my monthly
financial obligations. I feel fortunate to have a new position with consistent income.

Since the announcement that the Government was working on putting programs in place to assist those struggling to
pay their mortgage, as myself, I have sent several letters explaining my situation as I have done what I could to find a
way to keep my home. As mentioned in my first request and everyone thereafter, my home is very important to me
and I have invested a lot of time and money into it. My understanding is that this type of option is available to me to
give me time to stabilize my finances which will enable me to meet my mortgage obligations.

I am attaching the information you requested in addition to this letter. Enclosed are 2 months of Bank statements,
one month of pay stubs and my most recent Federal Tax Return.  As mentioned in my conversation with your
department today, I am working on completing my 2010 returns, though an extension was filed and I will send a copy
of that as requested. Once my 2010 returns are completed, I happy to send them as well.

I know that you are all very busy, so I want to thank you in advance for your time and consideration. If you have any
other questions or need any additional information, please do not hesitate to contact me at 206 329 9303 or email at
kdelores@msn.com.

Sincerely,

Karen D. Smith

Exhibit A-17



**Bank of America**

**Home Loans**

*TX2-977-01-34*
*5401 N Beach St*
*Fort Worth, TX 76137*

**Notice Date:**     September 27, 2011

**Account No.:**   164229364

**Property Address:**
819 21st Avenue
Seattle, WA 98122

Karen D Smith
Po Box 22417
Seattle, WA 98122

Dear Karen D Smith:

We have reviewed your request for a home loan modification.  Unfortunately, you are not eligible for the following reason(s):

- You are not eligible for a modification because we are unable to create an affordable payment without changing the terms of your loan beyond the requirements of the program.

We know this is a difficult time for you and we want to help you avoid the possibility of a foreclosure.  If you remain ineligible for a home retention option and you cannot afford to stay in your home, these alternatives to foreclosure may be available to you:

**Short Sale** – With this option, you satisfy your mortgage debt by selling your home at fair market value, even if the sale is for less than what you owe on your mortgage.

**Deed in Lieu of Foreclosure** – With this option, you avoid foreclosure on your home and satisfy your mortgage debt by voluntarily transferring ownership of your property to us.

These options have different requirements and guidelines, and not all loans qualify.  Benefits of these options could include possible relocation assistance payments for borrowers who qualify and potentially less severe impacts to your credit than with a foreclosure.

**Important information about foreclosure proceedings**
Please contact us as soon as possible to determine if you qualify for one of the options listed above.  At this time we are returning your loan to normal collection activity, which could include referral to foreclosure, or a foreclosure sale.  **Do not ignore any legal notices regarding your home.**  We may be able to postpone foreclosure proceedings if you contact us and provide us with the information necessary to evaluate you for these other options.  However, postponement is not guaranteed and you will need to respond to all notices to protect your legal rights.

If you have any questions about the foreclosure process, please call us.  If you do not understand the legal consequences of foreclosure, we encourage you to contact an attorney or housing counselor for assistance.

**We're here to help**

This communication is from Bank of America, N.A., the servicer of your home loan.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector.  However, the purpose of this communication is to let you know about your potential eligibility for programs to help you avoid foreclosure sale.

C3_165-2  Loan Modification Decline  13642  09/12/2011

Exhibit A-18

**Required disclosures**

Bank of America, N.A., is required by law to inform you that we are unable to fulfill your request for a loan modification and the federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.  The federal agency that administers compliance with this law concerning this creditor is The Office of the Comptroller of the Currency, Customer Assistance Group, 1301 McKinney Street, Suite 3450, Houston, TX 77010-9050.

Exhibit A-19



**Please call us to discuss
your options.**

Bank of America, N.A.
5401 N Beach Street
Mail Stop: TX2-977-01-34
Fort Worth, TX 76137

**May 14, 2012**

KAREN D SMITH
PO Box 22417
Seattle, WA 98122 0417

**Loan Number: 164229364**

Dear KAREN D SMITH:

We have reviewed your appeal of our decision that your loan is not eligible for the federal government's Home Affordable Modification Program. Unfortunately, this letter is to inform you that your loan is still not eligible for the program.

If a foreclosure sale of your property was pending and on hold, that hold has been released and foreclosure proceedings have resumed. As we shared with you in a previous letter, your loan could be eligible for assistance through other programs. We urge you to call us at 1.888.325.5399 to discuss your options for avoiding a foreclosure sale of your property.

**Additional assistance is available to you**
Additional assistance is available at no cost from housing counselors approved by the U.S. Department of Housing and Urban Development (HUD) by calling the HOPE Hotline Number (1.888.995.HOPE). The HUD-approved counselors can work with you to create a household budget and develop an action plan to help reduce your household debt. Assistance in understanding this notice is available through the HOPE Hotline by asking for MHA HELP.

**We're here to help you**
We want to help you and make sure you are aware of and understand the options available to you. If you have any questions or concerns about the information in this letter, please call us at **1.888.325.5399** Monday-Thursday from 8 a.m. - midnight Eastern, Friday from 8 a.m. to 10 p.m. Eastern, Saturday from 8 a.m. - 6 p.m. Eastern and Sunday from 3 p.m. to 11 p.m. Eastern.

Home Loan Team
Bank of America, N.A.



Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to make you aware of home loan assistance options.

Mortgages funded and administered by an 🏠Equal Housing Lender.
♻ Protect your personal information before recycling this document.

Exhibit A-20

LMG_283-4





**To continue our review of your loan for foreclosure prevention alternatives, we must receive the requested items by June 22, 2012.**

May 23, 2012

KAREN D SMITH
PO Box 22417
Seattle, WA 98122 0417

**Loan Number: 164229364**

Dear KAREN D SMITH:

Thank you for your interest in the modification program. We need information relating to your financial situation and the circumstances of your hardship to determine if your loan is eligible for this program.

As of the date of this letter, we cannot complete our review because some information we need is missing or incomplete.

Please complete and fax the required documentation using the enclosed fax cover sheet to **1.866.270.0620** or return using the enclosed FedEx envelope. **We must receive this information no later than June 22, 2012.**

**Please ensure all submissions are complete.** You may find the list below contains one or more documents you submitted to be considered for a loan modification. If so, they are listed because we need more information about them or because they were submitted with missing or incomplete information. When providing the additional documentation or clarifications, remember the following helpful hints:

- Write your loan number at the bottom of all pages if it's not already listed. This will aid in identifying your documents should they be sent separately or get separated.

- Include ALL PAGES of any document with multiple pages. For instance, if the last page of your bank statement indicates Page 6 of 6, ensure you provide the copy of all six pages.

- The signature of each borrower and the date the document was signed is required for many documents. Please make sure all the proper signatures and dates are provided for any documents listed below.

- Some requested documents have columns of numbers that must be added or subtracted to determine a total value (for example, Request for Modification / Hardship Affidavit or Uniform Borrower Assistance Form (Form 710), profit and loss statement). Please ensure that complete and accurate totals are provided for any and all columns.

- If a document you previously submitted is listed below, it may be too old to be usable. Please send us a copy of the most recent version(s) of the document.

Please submit the following information for each borrower:

- **Hardship Affidavit/Request for Modification (RMA, enclosed)** - Sections requiring a total must be completed and accurately totaled. Must be signed and dated by all borrowers.

- **IRS Form 4506-T (enclosed)** - This form allows us to request a copy of the tax return for each borrower. Borrowers who filed their tax returns jointly may send in one IRS Form 4506T signed and dated by both joint filers.

**Please note: Keep a copy of all documents for your records. Do not send original documentation unless otherwise noted.**

**Also, we have been unable to contact you to discuss your options. Please call the number below to provide a phone number that we may call to discuss your account with you to determine the documentation required to review your loan for this program.**

If you have any questions about our request for documents or want to confirm that we have received your missing information, please call me at 1.800.669.6650. We want to work with you and urge you to send us your documentation as soon as possible.

DAMION BATES
Home Loan Team
Bank of America, N.A.

Bank of America 🇺🇸 Home Loans

Enclosures: (1) Pre-paid envelope (2) Customized Fax Cover Sheet (3) Request for Modification and Affidavit (4) IRS Form 4506-T

C3_648-5B NONIINBAU0E

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about your potential eligibility for a loan modification program that may help you bring or keep your loan current through affordable payments.

Mortgages funded and administered by an ⌂ Equal Housing Lender.
♻ Protect your personal information before recycling this document.

Exhibit A-22

C3_648-5B NONIINBAU0E





**To continue our review of your loan for foreclosure prevention alternatives, we must receive the requested items by July 11, 2012.**

June 26, 2012

KAREN D SMITH
PO Box 22417
Seattle, WA 98122 0417

**Loan Number: 164229364**

Dear KAREN D SMITH:

Thank you for your interest in the modification program. We need information relating to your financial situation and the circumstances of your hardship to determine if your loan is eligible for this program.

As of the date of this letter, we cannot complete our review because some information we need is missing or incomplete.

Please complete and fax the required documentation using the enclosed fax cover sheet to **1.866.270.0620** or return using the enclosed FedEx envelope. **We must receive this information no later than July 11, 2012.**

**Please ensure all submissions are complete.** You may find the list below contains one or more documents you submitted to be considered for a loan modification. If so, they are listed because we need more information about them or because they were submitted with missing or incomplete information. When providing the additional documentation or clarifications, remember the following helpful hints:

- Write your loan number at the bottom of all pages if it's not already listed. This will aid in identifying your documents should they be sent separately or get separated.

- Include ALL PAGES of any document with multiple pages. For instance, if the last page of your bank statement indicates Page 6 of 6, ensure you provide the copy of all six pages.

- The signature of each borrower and the date the document was signed is required for many documents. Please make sure all the proper signatures and dates are provided for any documents listed below.

- Some requested documents have columns of numbers that must be added or subtracted to determine a total value (for example, Request for Mortgage Assistance or Uniform Borrower Assistance Form (Form 710), profit and loss statement). Please ensure that complete and accurate totals are provided for any and all columns.

- If a document you previously submitted is listed below, it may be too old to be usable. Please send us a copy of the most recent version(s) of the document.

Please submit the following information for each borrower:

- **IRS Form 4506-T (enclosed)** - This form allows us to request a copy of the tax return for each borrower. Borrowers who filed their tax returns jointly may send in one IRS Form 4506T signed and dated by both joint filers.

**Please note: Keep a copy of all documents for your records. Do not send original documentation unless otherwise noted.**

**We want you to know that if we do not receive the requested information by July 11, 2012, you will no longer be eligible for the modification program** and we will resume normal activities for collecting past due loan payments.

**Also, we have been unable to contact you to discuss your options. Please call the number below to provide a phone number that we may call to discuss your account with you to determine the documentation required to review your loan for this program.**

If you have any questions about our request for documents or want to confirm that we have received your missing information, please call me at 1.800.669.6650. We want to work with you and urge you to send us your documentation as soon as possible.

DAMION BATES
Home Loan Team
Bank of America, N.A.

Bank of America 🦅 Home Loans

Exhibit A-23

C3_648-6 NONIINBAU0E

Enclosures: (1) Pre-paid envelope (2) Customized Fax Cover Sheet (3) IRS Form 4506-T

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about your potential eligibility for a loan modification program that may help you bring or keep your loan current through affordable payments.

Mortgages funded and administered by an Equal Housing Lender.
Protect your personal information before recycling this document.

Exhibit A-24





**To continue our review of your loan for assistance, we must receive the requested items by July 27, 2012.**

July 12, 2012

KAREN D SMITH
PO Box 22417
Seattle, WA 98122 0417

**Loan Number: 164229364**

Dear KAREN D SMITH:

Thank you for your interest in the modification program. We need information relating to your financial situation and the circumstances of your hardship to determine if your loan is eligible for this program.

As of the date of this letter, we cannot complete our review because some information we need is missing or incomplete.

Please complete and fax the required documentation using the enclosed fax cover sheet to **1.866.270.0620** or return using the enclosed FedEx envelope. **We must receive this information no later than July 27, 2012.**

**Please ensure all submissions are complete.** You may find the list below contains one or more documents you submitted to be considered for a loan modification. If so, they are listed because we need more information about them or because they were submitted with missing or incomplete information. When providing the additional documentation or clarifications, remember the following helpful hints:

- Write your loan number at the bottom of all pages if it's not already listed. This will aid in identifying your documents should they be sent separately or get separated.

- Include ALL PAGES of any document with multiple pages. For instance, if the last page of your bank statement indicates Page 6 of 6, ensure you provide the copy of all six pages.

- The signature of each borrower and the date the document was signed is required for many documents. Please make sure all the proper signatures and dates are provided for any documents listed below.

- Some requested documents have columns of numbers that must be added or subtracted to determine a total value (for example, Request for Mortgage Assistance or Uniform Borrower Assistance Form (Form 710), profit and loss statement). Please ensure that complete and accurate totals are provided for any and all columns.

- If a document you previously submitted is listed below, it may be too old to be usable. Please send us a copy of the most recent version(s) of the document.

Please submit the following information for each borrower:

- **Tax Return** - A signed copy of the most recently filed tax return, with all schedules and tax forms (for example, Schedules A-E, Tax Form 8879 e-file, 4868 Tax Filing Extension, etc.). If you are not required to file a tax return, please submit a letter of explanation.

- **Bank Statements for Verification of Receipt of Income** - A copy of two (2) most recent, consecutive months of bank statements -- all pages -- evidencing receipt of payment of income (for example, rental/security deposits, boarder, Social Security, disability, pension, unemployment, alimony, child support, etc.).

- **Unemployment Benefits** - A copy of an unemployment benefits statement that states the amount, frequency and duration of the benefit, along with evidence of receipt of payment, such as bank statements.

- **Verification of Occupancy** - A copy of a utility bill (for example,  gas, electric, cable service, personal cell phone, land line phone) in either borrower's name verifying occupancy of the subject property.

- **Public Assistance** - You have indicated you receive public assistance income. A copy of the award letter or benefits statement from the provider stating the amount and frequency of the benefit is required. (For example: Adoption Assistance, Food Stamps, Welfare benefits, Worker's compensation, etc.).  Additionally, two most recent, consecutive deposit receipts or two most recent, consecutive bank statements showing that payment has continued for two consecutive months.

**Please note: Keep a copy of all documents for your records. Do not send original documentation unless otherwise noted.**

Exhibit A-25

**We want you to know that if we do not receive the requested information by July 27, 2012, you will no longer be eligible for the modification program** and we will resume normal activities for collecting past due loan payments.

**Also, we have been unable to contact you to discuss your options. Please call the number below to provide a phone number that we may call to discuss your account with you to determine the documentation required to review your loan for this program.**

**Other foreclosure prevention alternatives that may be available**

If you do not wish to pursue a loan modification or do not return your documents as requested above, we want you to know about other options to avoid foreclosure, including short sale and deed in lieu of foreclosure.

In a short sale, you list the property for sale at the fair market value and, when the property has sold, your mortgage is paid off with the net proceeds **even if you sell your property for less than you owe on the loan.** In addition, after a successful short sale, we may be able to forgive any outstanding balance.

     **Additional benefits of a short sale include:**
- Potential for **financial assistance** upon closing to help with relocation expenses.
- Takes less time to complete than a foreclosure, so your reported delinquency could be shorter than it would with a foreclosure. As a result, your credit may improve sooner than it would if your house were to go into foreclosure.
- Bank of America's guidance on a fair list price to market and list your house.
- Assistance from a licensed real estate agent of your choice throughout the process.

If you are unable to sell the property in a short sale, another option to avoid foreclosure is a deed in lieu of foreclosure. With a deed in lieu, you voluntarily transfer ownership of the property secured by the mortgage loan to us to satisfy the total amount due on the first mortgage.

     **Benefits of a deed in lieu include:**
- You may be eligible to receive **financial assistance** upon closing for relocation expenses.
- Allows you to avoid the public auction of your property.
- Generally takes less time to complete than a foreclosure, so your reported delinquency could be shorter than it would with a foreclosure. As a result, your credit may improve sooner than it would if your house were to go into foreclosure.

If staying in your home is not the best option for your situation, contact Short Sale Customer Care at **1.866.880.1232** or your customer relationship manager for more information about a short sale or deed in lieu of foreclosure.

**We are here to help**

If you have any questions about our request for documents, want to confirm that we have received your missing information, or are interested in other alternatives to avoid foreclosure please call 1.800.669.6650. We want to work with you and urge you to send us your documentation as soon as possible.

DAMION BATES
Home Loan Team
Bank of America, N.A.



Enclosures: (1) Pre-paid envelope (2) Customized Fax Cover Sheet

This communication should not be construed as an attempt to collect a debt or a demand for payment. You are not obligated to enter into a Modification Agreement or other loss mitigation program. You should consult with your bankruptcy attorney or other advisor regarding a modification or other loss mitigation program and how it will affect your legal rights and obligations.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know that we need additional information in order to complete our review of your request for a loan modification or other loss mitigation assistance.

Mortgages funded and administered by an Equal Housing Lender. ⌂
♻ Protect your personal information before recycling this document.

Exhibit A-26

C3_648-7 NONIINBAU0E



Bank of America, N.A.
5401 N Beach St
TX2-977-01-34
Fort Worth, TX 76137

KAREN D SMITH                                        August 03, 2012
PO Box 22417
Seattle, WA 98122 0417                               Loan Number: 164229364

Dear KAREN D SMITH:

We have reviewed your request for a home loan modification. Unfortunately, your home loan is not eligible for modification assistance for the following reason(s):

Your loan is not eligible for a modification because you did not provide us with the documents we requested.

We want to work with you to determine what other options may help you avoid foreclosure. If you remain ineligible for a home retention option and you cannot afford to stay in your home, the below alternatives to foreclosure may be available to you:

- **Short Sale** – With this option, the property is listed for sale at fair market value, even if that value is lower than what you owe on your mortgage. If a buyer is identified and the property is sold, the proceeds from the sale are applied to the outstanding mortgage debt.
- **Deed in Lieu of Foreclosure** – With this option, you agree to transfer the title or ownership of your property to the owner or servicer of your loan in order to avoid foreclosure sale and satisfy all or a portion of the mortgage debt. The amount of debt satisfied by this transfer of ownership is based on the approved value of your home. In some cases, you may be responsible for a remaining balance of the mortgage debt over and above the approved value.

These options have different requirements and guidelines, and not all loans qualify. Also, these options may offer financial assistance for your relocation and could be less damaging to your long-term credit than a foreclosure.

**Important information about foreclosure proceedings**
Please call us as soon as possible to determine if you qualify for one of the options listed above. We are now returning your loan to normal collection activity, which could include referral to foreclosure and a foreclosure sale. **Do not ignore any legal notices about your home.** We may be able to postpone foreclosure proceedings; however, foreclosure postponement is not guaranteed and you will need to respond to all notices to protect your legal rights.

If you have any questions about the collection or foreclosure process, please call us. If you do not understand the legal consequences of foreclosure, we encourage you to contact an attorney or housing counselor for assistance.

**We are here to help**

We want to make sure you understand all options available to you. If you would like to discuss your options, or if your situation changes, **please call 1.800.669.6650.**

You may also seek assistance at no charge from housing counselors, who are approved by the U.S. Department of Housing and Urban Development (HUD), by calling the HOPE Hotline Number at 1.888.995.HOPE. Assistance in understanding this notice is available through the HOPE Hotline.

DAMION BATES                                        Bank of America  Home Loans
Home Loan Team
Bank of America, N.A.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about your potential eligibility for programs to help you avoid foreclosure.

Mortgages funded and administered by an ⌂ Equal Housing Lender.
♻ Protect your personal information before recycling this document.

Exhibit A-27

C3_1913-4B

**Required disclosures**

Bank of America, N.A. is required by law to inform you that we are unable to fulfill your request for a loan modification and the federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is The Office of the Comptroller of the Currency, Customer Assistance Group, 1301 McKinney Street, Suite 3450, Houston, TX 77010-9050.

Exhibit A-28

**Bank of America**

**Home Loans**

C3_185-4 Loan Mod Decline 15197 08/23/2012

TX2-977-01-34
5401 N Beach St
Fort Worth, TX 76137

**Notice Date:** October 2, 2012

**Account No.:** 164229364

Karen D Smith
Po Box 22417
Seattle, WA 98122

**Property Address:**
819 21st Avenue
Seattle, WA 98122

Dear Karen D Smith:

We have reviewed your request for a home loan modification. Unfortunately, your loan is not eligible for the following reason(s):

- Your loan is not eligible for a modification because we service your loan on behalf of an investor or group of investors that has not given us the contractual authority to modify your loan.

We want to work with you to help you determine what options may be right for your individual situation. We strongly encourage you to consider the options below in order to avoid foreclosure:

**Short Sale –** With this option, you satisfy your mortgage debt by selling your home at fair market value, even if the sale is for less than what you owe on your mortgage.

**Deed in Lieu of Foreclosure –** With this option, you avoid foreclosure on your home and satisfy your mortgage debt by voluntarily transferring ownership of your property to us.

These options have different requirements and guidelines, and not all loans qualify. Benefits of these options could include possible relocation assistance payments for borrowers who qualify and potentially less severe impacts to your credit than with a foreclosure.

**Important information about foreclosure proceedings**
Please contact us as soon as possible to determine if you qualify for one of the options listed above. At this time we are returning your loan to normal collection activity, which could include referral to foreclosure, or a foreclosure sale. **Note that during the 30-day period in which you may contact us and provide information which you believe shows our decision is incorrect, we may begin or resume the foreclosure process and even conduct a foreclosure sale. Do not ignore any legal notices regarding your home.** We **may** be able to postpone foreclosure proceedings if you contact us and provide us with the information necessary to evaluate you for these other options. However, postponement is not guaranteed and you will need to respond to all notices to protect your legal rights.

Bank of America, N.A. the servicer of your home loan, is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this is not an attempt to collect, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or to enter into a loan modification or other loan assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

MILITARY PERSONNEL/SERVICEMEMBERS: If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure and interest rate relief. For additional information and to determine eligibility please contact our Military Assistance Unit toll free at 1-877-430-5434. If you are calling from outside the U.S. please contact us at 1-817-685-6491.

Exhibit A-29

If you have any questions about the foreclosure process, please call us. If you do not understand the legal consequences of foreclosure, we encourage you to contact an attorney or housing counselor for assistance. Our records show that you are currently in bankruptcy. We know this is a difficult time for you and we want to help. If you would like to be considered for other programs we offer to assist homeowners, you or your attorney may contact us at the telephone number below to explore available options for which you may qualify. Our programs are strictly voluntary, and you have no obligation to respond to this letter or to enter into any of these programs. **We urge you to consult your bankruptcy attorney or other advisor about your legal rights and options and how these programs may affect them.**

We acknowledge that we are prevented by applicable bankruptcy law from imposing personal liability on you for the debt. However, the property that is security for the debt is still subject to possible foreclosure. Please contact us as soon as possible to determine if you may qualify for an option to help you prevent a foreclosure on your home. If you have a foreclosure sale pending, per your investor's guidelines and as permitted by applicable law, we may be able to put a hold on that sale while you are being considered for an option. However, postponement is not guaranteed and you will need to respond to all notices to protect your legal rights. If you have any questions about the foreclosure process, please call us. If you do not understand the legal consequences of foreclosure, or have any questions about the foreclosure process, we encourage you to contact your attorney or housing counselor for assistance.

**We are here to help**
We want to make sure you understand all options available to you. If you would like to discuss your options, or if your situation changes, please call 1.800.669.6650.


You may also seek assistance at no charge from housing counselors, who are approved by the U.S. Department of Housing and Urban Development (HUD), by calling the HOPE Hotline Number at 1.888.995.HOPE. Assistance in understanding this notice is available through the HOPE Hotline.


Petal Elbers
Office of the CEO and President
Bank of America, N.A.

**Required disclosures**

Bank of America, N.A., is required by law to inform you that we are unable to fulfill your request for a loan modification and the federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is: Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20552.

Exhibit A-31

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED





**RESURGENT**
*Mortgage Servicing*
*A Division of Resurgent Capital Services L.P*

Mon - Thurs: 8:00AM-6:00PM
Fri: 8:00AM-5:00PM
Sat: 8:00AM-3:00PM

**Phone Number:** 866-825-2174
**Fax:** 866-467-1187
e-Mail: LossMitigation@Resurgent.com



S-SFRECS20  L-1030 A-0515396262 R-6
P3AC2900200338 - 291594560 I00676
KAREN D SMITH
PO BOX 22417
SEATTLE WA 98122-0417

| Loan Number: | 0515396262 |
|---|---|
| Creditor: | BANK OF NEW YORK AS TRUSTEE FOR CWABS 2007-SD1 |
| Principal Balance: | $356,250.00 |
| Property: | 819 21St Avenue Seattle, WA 98122 |

1/29/2014

Dear Karen D Smith:

Resurgent Mortgage Servicing, a division of Resurgent Capital Services L.P. ("Resurgent") has received your request for a loss mitigation program. We are currently reviewing your initial documentation package to determine if the referenced loan qualifies for one of our programs.

The evaluation process will begin when we receive all required documentation. During the evaluation process, your property will not be referred to foreclosure or be sold at a foreclosure sale if the foreclosure process has already been initiated.

It may take up to 30 days for Resurgent to review your request after we receive all required documentation. **All documents must be no older than 90 days at the time the complete package is received.** If additional documentation is needed, we will contact you.

Please continue to make your monthly payment according to your loan agreement.

Upon completion of the evaluation process, we will notify you of the results in writing. If you are approved for a loss mitigation program, we will notify you of the length of time you have to consider the offer before accepting. In most cases, this is between 14 and 30 days.

Should your loan not qualify for a particular loss mitigation program such as a modification, we will review your loan for other possible workout options or foreclosure alternatives such as a short sale. The timeline of a short sale can vary between 30 and 120 days after the receipt of all required documentation based on the current investor. If approved for a short sale, Resurgent Mortgage Servicing reserves the right to pursue a deficiency payment if such deficiency claim is permitted by applicable law.

Should you have questions, please contact us at 866-825-2174 or visit our website at www.resurgentmtg.com.

Sincerely,

Loss Mitigation Department
Resurgent Mortgage Servicing

**SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.**

Exhibit A-32

P I000001  A-0515396262 002970101J0400

**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If this debt was discharged in a bankruptcy without a valid reaffirmation, please understand that Resurgent is not attempting to collect the debt from you personally, but is rather seeking to protect the creditor's right in the associated collateral. Please disregard any contrary provisions contained in this letter and interpret this communication accordingly.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances during and nine months after the servicemember's military or other service.

The following is a Spanish translation of the information previously provided:

**Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.**

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si esta deuda no fue liberada en una quiebra sin una reafirmación válida, entienda que Resurgent no busca cobrar la deuda de usted personalmente, sino que busca proteger los derechos del acreedor en la garantía asociada. Haga caso omiso de las disposiciones contradictorias que se encuentran en esta carta e interprete esta comunicación en consecuencia.

**Atención Militares y sus Dependientes:** La Ley Federal De Amparo Civil Para Militares y algunas leyes estatales les proporcionan protecciones importantes, las cuales en la mayoría de las circunstancias incluyen la prohibición de los juicios hipotecarios durante y nueve meses después de su tiempo de servicio activo militar u otro servicio.

Exhibit A-33

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED





**RESURGENT**
*Mortgage Servicing*
*A Division of Resurgent Capital Services L.P*

Mon - Thurs: 8:00AM-6:00PM
Fri: 8:00AM-5:00PM
Sat: 8:00AM-3:00PM

**Phone Number:** 866-825-2174
**Fax:** 866-467-1187
**e-Mail:** LossMitigation@Resurgent.com



S-SFRECS20  L-1038 A-0515396262 R-6
P3AFL600200011 - 291829411 I00029
KAREN D SMITH
PO BOX 22417
SEATTLE WA 98122-0417

| | |
|---|---|
| Loan #: | 0515396262 |
| Creditor: | BANK OF NEW YORK AS TRUSTEE FOR CWABS 2007-SD1 |
| Principal Balance: | $356,250.00 |
| Property: | 819 21St Avenue Seattle, WA  98122 |

1/30/2014

Dear Karen D Smith:

Resurgent Mortgage Servicing, a division of Resurgent Capital Services L.P. ("Resurgent") has received your request for loss mitigation; however, you have not provided all the documentation previously requested.  If we do not receive the required documents by 3/1/2014, we may conclude that you have withdrawn your request for a modification and may resume other means to collect any amounts due on your account.  To proceed with your request for a modification, you must submit the documents marked with an "X" to Resurgent.

If you believe you have provided the requested documentation, please call us at 866-825-2174 as the received documentation may have been incomplete, needs further clarification, or was not received for all borrowers/contributors.

- ☒ Signed  and dated IRS Form 4506-T (Request for Transcript of Tax Return), including social security numbers for all borrowers/contributors
- ☒ Copy  of your most recent two bank statements including all pages of all borrowers/contributors accounts (must be dated less than 90 days old at the time the complete package recived)

Please mail the required documentation to the address below using the enclosed postage-paid envelope.
If we do not receive this information by 2/14/2014, we may close your request for assistance.

> Resurgent Mortgage Servicing
> P.O. Box 10826
> MS: 157
> Greenville, SC 29603

You may fax the information to 866-467-1187 to expedite this process.

Upon receipt of the required documentation, we will complete our review of your loan for a modification.  Should your loan not qualify for a modification, we will review your loan for other possible workout options.

If foreclosure action has begun, it will continue until the loan's delinquency is brought current, you qualify for and complete a loan modification or other applicable workout option, or the loan is paid in full.

Please do not delay returning the required information, as all paperwork must be submitted before a workout option may be considered.  Thank you in advance for your prompt attention to this matter.

Should you have questions, please contact our office at 866-825-2174 or visit our website at www.resurgentmtg.com.

Sincerely,

Loss Mitigation Department
Resurgent Mortgage Servicing

Enclosure(s):Postage-paid envelope
        Form  4506-T

Exhibit A-34

0025901030400

**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If this debt was discharged in a bankruptcy without a valid reaffirmation, please understand that Resurgent is not attempting to collect the debt from you personally, but is rather seeking to protect the creditor's right in the associated collateral. Please disregard any contrary provisions contained in this letter and interpret this communication accordingly.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances during and nine months after the servicemember's military or other service.

The following is a Spanish translation of the information previously provided:

**Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.**

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si esta deuda no fue liberada en una quiebra sin una reafirmación válida, entienda que Resurgent no busca cobrar la deuda de usted personalmente, sino que busca proteger los derechos del acreedor en la garantía asociada. Haga caso omiso de las disposiciones contradictorias que se encuentran en esta carta e interprete esta comunicación en consecuencia.

**Atención Militares y sus Dependientes:** La Ley Federal De Amparo Civil Para Militares y algunas leyes estatales les proporcionan protecciones importantes, las cuales en la mayoría de las circunstancias incluyen la prohibición de los juicios hipotecarios durante y nueve meses después de su tiempo de servicio activo militar u otro servicio.

Exhibit A-35

February 19, 2014


Resurgent Mortgage Servicing
P O Box 10826
Greenville, SC 29603-0826

Karen D Smith
P O Box 22417
819 21ˢᵗ Avenue
Seattle, WA 98122


Re   **REQUEST FOR MEET AND CONFER**
     Loan number  0515396262

To Whom It May Concern

I am writing to respond to a Notice of Pre-Foreclosure Options, under RCW 61 24 031, which I
received on November 28' 2012, though was dated November 21, 2012  **I am requesting a meeting
("meet and confer") with the beneficiary of my mortgage.**

A loan servicer may not issue a Notice of Default until the meeting occurs  Under RCW
61 24 031(4)(1)(e), if a meeting is requested by the homeowner, the beneficiary **shall schedule the
meeting to occur before the notice of default is issued**  Consequently, the foreclosure process
cannot move forward until I meet with the beneficiary of my loan

Under RCW 61 24 031(4)(1)(f), I have the right to request an in-person meeting within thirty days of
the Notice of Pre-Foreclosure Options  I am requesting an **IN-PERSON** meeting  I understand that if
I request an in-person meeting, it must be held in the county where I live

During the meeting, I understand the beneficiary will assess my financial ability to modify or
restructure the loan, including a discussion of options to avoid foreclosure  A person who is authorized
to agree to a resolution, including modifying or restructuring the obligation on behalf of the
beneficiary, must be present in-person or by telephone or video conference during the entire meeting

Please contact me by mail at P O  Box 22417 Seattle, WA 98122 and if you need to reach me by phone
that number is 206 329 9303 to schedule the meeting with the beneficiary of my mortgage


Sincerely,

Karen D  Smith


Exhibit A-36

February 23 2014

Resurgent Mortgage Servicing
P O Box 10826
Greenville, SC 29603-0826
866 825 2174

RE Borrower Response Package for Loan #0515396262
    Property Address 819 21st Ave Seattle, WA 98122

Dear Loss Mitigation Department

I am writing to offer some additional insight and explanation as requested, about my current situation and financial hardship that makes it difficult to pay my mortgage

I have owned my home since January 1985 and have worked as a Residential Real Estate Appraiser since 1990 My financial hardships begin due to the woes of the Housing Industry brought on by the Countries Economic Downturn This situation caused an enormous decrease in my reduction and lack of income creating circumstances outside of my control I have worked hard to put myself in a position so that I could keep my home I have done any and every thing that I could do from working to increase my income lowering expenses eliminating debt to supplying all documentation requested from me I have completed and submitted paperwork on numerous occasions over the years requesting a forbearance rate reduction modification working with HUD approved Counselors and most recently working to get qualified for the UP-HAMP On February 1 2012 I was let go from my job and received unemployment benefits During this time I enrolled in the Worker Retraining Program "In Demand" career training to expand my current skills This opportunity offered the ability to make sure that I am more marketable and assured success in acquiring stable employment to meet my financial obligations I completed the program on December 12 2013 and I am currently seeking employment

On November 7 2013, Bank of America told me that they were sending out the paperwork yet again to assist me The package never arrived and instead I received information informing me that my servicer would be changing as of December 16 2013

Thank you in advance for your time and attention If you have any other questions or need any additional information please do not hesitate to contact me

Sincerely

Karen D Smith
P O Box 22417
Seattle WA 98122
206 329 9303
kdelores@msn com

Exhibit A-37

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED




**Mon - Thurs:** 8:00AM-6:00PM
**Fri:** 8:00AM-5:00PM
**Sat:** 8:00AM-3:00PM
**Phone Number:** 866-825-2174
**Fax:** 866-467-1187
**e-Mail:** LossMitigation@Resurgent.com



| | |
|---|---|
| Loan #: | 0515396262 |
| Creditor: | BANK OF NEW YORK AS TRUSTEE FOR CWABS 2007-SD1 |
| Principal Balance: | $356,250.00 |
| Property: | 819 21St Avenue Seattle, WA  98122 |

S-SFRECS20  L-1039 A-0515396262 R-6
P3D02500200017 - 299866134 I00049
KAREN D SMITH
PO BOX 22417
SEATTLE WA 98122-0417

2/28/2014

Dear Karen D Smith:

Thank you for providing Resurgent Mortgage Servicing, a division of Resurgent Capital Services L.P. ("Resurgent") with the requested documentation needed to process your request for loss mitigation; however,  additional documentation is needed to complete your request.  If we do not receive the required documents by 3/10/2014, we will conclude that you have withdrawn your request for a modification and may resume other means to collect any amounts due on your account.  To proceed with your request for a modification, you must submit the documents marked with an "X" to Resurgent.

If you believe you have provided the requested documentation, please call us at 866-825-2174 as the received documentation may have been incomplete, needs further clarification, or was not received for all borrowers/contributors.

☒  Signed  and dated IRS Form 4506-T (Request for Transcript of Tax Return), including social security numbers for all borrowers/contributors
☒  Copy  of your most recent two bank statements including all pages of all borrowers/contributors accounts (must be dated less than 90 days old at the time the complete package recived)

Please mail the required documentation to the address below using the enclosed postage-paid envelope.
If we do not receive this information by, we close your request for assistance.

Resurgent Mortgage Servicing
P.O. Box 10826
MS: 157
Greenville, SC 29603

You may fax the information to 866-467-1187 to expedite this process.

Upon receipt of the required documentation, we will complete our review of your loan for a modification.  Should your loan not qualify for a modification, we will review your loan for other possible workout options.

If foreclosure action has begun, it will continue until the loan's delinquency is brought current, you qualify for and complete a loan modification or other applicable workout option, or the loan is paid in full.

Please do not delay returning the required information, as all paperwork must be submitted before a workout option may be considered.  Thank you in advance for your prompt attention to this matter.

Should you have questions, please contact our office at 866-825-2174 or visit our website at www.resurgentmtg.com.

Sincerely,

Loss Mitigation Department
Resurgent Mortgage ServicingResurgent Mortgage Servicing

Enclosure(s):Postage-paid envelope
          Form  4506-T

000810103N0400

**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and nine months after the servicemember's military or other service. Counseling for covered servicemembers is available from Military OneSource and the United States Armed Forces Legal Assistance or other similar agencies.

The following is a Spanish translation of the information previously provided:

**Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.**

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted es un cliente en situación de bancarrota o un cliente que ha recibido una eliminación de esta deuda por bancarrota: tenga en cuenta que esta notificación tiene como fin informarle sobre el estado de su préstamo hipotecario. Este aviso no constituye una exigencia de pago ni un aviso de responsabilidad civil contra ningno de los destinatarios de la presente notificación, que pudiese haber recibido un descargo de este tipo de deuda de conformidad con la legislación vigente sobre bancarrota o que pudiera ser objeto de suspensión automática en virtud del Artículo 362 del Código de Bancarrota de los Estados Unidos. No obstante, puede ser una notificación de una posible aplicación de gravamen sobre la propiedad como garantía, que aún no ha sido descargada en su proceso de bancarrota.

**Atención uniformados y dependientes:** la Ley federal de Ayuda Civil para Uniformados y algunas leyes estatales brindan importantes protecciones para usted, que incluyen protecciones para las tasas de interés y la prohibición de las ejecuciones hipotecarias en la mayoría de las circunstancias durante y nueve meses después del servicio militar u otro tipo de servicio. Hay consejería para los uniformados disponible de Military OneSource y de United States Armed Forces Legal Assistance (Asistencia jurídica para las Fuerzas Armadas de los Estados Unidos) u otros organismos similares.

Exhibit A-39

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED





**Shellpoint** Mon - Thurs: 8:00AM-6:00PM
Fri: 8:00AM-5:00PM

Mortgage Servicing

**Phone Number:** 800-365-7107
**Fax:** 866-467-1187
**Email:** Lossmitigation@shellpointMTG.com

| Loan Number: | 0515396262 |
|---|---|
| Balance: | $356,250.00 |
| Property: | 819 21St Avenue<br>Seattle, WA 98122 |

S-SFRECS20  L-1040 A-0515396262 R-106
P3DSK600200211 - 302713401 I00422
KAREN D SMITH
PO BOX 22417
SEATTLE WA 98122-0417

3/7/2014

**Dear Karen D Smith:**

Shellpoint Mortgage Servicing ("Shellpoint") has reviewed your request for a loan modification under the Home Affordable Modification Program ("HAMP") in addition to other loss mitigation options.

We are unable to offer you a loss mitigation option because you did not provide us with the documents we requested. We have notified you of the specific documents we need and the time frames required to provide them to us.

You have 30 calendar days from the date of this notice to contact Shellpoint to discuss the reason you were not approved for a HAMP modification or to discuss alternative loss mitigation options that may be available to you.

Please be aware that your loan may be referred to foreclosure during this time, or any pending foreclosure action may continue. However, a foreclosure sale will not be conducted and you will not lose your home during this 30 day period (or any longer period required for us to review supplemental material that you may provide in response to this Notice).

To reinstate your mortgage, you must pay $321,984.37 no later than 3/21/2014. It is important that you make the full payment listed above by 3/21/2014.

If you do not reinstate your mortgage by 3/21/2014 and you fall farther behind in your payments, we may refer your mortgage to foreclosure, or continue with foreclosure proceedings if any have begun. Once you reinstate your loan, if you subsequently experience a financial hardship, please contact us to request reconsideration for mortgage payment assistance or other foreclosure prevention alternative.

We recognize that this may be disappointing news for you. However, it is important that you make the full payment listed above as quickly as possible and continue to make your mortgage payment by the scheduled due date in order to avoid foreclosure.

Please send your payment in the full amount due to:

Shellpoint Mortgage Servicing
P.O. Box 19006
Greenville, SC 29602-9006

If you have questions about your mortgage payment, please contact us at 800-365-7107.

Sincerely,
Shellpoint Mortgage Servicing

Exhibit A-40

P3DSK600200211 I000422 S-SFRECS20  L-1040 A-0515396262

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED



 **Shellpoint** Mon - Thurs: 8:00AM-6:00PM
Fri: 8:00AM-5:00PM

Mortgage Servicing

**Phone Number:** 866-825-2174
**Fax:** 866-467-1187
**Email:** Lossmitigation@shellpointMTG.com

| Loan #: | 0515396262 |
|---|---|
| Principal Balance: | $356,250.00 |
| Property: | 819 21St Avenue |
| | Seattle, WA 98122 |

S-SFRECS20  L-1038 A-0515396262 R-106
P3I7FV00200023 - 314838055 I00183
KAREN D SMITH
PO BOX 22417
SEATTLE WA 98122-0417

4/28/2014

Dear Karen D Smith:

**Shellpoint Mortgage Servicing ("Shellpoint") has received your request for a loss mitigation program.** However, you have not provided all the documentation previously requested. If we do not receive the required documents by 5/28/2014, we may conclude that you have withdrawn your request for a modification and may resume other means to collect any amounts due on your account. To proceed with your request for a modification, you must submit the documents marked with an "X" to Shellpoint.

**The evaluation process will begin when we receive all required documentation. During the evaluation process, your property will not be referred to foreclosure or be sold at a foreclosure sale if the foreclosure process has already been initiated.** If your foreclosure process has been initiated, we may be unable to stop a sale where a court with jurisdiction over the foreclosure proceeding (if any) or public official charged with carrying out the activity could fail or refuse to halt a scheduled foreclosure sale.

**It may take up to 30 days for Shellpoint to review your request after we receive all required documentation.** All documents must be no older than 90 days at the time the complete package is received.

Please continue to make your monthly payment according to your loan agreement.

Upon completion of the evaluation process, we will notify you of the results in writing. If you are approved for a loss mitigation program, we will notify you of the length of time you have to consider the offer before accepting. In most cases, this is between 14 and 30 days.

Should your loan not qualify for a particular loss mitigation program such as a modification, we will review your loan for other possible workout options or foreclosure alternatives such as a short sale. The timeline of a short sale can vary between 30 and 120 days after the receipt of all required documentation based on the current investor. If approved for a short sale, Shellpoint reserves the right to pursue a deficiency payment if such deficiency claim is permitted by applicable law.

You should consider contacting servicers of any other mortgage loans secured by the same property to discuss available loss mitigation options.

Should you have questions, please contact us at 866-825-2174 or visit our website at www.shellpointMtg.com.

If you believe you have provided the requested documentation, please call us at 866-825-2174 as the received documentation may have been incomplete, needs further clarification, or was not received for all borrowers/contributors.

- ☒ Signed and dated IRS Form 4506-T (Request for Transcript of Tax Return), including social security numbers for all borrowers/contributors
- ☒ Copy of your most recent bank statements including all pages of all borrowers/contributors accounts (must be dated less than 90 days old at the time the complete package recived)
- ☒ Copy of homeowners association dues for the current year

Please mail the required documentation to the address below using the enclosed postage-paid envelope.
If we do not receive this information by 5/28/2014, we will close your request for assistance.

Shellpoint Mortgage Servicing
P.O. Box 10826
MS: 157
Greenville, SC 29603

Exhibit A-41

00160010880400

You may fax the information to 866-467-1187 to expedite this process.

If foreclosure action has begun, it will continue until the loan's delinquency is brought current, you qualify for and complete a loan modification or other applicable workout option, or the loan is paid in full.

Please do not delay returning the required information, as all paperwork must be submitted before a workout option may be considered. Thank you in advance for your prompt attention to this matter.

Should you have questions, please contact our office at 866-825-2174 or visit our website at www.shellpointMtg.com.

Sincerely,


Shellpoint Mortgage Servicing

Enclosure(s):Postage-paid envelope
        HOA  Form
        Form  4506-T


**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and nine months after the servicemember's military or other service. Counseling for covered servicemembers is available from Military OneSource and the United States Armed Forces Legal Assistance or other similar agencies.

The following is a Spanish translation of the information previously provided:

**Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.**

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted es un cliente en situación de bancarrota o un cliente que ha recibido una eliminación de esta deuda por bancarrota: tenga en cuenta que esta notificación tiene como fin informarle sobre el estado de su préstamo hipotecario. Este aviso no constituye una exigencia de pago ni un aviso de responsabilidad civil contra ningno de los destinatarios de la presente notificación, que pudiese haber recibido un descargo de este tipo de deuda de conformidad con la legislación vigente sobre bancarrota o que pudiera ser objeto de suspensión automática en virtud del Artículo 362 del Código de Bancarrota de los Estados Unidos. No obstante, puede ser una notificación de una posible aplicación de gravamen sobre la propiedad como garantía, que aún no ha sido descargada en su proceso de bancarrota.

**Atención uniformados y dependientes:** la Ley federal de Ayuda Civil para Uniformados y algunas leyes estatales brindan importantes protecciones para usted, que incluyen protecciones para las tasas de interés y la prohibición de las ejecuciones hipotecarias en la mayoría de las circunstancias durante y nueve meses después del servicio militar u otro tipo de servicio. Hay consejería para los uniformados disponible de Military OneSource y  de United States Armed Forces Legal Assistance (Asistencia jurídica para las Fuerzas Armadas de los Estados Unidos) u otros organismos similares.

**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Attention Servicemembers and Dependents:**  The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and nine months after the servicemember's military or other service.  Counseling for covered servicemembers is available from Military OneSource and the United States Armed Forces Legal Assistance or other similar agencies.

The following is a Spanish translation of the information previously provided:

**Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.**

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted es un cliente en situación de bancarrota o un cliente que ha recibido una eliminación de esta deuda por bancarrota: tenga en cuenta que esta notificación tiene como fin informarle sobre el estado de su préstamo hipotecario. Este aviso no constituye una exigencia de pago ni un aviso de responsabilidad civil contra ningno de los destinatarios de la presente notificación, que pudiese haber recibido un descargo de este tipo de deuda de conformidad con la legislación vigente sobre bancarrota o que pudiera ser objeto de suspensión automática en virtud del Artículo 362 del Código de Bancarrota de los Estados Unidos. No obstante, puede ser una notificación de una posible aplicación de gravamen sobre la propiedad como garantía, que aún no ha sido descargada en su proceso de bancarrota.

**Atención uniformados y dependientes:**  la Ley federal de Ayuda Civil para Uniformados y algunas leyes estatales brindan importantes protecciones para usted, que incluyen protecciones para las tasas de interés y la prohibición de las ejecuciones hipotecarias en la mayoría de las circunstancias durante y nueve meses después del servicio militar u otro tipo de servicio.  Hay consejería para los uniformados disponible de Military OneSource y  de United States Armed Forces Legal Assistance (Asistencia jurídica para las Fuerzas Armadas de los Estados Unidos) u otros organismos similares.

Exhibit A-43

05/22/2014  14:46     2063299303                KSMITH                          PAGE  01/17

May 21, 2014

Shellpoint Mortgage Servicing
P.O. Box 10826
MS. 157
Greenville, SC 29603-0826
866 825 2174
866 467 1187 Fax

RE. Loan #0515396262
    Property Address. 819 21st Ave, Seattle, WA 98122

Dear Loss Mitigation Department,

I am writing to offer some additional insight, explanation and in response to Mr. Fred Williams request for what I have discovered as notes in my file requesting check stubs and how my file was closed due to me not sending them.  I am UNEMPLOYED, therefore I DO NOT HAVE ANY CHECK STUBS. I would also like it known that I have never once spoke with Mr. Williams directly, nor has he ever returned any of my phone calls. I did send in the most recent documents on 4/23/2014, after I was informed my file had been closed.  I discovered when completing the documents provided on your website, it would not allow you to mark with an "X" as you requested. I felt the check mark was sufficient.  I am submitting all of the documents again to comply with your request of an "X" marking. I am also including the documents you requested with an "x" marking in the letter dated 4/28/2014 requesting an IRS 4506-T, though it was sent before and 3 months of bank statements.  I reside in a single family home and there are NO homeowners' association dues.

I previously submitted the form titled "Information Sharing Authorization, Non Borrower Credit Authorization, and Non Borrower Contribution Form" IN ERROR.  When instructed by Ruby on 04/23/2014 to complete the forms on your website I also sent in this from though it was not completed. I did receive your request dated 04/25/14 for these forms to be completed. There is NO one else at this time to be considered. I have owned my home since January 1985 and have worked as a Residential Real Estate Appraiser since 1990. My financial hardships begin due to the woes of the Housing Industry, brought on by the Countries Economic Downturn. This situation caused an enormous decrease in my reduction and lack of income, creating circumstances outside of my control.

I have worked hard to put myself in a position so that I could keep my home. I have done any and every thing that I could do, from working to increase my income, lowering expenses, eliminating debt to supplying all documentation requested from me.  I have completed and submitted paperwork on numerous occasions over the years, requesting a forbearance, rate reduction, modification, working with HUD approved Counselors and most recently working to get qualified for the UP-HAMP.  On February 1, 2012, I was let go from my job and received unemployment benefits.  During this time, I enrolled in the Worker Retraining Program "In Demand" career training to expand my current skills

Thank you in advance for your time and attention. If you have any other questions or need any additional information, please do not hesitate to contact me.

Sincerely,

Karen D. Smith
P.O. Box 22417
Seattle, WA 98122
206 329 9303
kdelores@msn.com

17 PAGES INC CUVER LETTER

WILL MAIL HARD COPY TODAY !

17 PAGES.

Exhibit A-44

**CERTIFICATE OF SERVICE**

1

2   I certify that I served the foregoing pleading on the following on February 22, 2016, as follows:

3   David A. Leen
    Leen & O'Sullivan, PLLC
4   520 E. Denny Way
5   Seattle, WA 98122-2138
    Of Counsel for Plaintiff
6   E-MAIL: david@leenandosullivan.com

7
    Michael S. DeLeo
8   Peterson Russell Kelly PLLC
    10900 NE 4th Street, Suite 1850
9   Bellevue, WA 98004-8341
10  Of Counsel for Defendant MTC Financial, Inc., d/b/a Trustee Corps
    E-MAIL:  mdeleo@prklaw.com
11
    _x_ by directly e-mailing a true copy thereof to his or her e-mail address listed above.
12
13  _x_ by mailing a true copy of the pleading to the plaintiff at his address listed above.

14

15                                DONALD G. GRANT, P.S.

16

17

18                                DONALD G. GRANT, WSBA#15480
                                  Of Counsel for Defendants
19

20

21

22

23

24

25

26

27

28

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL : don@dongrantps.com