# Exhibit 11

RECEIVED
AUG 1 2 2016
PETERSON RUSSELL KELLY PLLC

**SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY**

| | |
|---|---|
| KAREN SMITH, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>MTC FINANCIAL, INC., d/b/a Trustee Corps, a Washington corporation; SHELLPOINT MORTGAGE SERVICING; and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., Asset-Backed Certificates, Series 2007-SD1,<br><br>                Defendants. | No. 15-2-17632-4<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Defendants New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Shellpoint") and the Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD-1 ("BONY," and collectively "Defendants") hereby move this Court for an order entering judgment in their favor and against plaintiff Karen Smith ("Plaintiff").

I. **INTRODUCTION**

In 2007, Plaintiff obtained a loan for $356,250 secured by real property commonly known as 819 21st Avenue, Seattle, Washington (the "Subject Property"). Plaintiff has not paid off her loan. In fact, she admits that she has not made a loan payment since 2007, while she

Defendants' Motion for Summary Judgment - 1

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

continues to maintain the use and possession of the Subject Property. Plaintiff offers no explanation for her default. For 9 years, Plaintiff has worked with Defendants and the prior servicers of her loan to negotiate loss mitigation options. She has attempted numerous loan modifications, and also filed for bankruptcy in 2008 to stave off foreclosure. None of Plaintiff's modification efforts were successful, and Defendants therefore moved forward with setting a foreclosure sale date for July 6, 2015. In yet another attempt to improperly avoid foreclosure, Plaintiff filed this action alleging three causes of action for injunctive relief, violation of the Consumer Protection Act, and intentional infliction of emotional distress. Each of Plaintiff's claims is predicated on her allegations that the statute of limitations for a foreclosure sale has expired, and Defendants are not entitled to proceed with foreclosure.

The Court should grant Defendants' Motion and enter judgment for Defendants for several reasons. First, the statute of limitations for a foreclosure sale has not expired. Plaintiff argues that the statute began to run on May 26, 2008, and expired on May 26, 2014. However, the statute of limitations was tolled for over two years when Plaintiff filed bankruptcy, and was engaged in numerous loan modification reviews during which time the Subject Property could not be sold. Second, Plaintiff is equitably estopped from claiming that the sale is barred by the statute of limitations. Defendants and Plaintiff's prior loan servicers have worked diligently with Plaintiff over the course of nearly 10 years to help her try to modify her loan. Defendants relied on Plaintiff's requests to stay foreclosure sales, and did not foreclosure during the pendency of loan modification reviews. Plaintiff cannot now attempt to prevent a foreclosure sale because Defendants waited too long to proceed. Rather, Defendants gave Plaintiff a fair opportunity to pursue loss mitigation options. These options have been extinguished, and Defendants should not be precluded from proceeding with a sale.

Even when viewed in the light most favorable to Plaintiff, it is clear that there are no genuine issues of material fact regarding the period of tolling of the statute of limitations, and that Defendants are entitled to proceed with the sale of the Subject Property.

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

Plaintiff has continued to use and possess the Subject Property for over 9 years without making a single mortgage payment. It is improper and unjust to allow her to now take title to the property free and clear of a loan that she freely obtained.[1] Accordingly, the Court should grant Defendants' Motion.

## II. FACTS

1. On February 9, 2007, Plaintiff obtained a loan evidenced by a Note and secured by the Subject Property pursuant to a Deed of Trust ("DOT"). Declaration of Karen Smith, Exhibits A and B.[2]

2. Plaintiff filed a voluntary chapter 13 petition on June 5, 2008. *See* Request for Judicial Notice ("RJN"), Exhibit 1.[3]

3. On April 29, 2009, the stay was lifted with respect to the Subject Property by order of the Court. RJN, Exh. 2.

4. On April 29, 2009, Plaintiff sent a request for a loan modification. *See* Declaration of Olivia Miller ("Miller Decl.")[4] Exh. A-1 to A-4. In this letter, Plaintiff "offer[s] insight into [her] current financial situation as it relates to [her] request for a loan Modification with Forgiveness of the arrears." Plaintiff also references "past prior attempts to workout a solution with you to retain my home."

---

[1] Plaintiff has had a long career in the real estate industry as an appraiser and is no stranger to mortgage loans and her obligations therein.

[2] The Declaration of Karen Smith was filed on December 9, 2015 in connection with Plaintiff's Motion for Partial Summary Judgment.

[3] The Request for Judicial Notice was filed on February 22, 2016 in connection with Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.

[4] The Declaration of Olivia Miller was filed on February 22, 2016 in connection with Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.

Defendants' Motion for Summary Judgment - 3

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

5. On September 29, 2010, Plaintiff is involved in another loan modification review, and offers additional information about her financial situation. *Id.* at A-5. Plaintiff writes that it is her "hope that together we can put in place a win-win solution for all involved."

6. On October 14, 2010, Plaintiff was engaged in a loan modification with her prior servicer, Bank of America. *Id.* at A-7 to A-8. Bank of America notifies Plaintiff that her loan application is missing documents, and that there will be a hold on any foreclosure sale until November 13, 2010 to give Plaintiff an opportunity to submit the missing documents. Bank of America's letter expressly states that Plaintiff "will not lose [her] home during the federal government's Home Affordable Modification Program evaluation." *Id.* at A-8.

7. On March 9, 2011, Plaintiff was engaged in another loan modification with Bank of America. Bank of America again asks for additional documentation, and notifies Plaintiff that "no foreclosure sale will be conducted" and she "will not lose [her] home during the Home Affordable Modification Program evaluation" before March 24, 2011. *Id.* at A-9. This modification application was denied on March 21, 2011. *Id* at A-12. Although Plaintiff's application was denied, she was given an opportunity to appeal the denial, and Bank of America expressly stated that any hold on a foreclosure sale of the Subject Property "will continue and remain in effect while [Plaintiff] is considered for other foreclosure avoidance programs. *Id.* at A-12. Plaintiff appealed the denial on April 19, 2011. *Id.* at A-14 to A-16. Plaintiff continued to send Bank of America correspondence about her appeal on July 11, 2011 and August 10, 2011. *Id.* at A-16 to A-17. On September 27, 2011, Bank of America denied the appeal. *Id.* at A-18.

8. On May 23, 2012, June 12, 2012, and July 12, 2012, Plaintiff was engaged in yet another loan modification review with Bank of America. *Id.* at A-21 to A-25. On August 3, 2012, Bank of America denied Plaintiff's loan modification application. *Id.* at A-29.

9. On October 2, 2012, Bank of America again denied Plaintiff's request for a home loan modification. *Id.* at A-31.

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

10. On January 29, 2014, Plaintiff began yet another loan modification review with Resurgent Mortgage Servicing, a prior servicer of her loan. Resurgent expressly notified Plaintiff that "during the evaluation process, your property will not be referred to foreclosure or be sold at a foreclosure sale if the foreclosure process has already been initiated." *Id.* at A-34 to A-41. Plaintiff's application was denied on March 7, 2014. *Id.* at A-42. Notwithstanding the denial, Plaintiff was given 30 days to submit supplemental information during which time "a foreclosure sale [would] not be conducted" and Plaintiff would not lose her home. *Id.* at A-42.

11. On April 28, 2014, Plaintiff was engaged in another loan modification. Once again, Plaintiff was notified that the Subject Property would not be sold at a foreclosure sale during the pendency of the review. *Id.* at A-43. On May 21, 2014, Plaintiff submitted additional information for consideration for her loan modification review. Plaintiff's loan modification application as ultimately denied.

12. On January 29, 2008, Plaintiff received a notice of default. See Declaration of Karen Smith, Exhibit C. A Notice of Trustee's Sale was recorded on March 3, 2008, setting a sale date of July 6, 2008. *Id.* at Exhibit D. Plaintiff filed this action before the Subject Property was sold.

## II.  ARGUMENT

### A.  Legal Standard For Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c). A defendant can move for summary judgment by showing that there is an absence of evidence to support the plaintiff's case. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the defendant shows an absence of evidence to establish the

Defendants' Motion for Summary Judgment - 5

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

plaintiff's case, the burden then shifts to the plaintiff to set forth specific facts showing a genuine issue of material fact for trial. *Young*, 112 Wn.2d at 225.

While courts construe all evidence and reasonable inferences in the light most favorable to the nonmoving party, if the plaintiff "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,'" summary judgment is proper. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002); *Young*, 112 Wn.2d at 225 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The nonmoving party may not rely on speculation or "mere allegations, denials, opinions, or conclusory statements" to establish a genuine issue of material fact. *Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co.*, 122 Wn. App. 736, 744, 87 P.3d 774 (2004) (citing *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wn.2d 355, 359, 753 P.2d 517 (1988)).

**B.    Defendant Is Not Barred From Foreclosing On The Property Because Any Applicable Statute of Limitations Was Tolled**

Plaintiff's entire Complaint hinges on allegations that Defendants' attempt to foreclose on the Subject Property pursuant to the Note and DOT are time-barred. Each of Plaintiff's three causes of action fails because it is undisputed that the statute of limitations for a foreclosure of the Subject Property has not expired. Plaintiff alleges that the six-year statute of limitations under RCW 4.16.040 applies to actions for foreclosure, and the statute began to run on May 26, 2008.[5] Plaintiff, thus, suggests that any foreclosure sale must have been completed on or before May 26, 2014, and argues that that sale set for July 6, 2015 is barred by the applicable statute of limitations. Plaintiff is wrong because a prior bankruptcy and multiple attempts to modify her loan tolled the statute of limitations as a matter of law pursuant to RCW 4.16.230. This statute states:

---

[5] *See* Plaintiff's Motion for Partial Summary Judgment, filed December 9, 2015, at page 4, lines 4-8.

Defendants' Motion for Summary Judgment - 6

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

> When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action.

Here, Plaintiff's bankruptcy and loan modifications tolled the statute of limitations, making the July 6, 2015 sale date within the six-year statute of limitations for foreclosure.

### 1. Plaintiff's Bankruptcy Filing Tolled The Statute Of Limitations For Nearly Eleven Months

Section 362 governs the automatic stay in a bankruptcy proceeding, which goes into effect immediately and prevents creditors and other parties from taking action against a debtor's property. Section 362 provides, in relevant part:

> **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay, applicable to all entities, of— . . .
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> **(4)** any act to create, perfect, or enforce any lien against property of the estate;
> **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 USCS § 362. The stay arises *automatically by operation of law* upon filing of the bankruptcy petition. No court order is required to activate the stay. *See* 11 USC § 362(a); *see In re Mellor* (9th Cir. 1984) 734 F2d 1396, 1398; *In re Aldrich* (9th Cir. BAP 1983) 34 BR 776, 779. Upon noticed motion by creditors or other interested parties, the bankruptcy court may modify or vacate the stay. *See* 11 USC § 362(d); FRBP 4001.

Here, Plaintiff filed a voluntary chapter 13 petition on June 5, 2008. *See* Request for Judicial Notice ("RJN"), Exhibit 1. Upon filing of the petition, an automatic stay was immediately placed on the Subject Property pursuant to section 362, preventing any foreclosure

Defendants' Motion for Summary Judgment - 7

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

sale. On April 29, 2009, the stay was lifted with respect to the Subject Property by order of the Court. RJN, Exh. 2. Thus, between June 5, 2008 and April 29, 2009, a statutory prohibition was in effect that prevented Defendants from proceeding with the sale of the Subject Property and the statute of limitations for a foreclosure was thus tolled. *See* RCW 4.16.230. In total, the bankruptcy filing had the effect of staying the statute of limitations by 10 months, and 24 days.

### 2. The Statute Of Limitations Is Further Tolled By Numerous Loan Modification Reviews

Although Plaintiff admittedly has not made a mortgage payment since 2007, she has engaged in numerous attempts to modify her loan. Each time Plaintiff attempted to modify the terms of her loan, Defendants and the prior servicer of Plaintiff's loans were prohibited from proceeding with foreclosure as a matter of law. Specifically, WAC § 208-620-900 requires a servicer to stop a foreclosure sale under certain circumstances during loss mitigation:

> **(6)** Loss mitigation.
> **(a)** You must comply with all timelines and requirements for the federal HAMP or GSE modification programs if applicable, including denials and dual tracking prohibitions. If not using a HAMP or GSE loan modification program, you must:
> **(iv)** Review and consider any complete loan modification application before referring a delinquent loan to foreclosure.
> **(v)** Give a homeowner ten business days from your notice to them to correct any deficiencies in their loan modification application.
> **(vi)** Stop the foreclosure from proceeding further if you receive a complete loan modification application. See (a)(viii) and (ix) of this subsection.

WAC § 208-620-900(6)(a)(iv) – (vi). The practice of proceeding with a foreclosure sale while a loan modification is pending, known as "dual-tracking," is also prohibited under federal law. In February 2009, the Secretary of the United States Treasury announced a national loan modification program—the Home Affordable Modification Program, or "HAMP"—funded and authorized by the Troubled Asset Relief Program (TARP) created by the Emergency Economic Stabilization Act of 2008. Under the HAMP, home mortgage loan servicers would be

Defendants' Motion for Summary Judgment - 8

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

compensated by the Treasury for providing homeowners that were at risk of default with sustainable monthly payments. *Suntrust Mortg., Inc. v. Miller*, No. 32011-1-III, 2015 Wash. App. LEXIS 476, at *3 (Ct. App. Mar. 5, 2015) (citing U.S. Dep'ts of Treasury & Hous. & Urban Dev., HAMP Suppl. Directive (SD) 09-01, at 1 (Apr. 6, 2009)). In 2010 the United States Department of the Treasury promulgated HAMP supplemental directive 10-02, which states, "A servicer may not refer any loan to foreclosure or conduct a scheduled foreclosure sale *unless* and *until* at least one of the following circumstances exists: [¶] The borrower is evaluated for HAMP *and is determined to be ineligible for the program.*" (Making Home Affordable (Mar. 24, 2010) Supplemental Directive 10-02, p. 5 <https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/sd1002.pdf/> [as of Dec. 21, 2015], last italics added (Supplemental Directive 10-02).) HAMP Supplemental Directive 10-02 also provides a 30-day foreclosure moratorium following denial of a modification to permit borrowers to respond to the denial. "The servicer may not conduct a foreclosure sale within the 30 calendar days after the date of a Non-Approval Notice or any longer period required to review supplemental material provided by the borrower in response to a Non-Approval Notice unless the reason for the non-approval is" based on factors not pertinent here. (Supplemental Directive 10-02 at p. 5.) "In other words, the servicer cannot foreclose until at least 30 days after the loan modification review is completed." *Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th 1293, 1302 (2015).

  Here, Plaintiff was engaged in numerous loan modification reviews under both HAMP and other loss mitigation programs:

1. On April 29, 2009, Plaintiff sent a request for a loan modification. *See* Miller Decl., Exh. A-1 to A-4. In this letter, Plaintiff "offer[s] insight into [her] current financial situation as it relates to [her] request for a loan Modification with Forgiveness of the arrears." Plaintiff also references "past prior attempts to workout a solution with you to retain my home."

Defendants' Motion for Summary Judgment - 9

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

2. On September 29, 2010, Plaintiff is involved in another loan modification review, and offers additional information about her financial situation. *Id.* at A-5. Plaintiff writes that it is her "hope that together we can put in place a win-win solution for all involved."

3. On October 14, 2010, Plaintiff was engaged in a loan modification with her prior servicer, Bank of America. *Id.* at A-7 to A-8. Bank of America notifies Plaintiff that her loan application is missing documents, and that there will be a hold on any foreclosure sale until November 13, 2010 to give Plaintiff an opportunity to submit the missing documents. Bank of America's letter expressly states that Plaintiff "will not lose [her] home during the federal government's Home Affordable Modification Program evaluation." *Id.* at A-8.

4. On March 9, 2011, Plaintiff was engaged in another loan modification with Bank of America. Bank of America again asks for additional documentation, and notifies Plaintiff that "no foreclosure sale will be conducted" and she "will not lose [her] home during the Home Affordable Modification Program evaluation" before March 24, 2011. *Id.* at A-9. This modification application was denied on March 21, 2011. *Id* at A-12. Although Plaintiff's application was denied, she was given an opportunity to appeal the denial, and Bank of America expressly stated that any hold on a foreclosure sale of the Subject Property "will continue and remain in effect while [Plaintiff] is considered for other foreclosure avoidance programs. *Id.* at A-12. Plaintiff appealed the denial on April 19, 2011. *Id.* at A-14 to A-16. Plaintiff continued to send Bank of America correspondence about her appeal on July 11, 2011 and August 10, 2011. *Id.* at A-16 to A-17. On September 27, 2011, Bank of America denied the appeal. *Id.* at A-18.

5. On May 23, 2012, June 12, 2012, and July 12, 2012, Plaintiff was engaged in yet another loan modification review with Bank of America. *Id.* at A-21 to A-25. On August 3, 2012, Bank of America denied Plaintiff's loan modification application. *Id.* at A-29.

6. On October 2, 2012, Bank of America again denied Plaintiff's request for a home loan modification. *Id.* at A-31.

Defendants' Motion for Summary Judgment - 10

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

7. On January 29, 2014, Plaintiff began yet another loan modification review with Resurgent Mortgage Servicing, a prior servicer of her loan. Resurgent expressly notified Plaintiff that "during the evaluation process, your property will not be referred to foreclosure or be sold at a foreclosure sale if the foreclosure process has already been initiated." *Id.* at A-34 to A-41. Plaintiff's application was denied on March 7, 2014. *Id.* at A-42. Notwithstanding the denial, Plaintiff was given 30 days to submit supplemental information during which time "a foreclosure sale [would] not be conducted" and Plaintiff would not lose her home. *Id.* at A-42.

8. On April 28, 2014, Plaintiff was engaged in another loan modification. Once again, Plaintiff was notified that the Subject Property would not be sold at a foreclosure sale during the pendency of the review. *Id.* at A-43. On May 21, 2014, Plaintiff submitted additional information for consideration for her loan modification review. Plaintiff's loan modification application as ultimately denied.

During the course of Plaintiff's loan modification reviews, Defendants (and Plaintiff's prior loan servicers) were prohibited from proceeding with a foreclosure sale of the Subject Property. Accordingly, any statute of limitations on a foreclosure sale was stayed during the pendency of the loan modification reviews.

### 3. The Statute Of Limitations Was Tolled Through At Least July 6, 2015, The Scheduled Date of The Foreclosure Sale

Plaintiff argues that the six-year statute of limitations began to run on May 26, 2008. *See* footnote 4, *supra*. Plaintiff, thus, suggests that any foreclosure sale must have been completed on or before May 26, 2014, and argues that that sale set for July 6, 2015 is barred by the applicable statute of limitations. However, Plaintiff does not take into consideration the automatic stay on the Subject Property during the pendency of her bankruptcy case, or the numerous periods in which she was engaged in a loan modification review.

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

Based on Plaintiff's own concession that the statute began to run on May 26, 2008, the statute of limitations need only be tolled for the period between May 26, 2014 and July 6, 2015 for the sale date to be within the six-year statute of limitations. As set forth above, and as summarized in the table below, the statute of limitations was tolled well beyond the July 6, 2015 sale date.

| Tolling Event | Amount of Time Tolled |
|---|---|
| Plaintiff's Bankruptcy, filed on June 5, 2008; order lifting stay entered April 29, 2009. | 10 months, 24 days |
| Plaintiff's April 2009 loan modification review. | 30 days |
| Plaintiff's September 2010 loan modification review. | 30 days |
| Plaintiff's October 2010 HAMP loan modification review. | 30 days[6] |
| Plaintiff's HAMP loan modification review beginning March 9, 2011, and ending September 27, 2011. | 6 months, 18 days |
| Plaintiff's loan modification review beginning May 23, 2012, and ending August 3, 2012. | 2 months, 11 days |
| Plaintiff's loan modification review beginning January 29, 2014, and ending April 7, 2014 (including the appeal period). | 2 months, 8 days |
| Plaintiff's loan modification review in April 2014. | 30 days |
| **TOTAL TIME TOLLED** | **26 months, 1 day[7]** |

The statute of limitations was tolled a total of 26 months, 1 day, or 2 years, 2 months, and 1 day. In other words, if the statute of limitations began to run on May 26, 2008, it did not expire

---

[6] The time calculations in this table are conservative estimates because HAMP requires a stay on foreclosure for at least 30 days.

[7] For purposes of this summary, 30 days is calculated as one month.

Defendants' Motion for Summary Judgment - 12

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

until 6 years, *plus* 2 years, 2 months, and 1 day later, which is **July 27, 2016**. Defendants' noticed a sale date for July 6, 2015—over a year before the statute of limitations expired—and this date is well within the six-year statute of limitations to foreclose on the Subject Property.

The undisputed material facts show that for at least 26 months, and 1 day, Defendants (and the prior servicers of Plaintiff's loan) were prohibited as a matter of law from conducting a foreclosure sale on the Subject Property because Plaintiff was either in bankruptcy, or engaged in loss mitigation. By adding this time to the six-year statute of limitations, the statute of limitations has not expired. Accordingly, Defendants' Motion should be granted.

C. **Plaintiff's Complaint Is Barred By The Doctrine Of Equitable Estoppel**

Plaintiff is also equitably estopped from seeking quiet title to the Subject Property based on a statute of limitations bar. Equitable estoppel is an affirmative defense, which may apply where an admission, statement, or act has been detrimentally relied on by another party. *Campbell v. Dep't of Soc. & Health Servs.*, 150 Wn.2d 881, 902, 83 P.3d 999 (2004). "The principle of equitable estoppel is based upon the reasoning that a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon." *Wilson v. Westinghouse Elec. Corp.*, 85 Wn.2d 78, 81, 530 P.2d 298 (1975). To establish equitable estoppel, the party asserting the defense must prove the following elements by clear, cogent, and convincing evidence: (1) a party's admission, statement, or act which is inconsistent with its later claim; (2) reasonable reliance by another party on that admission, statement, or act; and (3) injury to the relying party if the first party is permitted to repudiate or contradict the earlier statement or action. *Campbell*, 150 Wn.2d at 902.

Here, Defendants and the prior loan servicers worked diligently with Plaintiff to help her stay in the Subject Property. Plaintiff made countless pleas to her loan servicers to work with her to modify her loan and to allow her to keep a home despite the fact that she had no made a single payment since 2007. *See, e.g.*, Miller Decl. at A1 to A5, A38 to A39. During the pendency of

Defendants' Motion for Summary Judgment - 13

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

the reviews, the servicers agreed not to sell the Subject Property. Indeed, had a sale proceeded while Plaintiff was engaged in a loan modification review, Defendants would potentially be subject to suit for countless other violations. Plaintiff asked Defendants not to sell her home so that she could try to modify her loan. *See, eg., id.* Defendants honored that request and did not sell the Subject Property. After numerous unsuccessful attempts to modify the loan, Defendants proceeded by setting a new sale date of July 6, 2015. Plaintiff then filed this action to stop the sale, and asks the Court to enjoin the sale of the Subject Property because Defendants waited too long to sell the Subject Property. Such relief would injure and punish Defendant for complying with the law, and for accommodating Plaintiff's requests to stay foreclosure proceedings to work on a modification. Defendants should not be penalized for trying to help Plaintiff modify her loan. Plaintiff has already had the benefit of remaining in her house without making a single loan payment since 2007—she should not be entitled to a windfall by allowing her to keep the Subject Property free and clear. Accordingly, Plaintiff is equitably estopped from obtaining the relief requested.

Because the undisputed facts confirm that Defendants were within their legal right to foreclose on Plaintiff's Property pursuant to the Note and DOT, each of her three causes of action fail and judgment should be entered in favor of Defendant.

### D.  Plaintiff's Claims Fail For Additional Reasons

The undisputed facts confirm that Defendants were within their legal right to foreclose on Plaintiff's Property pursuant to the Note and DOT, and each of her three causes of action fail because they are all predicated on this statute of limitations argument. Indeed, Plaintiff's first cause of action for "Injunctive Relief" is predicated entirely on the alleged enforcement of time-barred debt, which is unsupported by the undisputed facts.

Plaintiff's second claim for "Consumer Protection Violations" also fails. As a preliminary matter, Plaintiff has not identified any Consumer Protection law at issue, and cites only "RCW 61.24" without identifying any specific provision. In response to interrogatories,

Defendants' Motion for Summary Judgment - 14

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

Plaintiff also fails to allege any specific provision violated. Declaration of Donald Grant, Exhibit A-5. Here, again, Plaintiff's claim appears to be based entirely on an alleged statute of limitations bar. As set forth herein, the time for Defendants to foreclose has not yet expired.

Finally, Plaintiff's third cause of action for "Infliction of Emotional and Physical Distress" also fails because, here again, it is entirely based on the allegedly improper foreclosure activity that was time-barred. Moreover, this cause of action fails because Plaintiff has not produced any evidence that she has suffered emotional or physical distress as a result of Defendants' conduct.

A claim for the intentional infliction of emotional distress, also known as the tort of outrage "Requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630 (2003). "The first element requires proof that the conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Dicomes v. State*, 113 Wn.2d 612, 630, 782 P.2d 1002 (1989).

Here, Plaintiff's emotional distress claim fails because it is barred by the economic loss rule. As a general principle, the economic loss rule bars recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic in nature. *Alejandre v. Bull*, 159 Wn.2d 674, 153 P.3d 864, 868 (Wash. 2007). In determining whether the economic loss rule applies, "[t]he key inquiry is the nature of the loss and the manner in which it occurs, i.e., are the losses economic losses, with economic losses distinguished from personal injury or injury to other property." *Id.* at 869. Where the claimed loss is an economic one, and no exception to the economic loss rule applies, the parties will be limited to contractual remedies. *Id.* Courts have held that the economic loss rule bars outrage claims arising from relationships between lenders and borrowers that are created by a Note and DOT. See *Vawter v. Quality Loan*

Defendants' Motion for Summary Judgment - 15

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

*Serv. Corp.*, 707 F. Supp. 2d 1115, 1128-29 (W.D. Wash. 2010) ("The court agrees with Chase and MERS that the economic loss rule precludes the Vawters' intentional infliction of emotional distress claim. Even viewing the complaint in their favor, the Vawters have not pleaded sufficient factual allegations to sidestep the economic loss rule. The relationship between the Vawters and Chase and MERS is contractual in nature and arises from the Note and Deed of Trust."); *Pfau v. Wash. Mut., Inc.*, No. CV-08-00142-JLQ, 2009 U.S. Dist. LEXIS 14233, at *10 (E.D. Wash. Feb. 24, 2009) ("[t]he Washington Court of Appeals specifically addressed a claim for emotional distress related to the alleged mishandling of a mortgage and the resulting foreclosure," and ultimately "held that the lack of express provisions for these damages did not prevent the application of the economic loss rule."); *Davis v. Wells Fargo Home Mortgage*, No. 34136-1-II, 139 Wash. App. 1061, 2007 WL 2039077, at *3-7 (Wash. Ct. App. 2007) (same).

Moreover, conduct in connection with the nonjudicial foreclosure process does not support an emotional distress claim. *See Lyons v. U.S. Bank NA*, 181 Wn.2d 775, 792-93, 336 P.3d 1142, 1151-52 (2014) (granting summary judgment to defendant on emotional distress claim because claims stemming from trustee's sale were not "so outrageous that they shock the conscience or go beyond all sense of decency."); *Vawter v. Quality Loan Serv. Corp.*, 707 F. Supp. 2d 1115, 1128 (W.D. Wash. 2010) ("Chase's and [Mortgage Electronic Registration System's] actions in connection with the nonjudicial foreclosure process, as alleged by the Vawters, may be problematic, troubling, or even deplorable" but is insufficiently outrageous for an intentional infliction of emotional distress claim); *McGinley v. Am. Home Mortg. Serv., Inc.*, No. 2:10-CV-01157 RJB, 2010 WL 4065826, at *11, 2010 U.S. Dist. LEXIS 113290, at *32 (W.D. Wash. Oct. 15, 2010) (court order) (claim resting on alleged nondisclosures associated with loan refinance, terms of the loan, and subsequent nonjudicial foreclosure proceedings was insufficiently outrageous to survive summary judgment); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (2011) ("plaintiffs essentially allege that the lenders offered them loans that the lenders knew they could not repay; this is not inherently 'extreme and

Defendants' Motion for Summary Judgment - 16

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

outrageous'"); *Wells v. Chase Home Fin., LLC*, No. C10-5001RJB, 2010 WL 4858252, at *8, 2010 U.S. Dist. LEXIS 127854, at *22-24 (W.D. Wash. Nov. 19, 2010) (court order).

To the extent Plaintiff also alleges a claim for negligent infliction of emotional distress, her claim fails for the additional reason that she has not produced evidence of any medical diagnosis. *See Hegel v. McMahon*, 136 Wn.2d 122, 135, 960 P.2d 424 (1998) (To maintain an action for negligent infliction of emotional distress a plaintiff must also establish "emotional distress … susceptible to medical diagnosis and proved through medical evidence."). In response to requests for production of all documents supporting Plaintiffs' claims for damages, Plaintiff has not produced a single medical diagnosis, or any evidence of medical treatment. *See* Declaration of Donald Grant, ¶3. Accordingly, Plaintiff's claims for emotional distress fail.

## V.  CONCLUSION

For the reasons set forth above, Defendants are entitled to judgment as a matter of law, and the Court should grant Defendants' Motion.

DATED: May 20, 2016.

*/s/ Donald G. Grant*

DONALD G. GRANT, WSBA#15480
Of Counsel for Defendants New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing; and The Bank of New York Mellon

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Suite 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
CELL: (360) 907-3094
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

Defendants' Motion for Summary Judgment - 17

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

# CERTIFICATE OF SERVICE

I certify that I served the foregoing pleading on the following on May 20, 2016, as follows:

David A. Leen
Kathleen Box
Leen & O'Sullivan, PLLC
520 E. Denny Way
Seattle, WA 98122-2138
E-MAIL: david@leenandosullivan.com and katy@leenandosullivan.com
Of Counsel for Plaintiff

Michael S. DeLeo
Peterson Russell Kelly PLLC
10900 NE 4th Street, Suite 1850
Bellevue, WA 98004-8341
E-MAIL: mdeleo@prklaw.com
Of Counsel for Defendant MTC Financial, Inc., d/b/a Trustee Corps

_x_ by directly e-mailing a true copy thereof to his or her e-mail address listed above.

_x_ by mailing a true copy of the pleading to the plaintiff at his address listed above.

DONALD G. GRANT, P.S.

*/s/ Donald G. Grant/*

DONALD G. GRANT, WSBA#15480
Of Counsel for Defendants

Defendants' Motion for Summary Judgment - 18

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com