THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN SMITH,

Plaintiff,

v.

BANK OF NEW YORK MELLON, *et al.*,

Defendants.

CASE NO. C19-0538-JCC

ORDER

This matter comes before the Court on Defendant Malcom & Cisneros' ("M&C") motion for summary judgment (Dkt. No. 76) and Plaintiff's motion for relief from a deadline (Dkt. No. 85). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions (Dkt. Nos. 76, 85) for the reasons explained herein.

## I. BACKGROUND

The Court has described the facts and procedural history of this case in its previous orders, (*see* Dkt. Nos. 38, 42, 63), and will not repeat them here. M&C moves for summary judgment solely on the claims against it, arguing that Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims are now barred by a recent Ninth Circuit decision and Plaintiff's Washington Consumer Protection Act ("CPA") and negligent misrepresentation claims fail both as a matter of law and because Plaintiff does not present sufficient evidence to establish a

genuine issue of material fact. (Dkt. No. 76 at 9–25.)

## II. DISCUSSION

### A. Relief from Deadline

As a threshold matter, the Court will address Plaintiff's late-filed opposition brief (Dkt. No. 82). M&C filed its summary judgment motion on October 16, 2020. (Dkt. No. 76.) Plaintiff's opposition brief was due on November 9, 2020. *See* W.D. Wash. Local Civ. R. 7(d)(3). Instead, Plaintiff filed her opposition brief the following day. (*See* Dkt. No. 82[1].) Plaintiff moves for relief from this deadline, citing unexpected sickness for her roughly ten-hour delay. (Dkt. No. 85 at 2.)

The Court ordinarily determines whether a late filing caused by neglect is excusable based upon the four-factor *Pioneer* test. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partn.*, 507 U.S. 380, 391 (1993)). M&C concedes two of the factors, noting that prejudice from such a delay was "minimal" and that the length of delay was "not great." (Dkt. No. 90 at 3.) Yet it opposes, suggesting that the proffered reason, illness, was "weak" in light of the overall time Plaintiff had to oppose, and that Plaintiff's actions were not taken in good faith. (Dkt. No. 90 at 3–4.)

Plaintiff's counsel's behavior suggests a lack of planning. She had significant time to craft a response prior to her illness. Nevertheless, M&C presents no evidence supporting a lack of good faith on counsel's part. Most importantly, the minimal delay here could not have resulted in substantial prejudice to M&C. The Court views any assertion that M&C would otherwise have been working on a reply brief from 12:01 a.m. to 7:35 a.m. on November 10, 2020 with great skepticism. Accordingly, the Court FINDS that the neglect here was excusable.

---

[1] Plaintiff later filed a preacipe, (Dkt. No. 88), seeking to submit a revised opposition brief, (Dkt. No. 88-1), correcting both citation errors and a single statement regarding the alleged nature of M&C's debt collection practices. The proposed modifications are not prejudicial to M&C. The Court, therefore, accepts the revised opposition brief. All remaining references in this order to Plaintiff's opposition brief are to the revised brief (Dkt. No. 88-1).

Plaintiff's motion for relief from a deadline (Dkt. No. 85) is GRANTED.

**B. Legal Standard for Summary Judgment**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if the fact "might affect the outcome of the suit under the governing law." *Id.* At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255.

**C. FDCPA**

Plaintiff asserts that M&C violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692f, when it filed what a court later determined to be a time-barred judicial foreclosure complaint against her on behalf of Defendant Bank of New York Mellon ("BONY"). (Dkt. No. 45 at 22–24.) M&C moves for summary judgment on Plaintiff's FDCPA claim, arguing that the claim is now precluded by the Ninth Circuit's decision in *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993 (9th Cir. 2020), and even if it were not precluded, Plaintiff offers no evidence supporting colorable claims under the FDCPA. (Dkt. No. 76 at 9–15.)

As this Court's prior order on M&C's motion to dismiss makes clear, prior to *Barnes*, there was some question whether a judicial foreclosure action could be considered a debt collection activity under the FDCPA, rather than an activity relating to the enforcement of a security interest. (*See* Dkt. No. 38 at 9.) That question was settled in *Barnes*, where the Ninth Circuit held that the enforcement of a security interest by "retaking or forcing a sale of the property" is not a debt collection activity for purposes of the FDCPA, irrespective of the nature of the foreclosure proceeding, so long as no debt other than the one associated with the security interest is pursued through the proceeding. 963 F.3d at 995–96; *see id.* at 998–99 (Ninth Circuit's

discussion of this Court's prior order, noting the previous existence of a question regarding "whether those who judicially enforce mortgages fall within the scope of [the FDCPA's rules regarding debt collection activities]"). Therefore, there is now no doubt that M&C's attempted enforcement of BONY's security interest through the foreclosure action was not a debt collection activity, as there are no credibly supported allegations that M&C also pursued a judgment on additional debt owed by Plaintiff through that failed action.

Plaintiff argues that, even if M&C's actions in this case did not amount to a debt collection activity for FDCPA purposes, M&C regularly engages in debt collection activities in other instances. (Dkt. No. 88-1 at 5–12.) Therefore, according to Plaintiff, M&C is, in general, a debt collector for purposes of the FDCPA and, accordingly, is subject to the FDCPA's limitations on its conduct in this case. (*Id.*) But the evidence Plaintiff presents only suggests that M&C routinely engages in the kind of security-interest enforcement proceedings at issue in this case. (*See* Dkt. Nos. 83-1 at 2–9, 83-2 at 11–12, 83-5 at 2–64.) This is insufficient to establish a genuine issue of material fact regarding whether M&C, more broadly, is a debt collector for purposes of the FDCPA. As a result, the Court need not consider whether the activities M&C engaged in on BONY's behalf here constituted FDCPA violations.

Summary judgment is GRANTED on Plaintiff's FDCPA claim.

**D. CPA**

To establish a CPA violation, a plaintiff must prove an "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 710 P.3d 531, 533 (Wash. 1986). The first two elements may be established independently or "by a showing that the alleged act constitutes a per se unfair trade practice." *Id.* at 535. "A per se unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Id.* "[A]ny person or entity['s]" violation "of the duty of good faith under RCW § 61.24.163," a

component of Washington's Foreclosure Fairness Act ("FFA")," is a per se unfair trade practice. Wash. Rev. Code § 61.24.135(2). Similarly, acting as a collection agency without the requisite license, as provided by Washington's Collection Agency Act ("CAA"), Wash. Rev. Code § 19.16.440, is a per se unfair trade practice.

Plaintiff asserts that M&C violated the CPA, Wash. Rev. Code ch. 19.86, when it: (1) acted as an unlicensed debt collector in violation of the CAA; (2) breached its duty to mediate in good faith in violation of the FFA; and (3) filed a time-barred judicial foreclosure action. (Dkt. No. 45 at 11–23.) But the CPA does not apply to the practice of law. *Michael v. Mosquera-Lacy*, 200 P.3d 695, 699 (Wash. 2009). It only applies to the "entrepreneurial aspects of legal practice—how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." *Short v. Demopolis*, 691 P.2d 163, 168 (Wash. 1984).

Plaintiff describes M&C's business as a "form pleadings" practice, necessitating little "attorney involvement." (Dkt. No. 88-1 at 16.) She argues this means that M&C engages in a debt collection business by non-attorneys and, on this basis, her claims are actionable under the CPA. (*Id.*) She cites *Mandelas v. Gordon*, 785 F. Supp. 2d 951, 953 (W.D. Wash. 2011), for the proposition that a law firm can engage in debt collection activities. (*Id.*) But in *Mandelas*, the plaintiff put forth evidence detailing the staffing and practices of the firm, thereby establishing a genuine issue of material fact whether the firm was a debt collector rather than a law firm practicing law. 785 F. Supp at 961–62. Plaintiff presents little, if any, comparable evidence. (*See* Dkt. No. 83-2 at 11, 84-7 at 2.) Therefore, she fails to establish a genuine issue of material fact.

Summary judgment is GRANTED on Plaintiff's CPA claims.

**E. Negligent Misrepresentation**

To support a negligent misrepresentation claim, Plaintiff must prove that: (1) M&C supplied false information for Plaintiff's guidance, (2) M&C knew or should have known the information was supplied to guide Plaintiff in her business transaction, (3) M&C was negligent

in obtaining or communicating the information, (4) Plaintiff relied on the information, (5) that reliance was justified, and (6) the false information proximately caused Plaintiff's damages. *ECSA v. KPMG Peat Marwick*, 959 P.2d 651, 654 (Wash. 1988). To survive summary judgment, Plaintiff must put forth sufficient evidence on each element to establish a genuine issue of material fact. Plaintiff's briefing is notable in that she points to *no* evidence specific to this claim. (*See* Dkt. No. 88-1 at 23–24.) However, viewing the evidence in the light most favorable to Plaintiff, *see Anderson v. Liberty Lobby, Inc.*, 477 at 255, the Court notes that some of the evidence put forward in support of her other claims may also support some of the elements for this claim. But it does not support all of the elements. Specifically, the Court fails to see the connection between the evidence presented, even viewed in the most favorable light, and the following elements: the falsity of the information M&C supplied, M&C's negligence in obtaining the information provided to Plaintiff, Plaintiff's justifiable reliance on the information provided by M&C, and proximate cause of Plaintiff's injuries. (*Id.*) Therefore, Plaintiff fails to establish genuine issues of material fact on all of the elements she must prove at trial on her negligent misrepresentation claim.

Summary judgment is GRANTED on Plaintiff's negligent misrepresentation claim.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS M&C's motion for summary judgment (Dkt. No. 76) and Plaintiff's motion for relief from a deadline (Dkt. No. 85).

DATED this 5th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE