The Honorable John C. Coughenour

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

11

12  KAREN D. SMITH,

   Plaintiff,

13

14  v.

15  THE BANK OF NEW YORK MELLON FKA
    THE BANK OF NEW YORK, AS TRUSTEE
16  FOR THE BENEFIT OF THE
    CERTIFICATEHOLDERS OF THE CWABS
17  INC., ASSET-BACKED CERTIFICATES,
    SERIES 2007-SD1, and NEW PENN
18  FINANCIAL LLP, d/b/a SHELLPOINT
    MORTGAGE SERVICING, LLC, MTC
19  FINANCIAL INC., DBA TRUSTEE CORPs,
    and MALCOLM & CISNEROS, A LAW
20  CORPORATION,

   Defendant

21

Case No.: 2:19-cv-00538-JCC

PLAINITFF KAREN D. SMITH'S MOTION
FOR RECONSIDERATION

NOTED FOR HEARING:

May 19, 2021

22
23
24
25
26

PLAINITFF KAREN D. SMITH'S MOTION
FOR RECONSIDERATION - 1

Plaintiff Karen D. Smith, pursuant to Fed. R. Civ. P. 59(e) and the Local Civil Rule 7(h), and by and through undersigned counsel, ask the Court to reconsider the Order Granting Defendant Malcolm & Cisneros' Motion for Summary Judgment ("Order") filed May 5, 2021 (Dkt No. 113).

# I.    ARGUMENT

### A.    Standard for Reconsideration

Reconsideration under Rule 59(e), 60(b), and LCR 7(h) will be granted where the court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000. These criteria are met here, where the Court was misdirected by Defendant M&C's reply arguments which Plaintiff did not get to address, and where the Plaintiff has discovered new evidence that was improperly withheld by Defendants in this case under claims of attorney-client and work product privilege.

### B.    The Court Erred by Dismissing Plaintiff's Claims for Violations of the FDCPA by finding that Defendant M&C was not a Debt Collector.

Plaintiff requests that this Court reconsider its ruling dismissing Plaintiff's FDCPA claims as precluded by the Ninth Circuit's decision in *Barnes v. Routh Crabtree Olsen, PC*, 963 F.3d 993 (9th Cir. 2020) and even if not precluded for failure to provide evidence of colorable claims. *See* Dkt No. 133 at 3. The Court's Order fundamentally misapplied *Barnes* to the Plaintiff's argument that Defendant M&C is a debt collector under 15 U.S.C. § 1692a(6) by finding that "M&C's attempted enforcement of BONY's security interest through the foreclosure action was not a debt collection activity, as there are no credibly supported allegations that M&C also pursued a judgment on additional debt owed by Plaintiff through that failed action." *Id.* at 3-4. This statement that it was necessary to pursue a judgment on "additional debt" is nowhere

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1  supported by *Barnes*. Rather, what *Barnes* required is that the foreclosure complaint pursue a

2  deficiency judgment against the Plaintiff besides merely pursuing foreclosure to retake or force a

3  sale of the property. *Barnes*, 963 F.3d 993, 999 (9th Cir. 2020). Washington law makes plain that

4  the Judicial Foreclosure Complaint (*See* Dkt No. 82, Decl. of KS at ¶ 14, Ex. E (hereinafter cited

5  as "Judicial Foreclosure Complaint," at KSMITH007636- KSMITH007675) - in this case does

6  exactly that – as explained below, the Complaint is subject to an "opt out" statute, where

7  Washington law assumes the presence of a deficiency judgment to the beneficiary absent an

8  express waiver of a deficiency judgment.

9

10        ***1.     The Judicial Foreclosure Complaint Sought a Deficiency Judgment
                 Under Washington Law***

11

12        The Order misunderstood the Plaintiff's argument by not addressing the arguments that a

13  "deficiency judgment was on the table in the proceeding," and thus putting the Plaintiff's actions

14  within the definition of debt collection under 15 U.S.C. § 1692a(6) and § 1692a(5)'s definition of

15  "debt." *Barnes*, 963 F.3d 993, 997 - 999 (9th Cir. 2020); *see also*, *McNair v. Maxwell & Morgan*

16  *PC*, 893 F.3d 680, 683 (9th Cir. 2018) (judicial foreclosure proceeding seeking a deficiency

17  judgment can constitute "debt collection" activities).

18        Under Washington state law, a deficiency judgment is "presumed" unless expressly

19  waived as proscribed in RCW 61.12.070 – "Decree to direct deficiency—Waiver in complaint"

20  which reads as follows:

21

22            …….. the court shall direct in the decree of foreclosure that the balance due on
             the mortgage, and costs which may remain unsatisfied after the sale of the
23            mortgaged premises, shall be satisfied from any property of the mortgage debtor:
             PROVIDED, HOWEVER, That in all cases where the mortgagee or other owner
24            of such mortgage has ***expressly waived*** any right to a deficiency judgment in the
             complaint, as provided by RCW 6.23.020, there shall be no such judgment for
25            deficiency, and the remedy of the mortgagee or other owner of the mortgage
             shall be confined to the sale of the property mortgaged.
26

RCW 61.12.070.

PLAINITFF KAREN D. SMITH'S MOTION                    **HENRY & DEGRAAFF, P.S.**
FOR RECONSIDERATION - 3                              787 MAYNARD AVE S
                                                     SEATTLE, WASHINGTON 98104
                                                     telephone (206) 330-0595
                                                     fax (206) 400-7609

1
2
3

Additionally, under the Redemption statute, RCW 6.23.020, a waiver of a deficiency would include a reduction of the redemption time from eight months to one year. RCW 6.23.020 reads as follows:

4
5
6
7

> (1) Unless redemption rights have been precluded pursuant to RCW 61.12.093 *et seq.*,[1] the judgment debtor or any redemptioner may redeem the property from the purchaser at any time (a) within **eight months** after the date of the sale if the sale is pursuant to judgment and decree of foreclosure…… in which complaint the judgment creditor **has expressly waived any right to a deficiency judgment**, or (b) otherwise within one year after the date of the sale.

8

RCW 6.23.020.

9

### 2.    *A Deficiency Waiver in the Prayer for Relief Alone is Insufficient*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

There is nothing in the body of the Judicial Foreclosure Complaint that says a deficiency is waived. In fact, the Judicial Foreclosure Complaint explains that the Property would be sold by a foreclosure sale in "the manner provided by law," signaling a deficiency judgment since there is no express language saying otherwise in the complaint itself. *See* Dkt No. 82, Decl. of KS at ¶ 14, Ex. E, at KSMITH007636, at ¶ 2. Under well-established case law from the Washington State Supreme Court, a complaint that contains a prayer for "general relief" in addition to foreclosure is sufficiently pled for a court to grant a deficiency judgment to the Plaintiff. *State v. Superior Court of King Cty.*, 34 Wash. 643, 645, 76 P. 282, 283 (1904), citing *Rogers v. Turner,* 19 Wash. 399 (1898). As acknowledged by Defendant M&C, the only provision in the Judicial Complaint that even touches on the deficiency is found in the "Prayer for Relief." *See* Dkt No. 76 at 12. It is clear under Washington precedent that M&C's complaint as drafted was sufficient to obtain a deficiency judgment against Smith, even without an explicit request for a deficiency.

25
26

PLAINTIFF KAREN D. SMITH'S MOTION
FOR RECONSIDERATION - 4

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Since it is clear that Defendant M&C does meet the definition of a debt collector under the FDCPA, it is now necessary for the court to consider "whether the activities M&C engaged in on BONY's behalf here constituted FDCPA violations." Dkt No. 113 at 4. At that time the court can also consider the new Ninth Circuit authority on time barred debts. *See* Dkt No. 101.

### C.    Negligent Misrepresentation

Under *ECSA v. KPMG Peat Marwick*, 959 P,2d 651, 654 (Wash. 1988), a Plaintiff must prove that (1) M&C supplied false information for Plaintiff's guidance, (2) M&C knew or should have known the information was supplied to guide Plaintiff in her business transaction, (3) M&C was negligent in obtaining or communication the information, (4) Plaintiff relied on the information, (5) that reliance was justified, and (6) the false information proximately caused Plaintiff's damages.

M&C represented to the mediator and to the Plaintiff that the beneficiary requested and obtained a "waiver" of investor restrictions to allow Ms. Smith to obtain a fair review of her loan modification application. Although Ms. Smith was skeptical, the Plaintiff relied on the assurances from Defendant M&C and spent time, effort submitting documents for review, paid for additional mediation sessions based on this false information, and endured emotional and physical distress related to their misrepresentations. Dkt No. 82, at ¶ 18; Supp. Smith Dec., at ¶ 17. In reality, M&C knew that the beneficiary had not asked for a waiver and that a waiver had not been obtained. In evidence only provided to the Plaintiff on April 28, 2021, well after the response and reply were filed on this motion, it is now clear that M&C asked Shellpoint on September 27, 2017 to confirm that "Shellpoint has requested and obtained an exception for this file to review the borrowers for a loan modification even though the investor does not participate in the mediation." Supp. Henry Dec., at ¶2, Ex A, SMS03338. But Shellpoint replied that "Shellpoint Mortgage Servicing has agreed to review borrower for an in-house proprietary mod.

PLAINTIFF KAREN D. SMITH'S MOTION
FOR RECONSIDERATION - 5

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

[R]estrictions on such loan will be waived if and when borrower qualifies under the requirements such as income verification, HDTI being within an acceptable range, positive NPT ETC." ID at SMS03337. In other words, M&C asked Shellpoint to confirm that the beneficiary had issued a waiver, and Shellpoint said no, to the contrary, they had not even requested a waiver and would not do so until they had a borrower that they believe otherwise qualified for modification. In spite of this, M&C continued to represent to the Mediator and to the Plaintiff for months that the beneficiary had issued a waiver in this case. *See* Supp. Smith Dec., at ¶ 5-11, Ex. C, D, E, F, G, H and I.

Counsel for the Plaintiff learned for the first time at a deposition of Timothy Mitchell of Shellpoint on April 28, 2021, that Shellpoint had never requested and "exception" or "waiver" from the beneficiary until 2018 when regulatory authorities issued a complaint, and that additional relevant documents about this had been withheld from the Plaintiff in Discovery.  *See* Supp. Henry Dec., at ¶ 3, Ex B, Deposition Excerpts of Timothy Mitchell, at pp. 5:3-7; 20:10-25; 36:2-9; 43:6-11; 43:15-16; 56:6-8; 56:16-18; 56:23-57:6; Supp. Henry Dec., at ¶ 4, Ex A, SMS03560. Email correspondence between Shellpoint employees (not received by the Plaintiff until May 7, 2021) revealed that Shellpoint never felt the need to actually request an exception for the loan as they were "just going through the motions on this one." Supp. Henry Dec., at ¶ 4, Ex. A at SMS03569. Plaintiff also learned that another borrower experienced the same fate as Smith. *See Id.* Ex. A, at SMS03570.

## II.     CONCLUSION

Plaintiff Karen Smith respectfully requests that the Court reconsider it's Order Granting Malcolm & Cisneros' Motion for Summary Judgment.

PLAINTIFF KAREN D. SMITH'S MOTION
FOR RECONSIDERATION - 6

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1    Dated this 19th of May 2021.

2                                            */s/ Christina L Henry*_____
3                                            Christina L Henry, WSBA# 31273
                                             Henry & DeGraaff, PS
4                                            119 1st Ave S, Ste 500
                                             Seattle, WA 98104
5                                            Tel# 206-330-0595 / Fax@ +1-206-400-7609
6                                            chenry@hdm-legal.com

7
                                             Arthur Ortiz, WSBA# 26676
8                                            The Law Office of Arthur Ortiz
                                             6015 California Ave SW, No. 203
9                                            Seattle, WA 98136-1674
                                             Tel# 206-898-5704
10                                           arthur@aeolegal.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINITFF KAREN D. SMITH'S MOTION
FOR RECONSIDERATION - 7

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system. Pursuant to their ECF agreement, the Clerk will give notice of this filing to all counsel of record via email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed May 19, 2020 at Bothell, Washington.


 _s/ Christina L Henry_____
Christina L Henry

PLAINITFF KAREN D. SMITH'S MOTION
FOR RECONSIDERATION - 8

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609